**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID FERGUSON, et al.,** | : | Case No. C-1-02-039 |
| Plaintiffs, | : | Judge Herman J. Weber |
| v. | : | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HANES SUPPLY, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS, GABRIEL ALEXANDER** |
| **RYDER AUTOMOTIVE CARRIER SERVICES, INC., et al.,** | : | |
| Defendants. | : | |

Now come Plaintiffs, by and through counsel, and submit the following Memorandum of Law in Opposition to Defendant Hanes Supply, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Witness, Gabriel Alexander.  Said Motion is not well taken and must be overruled by this Court for the reasons set forth in the following Memorandum of Law.

Respectfully submitted,

_____
Michael J. Honerlaw (0034469)
Honerlaw & Honerlaw Co., L.P.A.
Attorney for Plaintiffs
9227 Winton Road
Cincinnati, OH  45231
(513) 931-2200


_____
Thomas R. Koustmer
800 Federated Building
Seven West Seventh Street
Cincinnati, OH  45202
(513) 621-3616

**MEMORANDUM OF LAW**

Defendant, Hanes Supply, Inc. has filed a Motion in this matter requesting that this Court exclude the expert testimony of Gabriel Alexander, P.E.  None of the other five Defendants have argued that Gabriel Alexander, P.E.'s testimony should be excluded.  Defendant argues in its motion that there are five reasons why the testimony should be excluded.  Each of the five purported reasons is incorrect and, as a result, the motion is not well taken and must be overruled.

Defendant argues that Plaintiff's expert testimony should be excluded for the reasons set forth in *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 529 (1993).  However, the facts giving rise to the proposed testimony of Gabriel Alexander, P.E. are nowhere near the issues raised in *Daubert*.  In the case of *Miller v. Bike Athletic Co.* (1998) 80 Ohio St.3d 607, 687 N.E.2d 735, the Ohio Supreme Court addressed *Daubert* at length.  In that case, the Ohio Supreme Court held that the trial court improperly excluded expert opinions.  The court noted:

> Furthermore, the reliability requirement of *Daubert* should not be used to exclude all evidence of questionable reliability, nor should a court exclude such evidence simply because the evidence is confusing. *In re Paoli RR. Yard PCB Litigation* (C.A.3, 1994) 35 F.3d 717, 744.  Instead, there must be something that makes this scientific technique particularly overwhelming to laypersons for the court to exclude such evidence. *Id*. at 746.

In another Ohio Appellate decision discussing D*aubert*, the First Appellate District noted:

> The role of the trial court in determining the reliability of expert testimony is more problematical than its determination of the expert's qualifications.  Under Ohio law, the reliability of an expert's opinion has generally been considered a matter of weight, rather than admissibility.  See, *e.g., State v. Pierce* (1992), 64 Ohio St.3d 490, 597 N.E.2d 107 (*McCubbin v. Michigan Ladder Co.*, Ohio App. 1 Dist. 1996) 112 Ohio App.3d 639, 679 N.E.2d 1142 at 1145.

**ARGUMENT**

I.    Gabriel Alexander, P.E. has specialized knowledge and has given competent testimony on the issues in this case.

Gabriel Alexander, P.E. is a well-qualified expert and has extensive experience in testifying in both state and federal courts throughout the country. His primary expertise is in trucking related accidents such as the instant lawsuit. A copy of Gabriel Alexander, P.E.'s curriculum vitae is attached hereto as Exhibit A. He received his bachelor's of science in mechanical engineering from the University of Houston. He is registered as a professional engineer in the States of Ohio and Pennsylvania. He is a member of the Society of Automotive Engineers, American Society of Metals and American Society of Mechanical Engineers. Beginning in 1989, Gabriel Alexander, P.E. was employed by a manufacturer of semi-trailers. He was the project engineer for research and development of trailers and their component parts. He has subsequently held other positions with other manufacturing facilities involved with trucks and trailers. Gabriel Alexander, P.E. has given deposition testimony in 24 other cases. He has testified in seven trials and hearings as of January 20, 2003. (See attached list of depositions and trials and hearing testimony provided by Gabriel Alexander, P.E. and marked Exhibit B).

