UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.         :
                               :    File No. C-1-02-039
        Plaintiff,             :    Judge Herman J. Weber
                               :
    -v-                        :    PLAINTIFF'S RESPONSE TO
                               :    DEFENDANT HANES SUPPLY,
RYDER AUTOMOTIVE CARRIER       :    INC.'S PROPOSED FINDINGS OF
SERVICES, INC., et al.         :    FACT AND <u>CONCLUSIONS</u>
                               :    <u>OF LAW</u>

\* \* \* \* \*

Pursuant to the Court's Scheduling Order, Defendant, Hanes Supply, Inc. ("Hanes Supply"), tenders the following Proposed Findings of Fact and Conclusions of Law.

**PROPOSED FINDINGS OF FACT**

1. The Plaintiff Mr. David Ferguson was employed by Defendants Allied Systems, Inc. And Allied Automotive Group (collectively "Allied") and its predecessors in interest as a driver of car-hauling tractor trailers. Defendant Commercial Carriers, Inc. ("CCI") is one of those predecessors in interest.

2. The Plaintiff claims that he was injured on September 7, 2000 when a hand cable on the "headrack" (or "headramp") of a car-hauling tractor trailer broke and the Plaintiff, Mr. Ferguson, fell from the truck.

3. The headrack is the cargo position above the passenger area of the tractor.

W0016465.1

4. In approximately 1994, CCI's management decided to add hand cables to a limited numbers of its trucks as stationary guide wires, much like railings, thereby reducing the likelihood of a fall from the headrack. CCI added four cables on each truck, two on each side.

5. The truck on which the Plaintiff was allegedly injured was made by Defendant Commercial Carriers, Inc. ("CCI") in 1995. At that time, CCI both manufactured trucks and engaged in car hauling itself. CCI is Allied's predecessor in interest and CCI was the Plaintiff's employer until Allied purchased CCI's car hauling operations. CCI and Allied are affiliated to this day.

6. The Plaintiff's employer, Defendant Allied, noticed that some of the hand cables were beginning to show signs of rust and instituted a program to replace all hand cable assemblies in either January or February of 1999.

7. Between January 1, 1999 and September 7, 2000, the date of the accident, the truck in question was serviced on 99 separate occasions by Allied personnel, but Allied failed to replace the cable assembly involved in Mr. Ferguson's accident before the accident.

8. Had Allied properly maintained the vehicle, this incident would never have occurred.

9. The replacement hand cables were of a "eye bolt" design. Casual observation could easily distinguish the "eye bolt" design from the original "threaded stud" or "swage" design.

10. After the replacement program began and before the Plaintiffs' injuries, Allied notified its drivers, including the Plaintiff, that the old cables assemblies were deteriorating, breaking, and in some instances causing injuries.

W0016465.1

11. Prior to his accident, Mr. Ferguson attended safety meetings at which the dangers of the older cable assemblies were mentioned.

12. Prior to his accident, Mr. Ferguson was aware that a driver reported an injury caused by the breaking of a safety cable. This other incident took place approximately one month prior to Mr. Ferguson's fall. Allied was also aware of this other driver's injury.

13. On the day of his injury, Mr. Ferguson did not notice that the cable was of the old threaded stud design during his pre-trip inspection. He did conduct a pre-trip inspection, however, and noticed that three of the four cables on the headrack had been replaced.

14. On the day of his injury, Mr. Ferguson would not have used the cable in question if he had noticed that it was of the older threaded stud design.

15. Allied has failed to produce the cable assembly from Mr. Ferguson's accident. Sometime after the Plaintiff's accident, Allied replaced the broken cable assembly from Mr. Ferguson's accident and returned the truck to service.

16. Hanes Supply made no representations to the Plaintiffs concerning the cable assembly.

17. Hanes Supply is not affiliated with Allied or CCI.

## PROPOSED CONCLUSIONS OF LAW

1. Allied's actions and omissions were the actual cause of Mr. Ferguson's injuries.

2. Allied's actions and omissions were the proximate cause of Mr. Ferguson's injuries.

3. Allied's actions in concert with Mr. Ferguson's actions constituted efficient, intervening causes of Mr. Ferguson's injuries such that any liability of Hanes Supply or CCI, separately or collectively, are not the proximate cause of Mr. Ferguson's injuries.

W0016465.1

4. The Plaintiffs have not met their burden of coming forward with evidence that the hand cable assembly was defective in its design.

5. The Plaintiffs have not met their burden of coming forward with evidence that the hand cable assembly was defective in its manufacture.

6. The Plaintiffs have not met their burden of coming forward with evidence that the hand cable assembly was defective with respect to any warning.

7. The Plaintiffs have not met their burden of coming forward with evidence that the hand cable assembly was defective with respect to any representation by Hanes Supply.

8. The undisputed material facts fail to support a claim or cause of action against Hanes Supply on any theory alleged by Plaintiffs.

9. The undisputed material facts fail to establish that the product in question was defectively designed or manufactured.

10. The Undisputed material facts fail to establish that any claimed defect in the design or manufacture of the product in question was the proximate cause of Mr. Ferguson's injuries.

11. Hanes Supply made no warrantees with respect to the cable assembly.

Respectfully submitted,

_____
Thomas R. Koustmer   (0008410)
Attorney for Plaintiff
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio 45202
(513) 621-3616

_____

Michael J. Honerlaw, Esq.
Attorney for Plaintiff
Honerlaw & Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, Ohio 45231

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically to the following this _____ day of September, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800
Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.

_____
Thomas R. Koustmer
Attorney for Plaintiff