UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID FERGUSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. C-1-02 039 |
| ) | (Judge Herman J. Weber) |
| COMMERCIAL CARRIERS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

*PLAINTIFFS' RESPONSE TO*
*PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW*

Pursuant to the Court's Scheduling Order, Defendant, Commercial Carriers, Inc.("CCI"), tenders the following Proposed Findings of Fact and Conclusions of Law.

**PROPOSED FINDINGS OF FACT**

1. The Plaintiff Mr. David Ferguson was employed by Defendants Allied Systems, Inc. And Allied Automotive Group (collectively "Allied") and its predecessors in interest as a driver of car-hauling tractor trailers.

2. The Plaintiff claims that he was injured on September 7, 2000 when a safety cable on the headramp broke and he fell from the truck.

3. The headramp is the cargo position above the passenger area of the tractor.

4. In approximately 1994, CCI's management decided to add safety cables to the headramp of its trucks for the purpose of reducing the likelihood of a fall from that location. Two rails were installed on each side of the headrack, one above the other.

5. The truck on which the Plaintiff was allegedly injured was made by CCI in 1995. At that time, CCI both manufacture3d trucks and engaged in car hauling itself. CCI was the Plaintiff's employer until Allied purchased CCI's car hauling operations. CCI ceased the

      manufacture of trailers in 1997.

6. The Plaintiff's employer, Allied Systems, Ltd., noticed that some of the cables were beginning to show signs of rust and instituted a program to replace all cables in either January or February of 1999.

7. Between January 1, 1999 and the date of the accident, most of the cables in Allied's fleet had been replaced. Three of the four cables on the truck in question had been replaced, with the exception of the one involved in plaintiff's accident.

8. The replacement hand cables were of an "eye bolt" design, which casual observation could easily distinguish from the original "threaded stud" or "swage" design.

9. On the day of his injury, Mr. Ferguson conducted a pre-trip inspection and noticed that three of the four cables on the headramp had been replaced.

10. After the replacement program began, Allied notified its drivers, including the plaintiff, that some of the old cables were deteriorating or breaking. Prior to his accident, Mr. Ferguson attended safety meetings at which the dangers of the original cables were discussed. Mr. Ferguson was aware of an injury reported by a driver due to the breaking of a safety cable. This incident took place approximately one month prior to Mr. Ferguson's fall.

11. Sometime after the Plaintiff's accident, Allied replaced the broken cable assembly from Mr. Ferguson's accident and returned the truck to service.

12. Allied has not been able to locate the cable involved in the plaintiff's accident, and it is presumed to have been discarded.

**PROPOSED CONCLUSIONS OF LAW**

1. Allied's actions and omissions were the actual cause of Mr. Ferguson's injuries.

2. Allied's actions and omissions were the proximate cause of Mr. Ferguson's injuries.

3. Allied's actions in concert with Mr. Ferguson's actions constituted efficient, intervening causes of Mr. Ferguson's injuries such that any liability of Hanes Supply or CCI, separately or collectively, are not the proximate cause of Mr. Ferguson's injuries.

4. The undisputed material facts fail to support a claim or cause of action against CCI on any theory alleged by plaintiff.

5. The undisputed material facts fail to establish that any claimed defect in the design or manufacture of the product in question was the proximate cause of Mr. Ferguson's injuries.

6. The undisputed material facts establish that CCI is entitled to summary judgment in its favor on the strict liability and negligent failure to warn claims.

7. The undisputed material facts establish that CCI is entitled to summary judgment in its favor on the implied warranty claims.

8. The undisputed material facts establish that CCI is entitled to summary judgment in its favor on the strict liability and negligent design defect claims.

Respectfully submitted,

_____
Thomas R. Koustmer   (0008410)
Attorney for Plaintiff
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio 45202

(513) 621-3616

_____
Michael J. Honerlaw, Esq.
Attorney for Plaintiff
Honerlaw & Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, Ohio  45231

CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was sent by electronic transmission or Ordinary U.S. Mail to the following this _____ day of September, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800
Cincinnati, Ohio 45202-3957

Attorney for Defendant Hanes Supply, Inc.

_____
Thomas R. Koustmer
Attorney for Plaintiff