accident. Its safety supervisor, Michael Palladino, is the person who investigated the accident and he never obtained possession over it. Since the Moraine terminal's maintenance personnel were instructed to cut up and discard all old style cables upon replacement so that they could not be reused, the only reasonable inference from the facts is the cable at issue was destroyed shortly after the accident in the ordinary course of the tractor maintenance process and for the aforementioned purpose. There is no evidence tending to indicate that the broken cable was destroyed with a purpose to hinder Hanes Supply's defense of this case. The Allied Defendants did not know the identity of the cable component manufacturer in September 2000.

S.	The Allied Defendants could not reasonably foresee in September 2000 that litigation would be occurring with Hanes Supply. If there would be any litigation, it would be between the Allied Defendants and Mr. Ferguson in the context of an Ohio workers' compensation act claim. In any such litigation, the Allied Defendants' fault or absence of fault for a defectively designed or manufactured cable causing a work-related injury would be irrelevant.

T.	The Allied Defendants are entitled to the grant of judgment against the intentional tort claims asserted against them by Hanes Supply within its *Cross-Claim*.

Respectfully submitted,

s/Thomas R. Koustmer
Thomas R. Koustmer   (0008410)
Attorney for Plaintiffs
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio  45202
(513) 621-3616
Email: plpaige@aol.com

s/Michael J. Honerlaw

        Michael J. Honerlaw  (0034469)
        Attorney for Plaintiff
        Honerlaw & Honerlaw Co., L.P.A.
        9227 Winton Road
        Cincinnati, Ohio  45231
        (513) 931-2200
        Email: mike@honerlaw.com