UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.

        Plaintiff,

                                                                 C-1-02-039

-v-

RYDER AUTOMOTIVE, et al.,                     Judge Weber

        Defendants.

<u>PLAINTIFF'S RESPONSE TO DEFENDANT RYDER SYSTEMS, INC.,
MOTION FOR SUMMARY JUDGMENT</u>

Ryder Systems, Inc., (hereinafter "RSI") has attached to their Motion For Summary Judgment certain Affidavits and testimony from other case in other United States District Courts. However, the other U.S. District Courts have ruled against RSI on the very Motion submitted herein. In *Sivula, et al., v. Ryder Systems, Inc.*, United States District Court For the District of Colorado, 88-F-1877, Pp. 5, 6., (Attached to Undisputed Facts, Exhibit 2), the Court stated:

> "Defendant Ryder alleges that it operates merely as a financial overseer of CCI, and that Ryder has no involvement in the day-to-day operations of its subsidiaries. Instead, Ryder appoints managers who make all decisions. The managers are charged with heading up various companies within the four divisions. CCI is part of the Automotive Carrier Division. The managers pool their responsibilities with regard to certain decisions as well, so that a horizontal management relationship exists among the four divisions within the company. Operations decisions are made at ACD by its Director, Terry Russell.
>
> Russell, as ACD Director, oversees the operations of plaintiff's geographic locations. The ACD also exercises control over driver training and safety policies regarding its trucks, defendant argues that, because the ACD retains no employees or assets, it is not an entity at all, but merely a pool of individuals employed by Ryder's various subsidiaries. Whether and to what degree Russell's decisions are reviewed at Ryder remains unclear.
>
> Ryder admits to having a relationship with its subsidiaries, however, including appointing directors, overseeing financial operations and approving all expenditures over $1 million. Ryder provides services to its subsidiaries, such as legal representation, advertising, and tax accounting. And, Ryder makes certain

policies regarding issues such as drug testing, polygraph testing, and affirmative action. Ryder maintains, however, that this relationship is merely one of service to its subsidiaries, and not one of control. The pleadings do not adequately resolve this issue.

Significant issues of material fact still exist regarding the automony of ACD as an entity, and the nature of the relationship between ACD or CCI and Ryder. Reading the pleadings in the light most favorable to the plaintiffs, defendant fails to show that no genuine issue of material fact exists. Movant's motion for summary judgment is DENIED."

In <u>Torbit v. Ryder Systems, Inc.</u>, United States District Court Eastern District of Missouri, Case No. 00CV00618 CH, P. 56 (Attached to Undisputed Facts Exhibit 1), the Court stated:

In this case, it is undisputed that Defendant RSI owned 100% of Delavan's stock and that RSI and Delavan had common directors and officers. (Defendant's Reply Memo, P.12). In addition, Plaintiffs have produced evidence asserting that Delavan's actions should be attributable to RSI because: (1) Ryder Automotive Carrier Division, as a division of RSI, approved the bonuses to be paid to Delavan's officers and directors; (2) RSI limited Delavan's sales to RSI subsidiaries; and (3) the RSI Corporate Strategy Counsel controlled Delavan's business activities. (Plaintiff's Memo in Opposition, Pp. 16-17). Upon consideration, the Court finds that Plaintiffs have presented evidence on several of the eleven factors set forth above. Accordingly, the Court finds that a genuine issue of material facts exists as to whether RSI completely dominated and controlled the finances, policy and business practices of the corporation with respect to the transaction in dispute.

**2. Improper Purpose**. To pierce the corporate veil, Plaintiffs must also show that the control exercised by Defendant RSI was "used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights." Defendant RSI asserts that there is no duty to control the conduct of a third party unless a special relation exists and that no such relation exists between a parent corporation and its subsidiary. (Defendant's Memo in Support, P. 8 citing Restatement (Second) of Torts, § 315 (1965). In response, Plaintiffs contend that Defendant RSI voluntarily assumed a positive legal duty to provide safe products and that it violated this duty by withholding injury reports from Delavan. Plaintiffs assert that these injury reports indicate that hundreds of drivers were injured each year while using Delavan trailers and ratchet systems. In its Reply,

Defendant RSI contends that Delavan participated on the task force that generated the injury statistics and therefore had access to this information. Therefore, this Court finds that a genuine issue of material facts exists as to whether Defendant RSI used its control to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights.

