UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID FERGUSON, et al.,      ) | |
| ) | |
| Plaintiffs,      ) | |
| ) | |
| vs.      ) | Case No. C-1-02 039 |
| ) | (Judge Herman J. Weber) |
| COMMERCIAL CARRIERS, INC., et al.,) | |
| ) | |
| Defendants.      ) | |

***PLAINTIFFS' RESPONSE TO RYDER SYSTEM, INC'S PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW ON ITS' SEPARATE
MOTION FOR SUMMARY JUDGMENT***

Defendant, Ryder System, Inc. (Hereinafter "RSI"), pursuant to the Amended Scheduling Order, submits this proposed findings of fact and conclusions of law on its' separate motion for summary judgment ("RSI's Motion"):

**Findings of Fact**

1. RSI is a holding company engaged in the business of investing in and acquiring operating companies which earn revenues by selling to third party customers. (Exhibit B, paragraph 5 of RSI's Statement of Undisputed Facts).

2. RSI is incorporated under the laws of the State of Florida. (Exhibit A of RSI's Statement of Undisputed Facts).

3. RSI maintains its executive offices and principal place of business in Miami, Florida. (Exhibit B, paragraph 3 of RSI's Statement of Undisputed Facts).

4. RSI, directly or through its subsidiaries, owned over 100 other corporations which included, at various times, Delavan, Commercial Carriers, Inc. ("CCI") Ryder Automotive Operations, Inc., ("RAOI") and Ryder Automotive Carrier Group

("RACG"). (Exhibit B, paragraph 2 and Exhibit C of RSI's Statement of Undisputed Facts).

5. The corporate minute books of RSI and its subsidiaries were maintained separately. (Exhibit B, paragraphs 2, 6 of RSI's Statement of Undisputed Facts).

6. RSI recorded revenues, expenses, results of operations, cash flows, changes in shareholders' equity, and all other matters appropriate under generally accepted accounting principles in a consolidated annual report to its shareholders. (Exhibit B, paragraph 6 of RSI's Statement of Undisputed Facts).

7. Each subsidiary corporation of RSI paid fees to RSI for the use of centralized services provided to the subsidiaries. (Exhibit B, paragraph 8, Exhibit C, page 43, line 15 through page 45 line 11 of RSI's Statement of Undisputed Facts).

8. Examples of such services include, but are not limited to, legal services, cash management services, and printing services. (Exhibit B, paragraph 8, Exhibit C, page 43, line 15 through page 45 line 11 of RSI's Statement of Undisputed Facts).

9. No RSI employee had any day to day operating control or management responsibility over operations of its subsidiaries, including CCI. (Exhibit F, paragraph 5 of RSI's Statement of Undisputed Facts).

10. CCI before and at the time of manufacture of the trailer in question, maintained its own operations including, but not limited to, the design, manufacture, sale, and distribution of CCI trailers. (Exhibit F, paragraph 10 of RSI's Statement of Undisputed Facts).

11. All decisions regarding the engineering, design, and manufacture of the CCI

        trailer in question were within the sole discretion and control of employees at the CCI plant, pursuant to customer specifications, and were neither supervised nor approved by RSI.  (Exhibit D of RSI's Statement of Undisputed Facts).

12. RSI has never been engaged in the design, manufacture, or distribution of CCI trailers nor has RSI ever contracted for or received payments from the design, manufacture, or distribution of such trailers.  (Exhibit B paragraphs 14 and 15 of RSI's Statement of Undisputed Facts).

13. RSI did not infuse capital to its subsidiary companies for operational expenses such as maintenance on vehicles including CCI trailers.  (Exhibit F, paragraph 12 of RSI's Statement of Undisputed Facts).

14. The vehicle Mr. Ferguson was operating at the time of his injury was a 1995 GMC Tractor.  (Exhibit H RSI's Statement of Undisputed Facts).

15. Attached to this truck was a 1995 Commercial Carriers Inc., trailer.  (Exhibit G of RSI's Statement of Undisputed Facts).

16. This trailer was manufactured by Commercial Carriers, Inc., - a Florida corporation, in 1995.  (Exhibit G of RSI's Statement of Undisputed Facts).

17. This is a product liability action in which plaintiff David Ferguson contends that he sustained injuries while working on an automobile transport trailer manufactured by defendant CCI.  Defendant Ryder System, Inc. ("RSI") was the corporate parent of CCI, and the plaintiffs also seek judgment against RSI arising out of alleged defects in the products manufactured by its subsidiary.  (Second Amended Complaint).