Hanes begins its argument noting that Gabriel Alexander, P.E. proposes to testify about the service life of the galvanized steel cable that is the subject of the instant lawsuit. It is the opinion of Gabriel Alexander, P.E. that galvanized wire rope should not have been used in this application due to the fact that it was susceptible to accelerated corrosion and failure. The undisputed facts were that the instant trailers were designed to be in service for a period of approximately ten years. Allied told Hanes that they wanted something to last the life of the truck (ten years). Terzian deposition, pages 52-54. In the instant case, the cable failed long before the ten year service life. Gabriel Alexander, P.E. concluded that the safety cables should have been designed and manufactured out of stainless steel due to the corrosive nature of this environment. (See Exhibit C, Preliminary Report of Ferguson Incident prepared by Gabriel G. Alexander, P.E. dated March 24, 2003, page 34).

What is ironic in Defendant Hanes' argument is that the testimony of its witness is similar to the opinions expressed by Gabriel Alexander, P.E. Specifically, William C. Hanes testified at his deposition that the galvanized steel was not suitable for a ten year life span. (Hanes deposition, p. 72). William C. Hanes further agreed with Gabriel Alexander, P.E. that stainless steel would have been less corrosive and would have had a longer service life than the galvanized cables that were used in the instant case. (Hanes deposition, p. 73).

Based upon the foregoing, it appears that Gabriel Alexander, P.E. is certainly competent and able to testify on these issues as his testimony is corroborated by the opinions expressed by the witness for the defendant.

> II.   Gabriel Alexander, P.E. is not required to perform testing to support his opinions.

Defendant argues that Gabriel Alexander, P.E. could have performed tests or other analysis to determine whether galvanized cable was the proper material to be used in this case or if a different material could be used. As noted above, Gabriel Alexander, P.E. concluded that the safety cables should have been made out of stainless steel instead of galvanized steel. This opinion is consistent with the opinion of William C. Hanes, the witness for defendant Hanes. Furthermore, the life expectancy of a certain material used in this particular application is determined through actual testing and use of the material over an extended period of time. This information would not be ascertained by Gabriel Alexander, P.E. performing a single test subsequent to the failure of the instant cable.

Defendant Hanes complains that Gabriel Alexander, P.E. did not examine the actual cable that failed in this matter. Instead, Gabriel Alexander, P.E. examined an exemplar cable. In addition to examining the exemplar cable, Gabriel Alexander, P.E. also had the opportunity to carefully inspect photographs of the failed cable that were taken immediately after Plaintiff's fall. Close-up photographs were taken depicting the condition of the cable immediately after its failure. Gabriel Alexander, P.E. was then able to render certain conclusions based upon

4

the very similar appearance of the photographs and the exemplar cable that he actually inspected.  As this court is well aware from the various motions filed pertaining to the spoliation of the instant cable, Defendant Allied allegedly disposed of the failed cable in question prior to any testing being done by Plaintiffs.

      Defendant Hanes next challenges the opinion of Gabriel Alexander, P.E. wherein he indicates that the "stress concentration factors" led to the failure of the instant cable.  As noted above, Gabriel Alexander is a professionally licensed engineer.  He has an extensive engineering background and is certainly capable of testifying concerning this matter.  Defendant Hanes argues on page five of its Memorandum that the wire rope cable has 133 strands of wire, with space between each of these 133 wires.  Defendant argues that Gabriel Alexander, P.E. ignored this space in calculating the wire's cross sectional diameter and thus came to the wrong conclusion concerning the "stress concentration".  Clearly, this alleged error is something that Defendant may pursue on cross-examination.  It is not a reason to exclude testimony of the expert witness.

      Finally, Defendant argues that the expert witness could have conducted corrosion testing in this case and that his failure to do so should somehow exclude his testimony.  Again, this does not appear to be a legitimate issue for the reason that Defendant's witness corroborates the opinions expressed by Plaintiff's expert, Gabriel Alexander, P.E.   William C. Hanes testified that the stainless steel cable would have been more corrosion resistant and would have had a longer life span than the galvanized cable that was used.  There is simply no legitimate reason expressed by Defendant to exclude this testimony.  In his preliminary report that has been previously filed in this matter and is attached hereto as Exhibit C, Gabriel Alexander, P.E. listed 15 references on page 37 of the report.  Many of the references pertain to wire ropes which are the specific item that is at issue in this lawsuit.