Accordingly,

IT IS HEREBY ORDERED that Defendant RSI's Motion for Summary Judgment (Docket #22) is DENIED.

The corporate structure in the instant case is meant to defeat Plaintiff's right to collect any judgment in the instant case. It appears from Defendant's Affidavits that CCI has no assets, the manufacturing assets were sold to a Ryder affiliate. As such, CCI is an uncollectible shell company. Additionally, the previous argument by current counsel, Mr. Larson, in *Dreyer, et al., v. Ryder, et al.*, United States District Court Western Division of New York, 98 CV 82A, 115A indicates insurance is only available after the one million dollar deductible has been satisfied by the company. (Affidavit of Thomas R. Koustmer filed July 8, 2003, Exhibit 3, P. 23, Line 7.) Therefore, the company has no assets and the judgment will not be collectible as shown in the Affidavit of Brian Wendler. (Attached to Undisputed Facts, Exhibit 4).

The court in *Dreyer, et al., v. Ryder Automotive, et al.*, United States District Court Western District New York, 98 CV-082A, P.4. (Attached to Undisputed Facts, Exhibit 3), correctly stated:

> "The Court further notes that summary judgment is inappropriate in this case, if for no other reason, because of RSI's confusing corporate structure. Other courts have echoed the holding in <u>Milford</u>, and have raised questions about the direct responsibility of RSI. In doing so, these courts too have expressed confusion about RSI's corporate structure."

The Court also noted in *Milford v. Commercial Carriers, Inc.*, 210 F.Supp. 2d 987 (N.D.

Ill. 2002):

> " that there was sufficient evidence to keep RSI in the case based on RSI's own direct actions and conduct:
>
>> Plaintiff also maintains that [RSI] was directly involved in designing the carriers. [RSI] formed a task force to investigate safety issues related to Delavan trailers and commissioned an ergonomics report on trailer injuries. [RSI] also centralized some design decisions by requiring that [the ACD] approve any modifications, including safety features. Such interventions in the design process arguably impose a duty on [RSI], independent of Delavan. To the extent the parent's actions affected the design ..., it is responsible for that design...."

Id. at 991. In *Cruber, et al., v. Ryder Systems, Inc., et al.*, United States District Court Southern District of Illinois, No. 99-310DRH, the court stated:

> "GACS, Inc., CCI and Ryder Systems, Inc., acknowledge that Defendants have presented evidence of commonality of ownership and commonality of officers and directors."

Koustmer Affidavit filed July 8, 2003, Exhibit 2, Page 3.

All of the above facts apply to CCI since Delavan was transferred to CCI. (Henderson's Affidavit, Page 3 attached to Defendant RSI's Memorandum in Support of Motion for Summary Judgment.) As in Milford, and Dreyer, this Court should find there is sufficient evidence to keep RSI in this case.

## CONCLUSION

For all the reasons stated in this Response and the Undisputed Facts, summary judgment is not appropriate as a matter of law.

Respectfully submitted,

_____
Thomas R. Koustmer   (0008410)

4

        Attorney for Plaintiff
        1800 Federated Building
        7 West Seventh Street
        Cincinnati, Ohio 45202
        (513) 621-3616


        _____
        Michael J. Honerlaw, Esq.
        Attorney for Plaintiff
        Honerlaw & Honerlaw Co., L.P.A.
        9227 Winton Road
        Cincinnati, Ohio  45231

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was served via electronic transmission or Ordinary U.S. Mail to the following this _____ day of September, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, Ohio  45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.

Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800
Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.

                                                  _____
                                                  Thomas R. Koustmer
                                                  Attorney for Plaintiff

yellow/ryder/response.sj