18. The Plaintiff alleges that he was working on the upper level of his automobile transport trailer in the course and scope of his employment with Allied Systems Ltd. He was in the process of securing a vehicle to the No. 1 position on the head rack, and while in the process of standing up he lost his balance and grabbed the safety cable adjacent to his location.

19. The plaintiffs contend that the safety cable broke when Mr. Ferguson grabbed it to maintain his balance, causing him to fall from the top of the trailer to the ground, striking the side of the trailer and the side view mirror on the way down.

20. The plaintiffs, through their liability expert Gabriel Alexander, are asserting a variety of theories of liability against RSI, CCI and the supplier of the cable, Hanes Supply Company. Mr. Ferguson's employer is a defendant on a theory of intentional tort. The theories against CCI, and therefore against RSI, all revolve around the type of cable that was selected. These are basic design claims in which the plaintiffs contend that the design selected was inadequate for its intended use.

21. The only specific claim against RSI is that it, along with the other defendants, placed the trailer "in the stream of commerce." The only way that RSI can be considered to have placed the trailer in the stream of commerce would be if the corporate form of RSI's subsidiary, CCI was disregarded. Impliedly, plaintiff alleges that because RSI had the right to control the products and/or services of its subsidiaries, it therefore, was the manufacture or distributor of the trailer. Plaintiff also vaguely alleges that RSI was in possession of injury records that it

ignored and/or withheld from plaintiff and others similarly situated. Based on these allegations, Plaintiff brings separate claims for strict liability, negligence, breach of implied warranty, and loss of consortium and requests both compensatory and punitive damages.

## Conclusions of Law

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Id*. At 255. The Court's function is not to weigh the evidence but to determine whether there is a

genuine issue for trial. *Id*. At 249.

This district court, sitting in diversity, must follow the choice of law approach prevailing in the state in which it sits. *Birnstill v. Home Sav. Of Am.*, 907 F.2d 795, 797 (8th Cir. 1990). For tort claims, Ohio courts apply the most significant relationship test. *Hoover v. Recreation Equip. Corp.*, 792 F.Supp. 1484, 1491 (N.D. Ohio 1991). The two possible states with the most significant relationship are Ohio (the sight of the alleged accident) and Florida (the state of incorporation of RSI). However, as both Ohio and Florida law on the issue of alter ego liability and piercing the corporate veil are essentially the same, the Court has no need to address the choice of law issue and will simply apply the state law in which it sits. *AT&T Global Information Solutions Company*, 29 F.Supp.2d 857, 866 (S.D. Ohio 1998).

In general, a plaintiff injured by a corporation can only look to recover from that corporate entity. The corporate structure protects shareholders and parent corporations from liability. An exception to the rule is that a plaintiff may "pierce the corporate veil" to reach the assets of one or more shareholders or parent corporations whose conduct has created the liability. *Bucyrus-Erie Co. v. General Products Corp.*, 643 F.2d 413, 418 (6th Cir. 1981). In Ohio, a three part test is applied to determine if and when the corporate veil may be pierced: 1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or exercise, of its own; 2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and 3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993). Defendant RSI asserts in its Motion for Summary

Judgment that Plaintiffs can not establish any of the three prongs of the test.

Further, Ohio law requires proof of shareholder misconduct before a Court will pierce the corporate veil. There must be proof of the deliberate misuse of the corporate form that results in harm, injustice or fundamental unfairness before the corporate veil may be pierced. Accordingly, absent proof of fraud or ulterior motive by the shareholder, the corporate veil shall not be pierced. *AT&T Global Information Solutions Company v. Union Tank Car Company*, 29 F.Supp.2d 857, 868 (S.D. Ohio 1998).

Plaintiff has failed to allege any of the elements necessary to disregard the separate corporate existence of RSI and its subsidiary, CCI. Plaintiff does not allege RSI so dominated and controlled CCI that CCI was the alter ego of RSI. Plaintiff failed to allege the existence of separate corporate identities has been used fraudulently or for an improper purpose. And finally, Plaintiff fails to allege that such improper conduct caused an injury to Plaintiff.