      III.    Gabriel Alexander, P.E.'s testimony is competent, relevant and provides useful information to the trier of fact.

Defendant argues on page six of its Memorandum that "Mr. Alexander's testimony is misleading as it contradicts generally accepted principles, ignores key facts, contains miscalculations, and provides no useful information to the trier of fact; all of which makes his methodology flawed and invalid."  The foregoing attack on Gabriel Alexander, P.E.'s opinions is wholly unfounded and not supported by the record of this case.   Gabriel Alexander, P.E. has drafted a 36 page report (Exhibit C) setting forth the specific information that he considered in coming to specific findings concerning the pertinent issues in this matter.  A review of his report indicates that it is well reasoned and adequately supported by the record of this case.

Defendant Hanes challenges that Gabriel Alexander, P.E. 's methods have not been subjected to peer review (see page six of Defendant's Memorandum).  Defendant certainly had the opportunity to identify its own expert witness if they care to do so.   It is important to note that Defendant Hanes has elected not to identify any expert witness in this matter.   The proper procedure in this case such as this would be for each party to present its competent expert witness to the trier of fact and let the trier of fact determine which witness or theory is more credible.   There is simply no reason to exclude testimony from a competent expert witness merely for the reason that the defendant does not like the expected testimony of the witness.

Defendant Hanes attempts to take testimony out of context to create some confusion or doubt about the testimony provided by Gabriel Alexander, P.E.  Again, this may be an area for defendant Hanes to cross-examine the expert witness, but is certainly no reason to exclude the testimony.   No authority has been provided by Defendant to exclude the testimony of Plaintiff's expert for the reasons noted.

    IV.    Gabriel Alexander, P.E.'s reliance upon an exemplar cable does not require the exclusion of his testimony.

6

Defendant Hanes again complains that Gabriel Alexander, P.E. examined an exemplar, broken galvanized cable. As is noted above, Defendant Allied allegedly disposed of the instant cable prior to any examination by Plaintiff's witness. What Defendant Hanes fails to acknowledge is the fact that Plaintiff did obtain photographs of the actual broken cable on the date of his fall. These close up photographs were carefully examined by Gabriel Alexander, P.E. and then compared to the exemplar cable. Under the circumstances, this was the best evidence that Plaintiff was able to obtain due to the spoliation of evidence by Defendant Allied. The trier of fact will easily be able to compare the photographs taken of the instant cable and determine of the opinions expressed by Gabriel Alexander, P.E. are credible. Clearly, the photographs and the exemplar cable are extremely similar. Plaintiff's case should not be harmed due to the fact that Defendant Allied has destroyed the evidence.

Defendant Hanes will certainly have the opportunity to call to the attention to the jury the fact that Gabriel Alexander, P.E. did not examine the actual cable that broke causing Mr. Ferguson's injuries. What weight, if any, the jury decides to give to such evidence is within the sound discretion of the jury.

V.     Federal Rule of Evidence 704 permits the testimony of Gabriel Alexander, P.E.

Defendant Hanes argues that Gabriel Alexander, P.E.'s testimony is "unhelpful, unreliable and irrelevant." Defendant also contends that his testimony will confuse and mislead the jury. Quite to the contrary, Plaintiff believes that the expert testimony of Gabriel Alexander, P.E. will provide a clear scientific basis as to the reasons why the cable failed and why the Defendants were negligent in the design, inspection and maintenance of said cable leading to this injury. Careful reading of the report provided by Gabriel Alexander, P.E. indicates that the report is grounded in hard scientific principles applied to the specific facts of this case. Further, the report clearly contains a degree of common sense. As a result, the evidence is admissible and must be allowed at the trial of this matter.

**CONCLUSION**

For the foregoing reasons, Defendant Hanes' motion to exclude the testimony of Gabriel Alexander, P.E. should be overruled.

Respectfully submitted,

_____
Michael J. Honerlaw (0034469)
Honerlaw & Honerlaw Co., L.P.A.
Attorney for Plaintiffs
9227 Winton Road
Cincinnati, OH  45231
(513) 931-2200

_____
Thomas R. Koustmer
1800 Federated Building
Seven West Seventh Street
Cincinnati, OH  45202
(513) 621-3616

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon Robert A. Winter, Jr., Esq., Hemmer Spoor Pangburn DeFrank, 250 Grandview Drive, Suite 200, Ft. Mitchell, KY 41017, Craig R. Paulus, Esq., Taft, Stettinius & Hollister, 425 Walnut Street, Suite 1800, Cincinnati, OH  45202 and David E. Larson, Esq., Larson & Larson, 11300 Tomahawk Creek Pkway, Suite 310, Leawood, KS  66211 by regular U.S. Mail on the _____ day of September, 2003.

_____
Michael J. Honerlaw