In the light most favorable to the plaintiffs, plaintiffs impliedly allege that RSI had the right to control its subsidiaries. The right to control its subsidiaries, provides no justification for piercing the corporate veil. Every parent corporation, by virtue of its ownership interest, has a right, the power and the ability to control the actions of its subsidiary. Because the parent <u>owns</u> the subsidiary, it can do anything it wants with its subsidiary, and the subsidiary has no choice but to obey. See *Esmark Inc. v. N.L.R.B.*, 887 F.2d 739, 757 (7th Cir. 1989). Accordingly, if Plaintiff's had even made the meager allegation of control, this does not warrant piercing the corporate veil, and imposing liability upon RSI for the actions of its subsidiary. Alternatively, in the light most favorable to the plaintiffs, they appear to argue that if RSI was aware that the trailers manufactured by CCI were potentially dangerous, RSI had a duty to order CCI, or its

other subsidiaries to redesign or modify the allegedly defective trailers. If this is Plaintiff's argument, Plaintiff is asking this Court to impose a duty to control the acts of its subsidiaries. Such a duty does not exist as a matter of law. An actor is not subject to liability if he fails, either intentionally or through inadvertence, to exercise his ability to control the actions of third persons as to protect another from even the most serious harm. This is true although the actor realizes he has the ability to control the conduct of a third person, and could do so with only the most trivial of efforts and without any inconvenience to himself. *Restatement (Second) of Torts* Section 315 cmt (b) (1965).

Because RSI's right to control its subsidiaries is not a basis for imposing liability on RSI for the conduct of CCI, and because as a matter of law, RSI had no duty to require its subsidiaries to modify or redesign the CCI manufactured trailers, RSI is entitled to judgment as a matter of law. Summary judgment could be granted on these grounds, alone.

RSI's relationship with its subsidiary, CCI, is consistent with sound business practice. RSI provided certain services for its subsidiaries. Examples of such services include, but are not limited to, legal services, cash management services, and printing services. Each subsidiary corporation of RSI pays fees to RSI for the use of centralized services provided to the subsidiaries. RSI records revenues, expenses, results of operations, cash flows, changes in shareholders' equity, and all other matters appropriate under generally accepted accounting principles in a consolidated annual report to its shareholders. RSI was not involved in the day to day operation of CCI. CCI, before and at the time of manufacture of the trailer in question, maintained its own operations including, but not limited to, design, manufacture, sale, and distribution of CCI trailers.

RSI never contracted for or has been engaged in the design, manufacture or distribution of car hauling trailers. All decisions regarding the engineering, design, and manufacture of the CCI trailer in question were within the sole discretion and control of employees at the CCI plant, pursuant to customer specifications, and not supervised nor approved by RSI.

Because RSI exercised only a limited amount of control over CCI, consistent with sound business practice, under Ohio law, there is no basis for piercing the corporate veil. The elements of control Plaintiff may allege are nothing more than would be reasonably expected between a parent corporation and its wholly owned subsidiary. Consequently, Plaintiff has not and cannot establish RSI so dominated or controlled CCI that CCI was the alter ego of RSI. Moreover, Plaintiff cannot establish that the corporate relationship between RSI and CCI was improper or fraudulent. Without proof of wrongdoing there is no basis for piercing the corporate veil and imposing liability on RSI for the conduct of Delavan.

Plaintiff vaguely alleges RSI had access to certain information pertaining to injuries incurred by employees of its subsidiaries. Plaintiff asks this Court to impose liability on RSI because it "withheld" this information.

A review of relevant case law reveals no case imposing liability on a parent corporation for failing to share information with the employees of its subsidiaries. Accordingly, RSI had no duty to disclose, or to share, information it may have had in its possession regarding injuries arising from the use of trailers manufactured by its subsidiaries. Plaintiff has not, and can not identify any basis for imposing such a duty. Accordingly, even if RSI had access to these documents, it had no duty to share this information with Plaintiff or any other employees of its subsidiaries.

Not only did RSI not have a duty to act upon this information, Plaintiff has not and cannot demonstrate that if this information had been shared with Mr. Ferguson, his alleged accident would not have occurred.

Because Plaintiff cannot provide any support for his claim that RSI had a duty to share injury related information with the employees of its subsidiaries, or with anyone else, RSI, as a matter of law, cannot be held liable for not sharing this information. Consequently, RSI is entitled to summary judgment as a matter of law.

## CONCLUSION

As there is no evidence RSI manufactured the trailer in question, nor has Plaintiff pled any basis for disregarding the corporate form of the defendants, for the reasons set forth above, Ryder System, Inc., is entitled to summary judgment as a matter of law., and it is here SO ORDERED.

Respectfully submitted,

_____
Thomas R. Koustmer   (0008410)
Attorney for Plaintiff
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio 45202
(513) 621-3616


_____
Michael J. Honerlaw, Esq.
Attorney for Plaintiff
Honerlaw & Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, Ohio  45231

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent by electronic transmission or Ordinary U.S. Mail to the following this _____ day of September, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800
Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.

                                                                                 _____
                                                                                 Thomas R. Koustmer
                                                                                  Attorney for Plaintiff