K. Roger Schoeni (0004812)
Attorney for Defendant Commercial Carriers, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | | |
|---|---|---|
| **DAVID FERGUSON, et al.,** | : | Case No. C-1-02-039 |
| Plaintiffs, | : | (Judge Herman J. Weber) |
| vs. | : | **ANSWERS AND OBJECTIONS OF** |
| **RYDER SYSTEM, INC., et al.,** | | **DEFENDANT COMMERCIAL CARRIERS, INC.** |
| | : | **TO DEFENDANT HANES SUPPLY, INC.'S** |
| Defendants. | | **FIRST SET OF** |
| | : | **INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Commercial Carriers, Inc. ("CCI") makes the following Objections and Answers to Defendant Hanes Supply, Inc.'s First Set of Interrogatories.

## GENERAL OBJECTIONS

1. CCI objects to the Instructions on the grounds that they are overly broad and unduly burdensome and to the extent they impose obligations on CCI beyond those required by the Federal Rules of Civil Procedure.

2. CCI objects to the First Set of Interrogatories to the extent that they seek information subject to the attorney-client privilege or other privilege or seek information protected by the work product doctrine.

3. CCI objects to the First Set of Interrogatories to the extent they call for information that is neither relevant to any claim or defense at issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

4. CCI objects to the First Set of Interrogatories to the extent they purport to require

CCI to seek, obtain or produce information or documents from persons or entities other than CCI or those under its immediate control.

5.    CCI objects to the First Set of Interrogatories to the extent they seek information that is a matter of public record or that is otherwise as accessible to Plaintiffs as to CCI.

6.    CCI objects to the First Set of Set of Interrogatories to the extent they require this Defendant to answer on behalf of other corporate entities, including those that have been dismissed from this suit.

7.    Subject to the foregoing general objections and to such additional specific objections as may be set forth in response to individual interrogatories, and without waiving any such objections, CCI makes the following answers to Hanes Supply, Inc.'s First Set of Interrogatories to this Defendant.

1.    **Identify all persons answering, assisting in answering, or providing information or documents used in answering these Interrogatories or Hanes' First Set of Requests for the Production of Documents.**

   ANSWER:    Attorneys and paralegals for Defendant have prepared these responses and have been assisted by Earl Lempke and Pete Terzian, Consultants, P.O. Box 219, South Wales, NY 14139.

2.    **Identify all persons who have knowledge or information relating to the facts, circumstances, issues, allegations, and claims which are the subject of Your Second Amended Complaint, and provide a description and/or summary of the substance and extent of knowledge of information possessed by each such person.**

   ANSWER:    None; Defendant did not author the Second Amended Complaint. See, however, Rule 26(a)(1) Disclosures of CCI.

3.    **Identify each and every document withheld from production by You in response to Hanes' First Set of Requests for the Production of Documents, and for each such**

document identify the groups on which You withheld the document and provide sufficient information for the Court to assess Your claim of privilege.

ANSWER:   None.

4.    Identify each and every person who has had possession of the Hand Cable from the time of the Accident to the present, including who has the Hand Cable now, and the times when each such person or entity had possession of the Hand Cable.

ANSWER:   The requested information is not in this Defendant's possession. This Defendant has not had "possession" of the Hand Cable at any time from the date of the Accident to the present.

5.    State whether on Your behalf and/or at Your direction or the direction of Your counsel, any inspection, examination, testing and/or analysis of any kind has been performed on the Hand Cable.  If the answer is "Yes" provide the following information:
(a)    the name and address and telephone number of the person or persons who performed such inspection, examination, testing and/or analysis;
(b)    the type or types of inspection, examination, testing and/or analysis performed;
(c)    the results of such inspection, examination, testing and/or analysis; and
(d)    the names and addresses and telephone numbers of all those present during the performance of such inspection, examination, testing and/or analysis.

ANSWER:   No.

6.    Identify each and every expert witness you expect to call at time of trial, and as to each set forth in detail:
(a)    the subject matter upon which each expert is expected to testify;
(b)    the substance of the facts and opinions to which the expert is expected to testify;
(c)    a summary of the grounds for each opinion; and
(d)    identify each document and/or other information reviewed or relied upon by each expert.

ANSWER:   Defendant has not determined the identity of any expert and will supplement this answer at a later date.

7. **Identify the party who designed the Hand Cable.**

ANSWER:    The safety cables that were provided at the time of manufacture of the unit in question are a product of Hanes Supply, Inc.  The overall length of the assembly was determined by CCI.

8. **State whether the Trailer was repaired following the Accident and whether the Hand Cable has been replaced.**

ANSWER:    The requested information is not in this Defendant's possession.

## CERTIFICATION

I, _Peter J. Terzian Jr._ of Commercial Carriers, Inc., hereby state that the above Answers

and Objections to Plaintiffs' First Set of Interrogatories are true and accurate to the best of my knowledge.

COMMERCIAL CARRIERS, INC.

By: _Peter J. Terzian Jr._
Its: _Corporate Representative_

AS TO OBJECTIONS:

KOHNEN & PATTON, LLP

OF COUNSEL:

David E. Larson, Esq.    K. Roger Schoeni, Esq. (0004812)
Larson & Larson, PC     Trial Counsel for Defendant Commercial
11300 Tomahawk Creek Parkway   Carriers, Inc.
Suite 310        Kohnen & Patton, LLP
Leawood, Kansas 66211     1400 Carew Tower, 441 Vine Street
          Cincinnati, Ohio 45202
          Phone: (513) 381-0656

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via U.S. Mail this __8th__ day of November,

2002 to the following:

Thomas R. Koustmer, Esq.    Robert A. Winter, Jr.
1800 Federated Building     250 Grandview Drive, Suite 200
7 West Seventh Street     Fort Mitchell, Ky 41017
Cincinnati, Ohio 45202

Michael J. Honerlaw, Esq.    Craig R. Paulus, Esq.
9227 Winton Road      425 Walnut Street, Suite 1800
Cincinnati, Ohio 45231     Cincinnati, Ohio 45202-3957

K. Roger Schoeni, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| David Ferguson, et al. | : | |
| | : | File No. C-1-02-039 |
| | : | Judge Herman Weber |
| Plaintiffs, | : | |
| | : | |
| vs. | : | DEFENDANT HANES SUPPLY, INC'S |
| | : | ANSWERS AND OBJECTIONS TO |
| Ryder Automotive Carrier Services, Inc., | : | PLAINTIFFS' FIRST SET OF |
| et al. | : | INTERROGATORIES |
| | : | |
| Defendants, | : | |

\* \* \* \* \*

The Defendant, Hanes Supply, Inc. ("Hanes Supply") provides the following Answers
and Objections to Plaintiffs' First Set of Interrogatories.

## **PRELIMINARY STATEMENTS**

1.     Hanes Supply reserves all objections as to competency, relevancy, materiality,
privilege and admissibility as evidence for any purpose in any subsequent proceeding, or the trial
of this or any other action.

2.     Hanes Supply reserves the right to object to the use of these responses or the
subject matter thereof in any subsequent proceeding, or in the trial of this or any other action on
any grounds.

3.     Hanes Supply reserves the right to object on the ground at any time to a demand
for further responses to these or any other requests or other discovery procedures involving or
relating to the subject matter of the requests herein responded to.

4. Hanes Supply reserves the right at any time to revise, correct, add to or clarify any of the responses propounded herein.

5. Any objection to the production of a category of documents, or any statement that a category of documents will be produced, shall not be construed as a representation that such documents exist.

## GENERAL OBJECTIONS

1. Hanes Supply objects generally to the Plaintiffs' First Set of Interrogatories and Request for Production of Documents to the extent that they purport to impose obligations beyond the permissible scope of Civil Rules 26, 33 and 34, and/or are otherwise improper, and undertakes no duties beyond those specified in the Civil Rules.

2. Hanes Supply objects generally to the document requests and interrogatories to the extent that they purport to impose obligations exceeding the scope of Civil Rules 26, 33 and 34, and undertakes no duties beyond those specified in the Civil Rules.

3. Hanes Supply objects generally to the document requests and interrogatories to the extent that they call for the production of confidential information, proprietary information, or information that otherwise would constitute a trade secret of Hanes Supply or any affiliate.

4. Hanes Supply objects generally to requests for production of documents relating to persons, entities, and issues that have no connection with this action. Such documents are not relevant, and such requests are not reasonably calculated to lead to the discovery of admissible evidence.

5. Hanes Supply objects generally to requests for production of documents that have already been provided to Plaintiff in response to previous requests. Duplicative requests for

documents are unreasonable, and purport to burden Hanes Supply with abusive and unnecessary discovery demands.

6.     Hanes Supply objects generally to interrogatories and document requests that call for information covered by any privilege or immunity from discovery, including, without limitation, the attorney-client privilege, the attorney work product doctrine, or any other limitation established by Civil Rule 26(b).

7.     Hanes Supply objects generally to document requests and interrogatories that are premature.  Hanes Supply will supplement its responses to such requests following further discovery to the extent required by Civil Rule 26.

8.     Hanes Supply objects generally to interrogatories that would require lengthy narrative answers.  An interrogatory may not be used as a substitute for a deposition.  Hilt v. SFC, Inc., 170 F.R.D. 182, (D. Kan 1997); Penn Central Transp. Co. v. Armco Steel Corp., 271 N.E.2d 877 (Montgomery C.P. 1971).

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons answering or assisting in answering, providing information or documents used in answering these Interrogatories or Ferguson's First Set of Requests For The Production to Hanes.

**ANSWER:**

William Hanes, with assistance of counsel, President of Hanes Supply, who may be contacted through the undersigned counsel.

- 3 -

<u>INTERROGATORY NO. 2</u>

Identify all persons who have knowledge or information relating to the facts, circumstances, issues, allegations, and claims which are the subject of the instant lawsuit and provide a description and/or summary of the substance and extent of knowledge or information possessed by each such person.

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that it is vague and improperly seeks a narrative response.   Without waiving such objection, William Hanes and Dave Learn have information concerning the manufacture of the hand cable by Hanes Supply and its sale to Defendant Commercial Carriers, Inc., the identities of the suppliers of the raw materials used in the manufacture of the hand cable, and the safety measures employed by Hanes Supply in the manufacturing.  See also the Rule 26(a) disclosures of Hanes Supply and the other parties.

<u>INTERROGATORY NO.3</u>

Identify each and every expert witness you expect to call at time of trial, and as to each set forth in detail:

(a)     the subject matter upon which each expert is expected to testify;

(b)     the substance of the facts and opinions to which the expert is expected to testify;

(c)     a summary of the grounds for each opinion; and

(d)     identify each document and/or other information reviewed or relied upon by each expert.

**ANSWER:**

Hanes supply has not yet retained an expert witness it expects to call at the time of trial, but agrees to supplement this Interrogatory response as required by the Court's scheduling orders.

INTERROGATORY NO. 4

Identify the person and/or party who designed the hand cable.

**ANSWER:**

Hanes Supply did not design the hand cable. Hanes Supply merely manufactured the cable in accordance with the specifications provided to it by Defendant, Commercial Carriers, Inc.

INTERROGATORY NO. 5

In what year was the hand cable subject to this litigation manufactured.

**ANSWER:**

On information and belief, the hand cable which is the subject of this litigation was manufactured in 1995 or earlier.

INTERROGATORY NO. 6

When was the hand cable subject to this litigation first introduced into the stream of commerce.

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that it is vague, ambiguous, and seeks a legal opinion. Without waiving such objection, see Answer to Interrogatory No. 5.

INTERROGATORY NO. 7

Is this particular model of hand cable still being manufactured.

**ANSWER**:

Hanes Supply cannot directly respond to this Interrogatory on the grounds that it is unclear what the Interrogatory means by "particular model." However, in approximately 1999, Commercial Carriers changed its required specifications for hand cables, and, consequently, Hanes Supply ceased making hand cables of precisely the same design as the hand cable which is the subject of this litigation.

INTERROGATORY NO. 8

Were ANSI, ASME, UL or SAE safety standards used in the design of this hand cable. If so, what are the specific safety standards that were used in the design of the hand cable.

**ANSWER**:

Hanes Supply does not have any information regarding the standards used in the design of the hand cable. Hanes Supply did not design the cable.

INTERROGATORY NO. 9

Were any other safety standards used in the hand cable design? If so, state specifically the other safety standards that were used in the hand cable design.

**ANSWER**:

Hanes Supply does not have information regarding the safety standards used in the hand cable design. Hanes Supply did not design the hand cable.

INTERROGATORY NO. 10

Please describe in detail the testing that was done on the hand cable subject to the instant case.

**ANSWER:**

Concerning Hanes Supply's testing of the hand cable subject to the instant case, see the business records produced by Hanes Supply under its Rule 26(a) Disclosures. Hanes Supply does not have any information concerning the safety testing conducted by the other Defendants.

INTERROGATORY NO. 11

Was a risk analysis performed on the design of the hand cable which is the subject of this litigation.

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that the term "risk analysis" is vague and ambiguous. Without waiving this objection, Hanes Supply did not perform a risk analysis, and has no information regarding whether the other Defendants did so.

INTERROGATORY NO. 12

Was a preliminary hazard analysis conducted on the design of the hand cable which is the subject of this litigation.

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that the term "preliminary hazard analysis" is vague and ambiguous. Hanes Supply did not design the hand cable.

INTERROGATORY NO. 13

Were any warnings affixed to the hand cable. If so:

(a)    What is the size, location of message, content of such warning;

(b)    Have any of the warning labels been changed or have new ones been added;

- 7 -

(c)    if any of the warning labels have been changed or if new ones have been added,

please state the size, location and message contents of each warning label.

**ANSWER**:

Hanes Supply does not have any information concerning warnings that were "affixed" to

the hand cable, except to note that no such warnings were affixed to the hand cable at the time it

left Hanes Supply's possession.

INTERROGATORY NO. 14

At any time prior to the date on which Plaintiff was injured, was a recall or similar

campaign initiated with regard to this particular hand cable?  If so, please state the exact date on

which the recall or similar campaign was initiated, the reasons for the recall or similar campaign

and specific modifications specifically recommended for this hand cable.

**ANSWER:**

No.

INTERROGATORY NO. 15

Are there currently any lawsuits pending as a result of similar type of action involving

this hand cable?  If the answer to the foregoing is "yes," please state the number of lawsuits

currently pending and include the total number of lawsuits which have been settled.

**ANSWER**:

No.

INTERROGATORY NO. 16

What other product lines does Hanes manufacture and/or sell other than this hand cable.

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that it seeks information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Hanes Supply manufactures and/or sells wire ropes, nylon, chain and SlingMax slings, custom slings, buffalo slings, wire mesh, hoists, wenches, fittings, grips, rings, blocks, sheaves, hooks, clips, nuts and bolts.

As to all objections:

Craig R. Paulus (8802R)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
513.381.2838
fax 513.381.0205
Trial Attorney for Defendant
Hanes Supply, Inc.

**VERIFICATION**

I, _____WILLIAM C HANES_____, hereby certify that the foregoing interrogatory answers are true and accurate to the best of my knowledge.

William Hanes

- 9 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been sent by first class mail to the following on this _14th_ day of November, 2002:

Thomas Ralph Koustmer
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202
513.621.3616
Attorney For Plaintiffs, David and Martha
Ferguson

Michael J. Honerlaw
Honerlaw and Honerlaw Co. L.P.A.
9227 Winton Road
Cincinnati, OH 45231
Attorney For Plaintiffs, David and Martha
Ferguson

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive
Suite 200
Ft. Mitchell, KY 41017
859.344.1188
Attorney For Defendants, Allied Systems
and  Allied Automotive Group

Kenneth Roger Schoeni
Kohnen & Patton
441 Vine Street
Suite 1400
Cincinnati, OH 45202
513.381.0656
Attorney For Defendants, Ryder Automotive
Carrier Services, Inc.; Ryder System Inc.;
Delavan Industries, Inc.; Ryder Automotive
Operations, Inc.; Ryder Automotive Carrier
Group, Inc.; and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211
Attorney for Defendants, Ryder Automotive
Carrier Services, Inc.; Ryder System Inc.;
Delavan Industries, Inc.; Ryder Automotive
Operations, Inc.; Ryder Automotive Carrier
Group, Inc.; and Commercial Carriers, Inc.

H:\CRP\HanesSupply,Inc.\Ans&Objs.wpd

- 10 -

K. Roger Schoeni (0004812)
Attorney for Defendant Commercial Carriers, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | | |
|---|---|---|
| **DAVID FERGUSON, et al.,** | : | Case No. C-1-02-039 |
| Plaintiffs, | : | (Judge Herman J. Weber) |
| vs. | : | **ANSWERS AND OBJECTIONS OF** |
| **RYDER SYSTEM, INC., et al.,** | | **DEFENDANT COMMERCIAL CARRIERS, INC.** |
| | : | **TO PLAINTIFFS' FIRST SET OF** |
| Defendants. | | **INTERROGATORES AND** |
| | : | **REQUEST FOR PRODUCTION OF** |
| | : | **DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Commercial Carriers, Inc. ("CCI") makes the following Objections and Answers to Plaintiff's [sic] Interrogatories Under Rule 33 and Request for Production of Documents Under Rule 30 of the Federal Rules of Civil Procedure Propounded to Commercial Carries, Inc. (the "Discovery Requests").

## GENERAL OBJECTIONS

1.  CCI objects to Plaintiffs' Instructions on the grounds that they are overly broad and unduly burdensome and to the extent they impose obligations on CCI beyond those required by the Federal Rules of Civil Procedure.

2.  CCI objects to Plaintiffs' Discovery Requests to the extent that they seek information subject to the attorney-client privilege or other privilege or seek information protected by the work product doctrine.

3.  CCI objects to Plaintiffs' Discovery Requests to the extent they call for

information that is neither relevant to any claim or defense at issue in this case nor reasonably calculated to lead to the discovery of admissible evidence.

     4.      CCI objects to Plaintiffs' Discovery Requests to the extent they purport to require CCI to seek, obtain or produce information or documents from persons or entities other than CCI or those under its immediate control.

     5.      CCI objects to Plaintiffs' Discovery Requests to the extent they seek information that is a matter of public record or that is otherwise as accessible to Plaintiffs as to CCI.

     6.      Subject to the foregoing general objections and to such additional specific objects as may be set forth in response to individual interrogatories, and without waiving any such objections, CCI makes the following answers to Plaintiffs' Discovery Requests to this Defendant.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to, and without waiving, the foregoing General Objections, CCI sets forth below its specific responses and objections to the Discovery Requests.

1.     **Please produce the design specifications for the hand cable in question that was involved with the injury of the Plaintiff.**

     **RESPONSE:**     See safety cable drawing #100340 previously produced in response to Plaintiff's First Set of Interrogatories and Request for Production of Documents.

2.     **Please give the name, address and telephone number of person or persons who designed the hand cable that is in question in the instant lawsuit.**

     **RESPONSE:**     CCI did not design the hand cable in question; Hanes Supply, Inc. did. This Defendant does not know the exact person at Hanes Supply, Inc. who designed the hand cable.

3.    **Please provide the specifications for the hand cable that were changed in approximately 1999.**

    **RESPONSE:**    Unknown to this Defendant.

4.    **Were ANSI, ASME, UL, or SAE safety standards used in the design of this hand cable. If so, what are the specific safety standards that were used in the design of the hand cable.**

    **RESPONSE:**    Unknown to this Defendant.   Upon information and belief, Defendant Hanes Supply, Inc. has the requested information.

5.    **Were any other safety standards used in the hand cable design?   If so, state specifically the other safety standards that were used in the hand cable design.**

    **RESPONSE:**    See response to Request Nos. 2 and 4.

6.    **Please describe in detail the testing that was done on the hand cable subject to the instant case.**

    **RESPONSE:**    This Defendant did not conduct testing of the hand cable that was supplied by Hanes Supply, Inc., but instead relied on the rating requested for such cable: 7,000 lbs. minimum breaking strength.   This Defendant did, however, conduct testing of the handrail post when such handrails were first developed in 1994.

7.    **Was a risk analysis performed on the design of the hand cable which is the subject of this litigation.**

    **RESPONSE:**    Unknown to this Defendant at the present time.   See response to Request No. 6.

8.    Was a preliminary hazard analysis conducted on the design of the hand cable which is the subject of this litigation.

      **RESPONSE:**      See responses to Request Nos. 6 and 7.


9.    At any time prior to the date on which Plaintiff was injured, was a recall or similar campaign initiated with regard to this particular hand cable?  If so, please state the exact date on which the recall or similar campaign was initiated, the reasons for the recall or similar campaign was specific modifications specifically recommended for this hand cable.

      **RESPONSE:**      None known to this Defendant.


10.    Are there currently any lawsuits pending as a result of similar type of action involving this hand cable?  If the answer to the foregoing is "yes," please state the number of lawsuits currently pending and include the total number of lawsuits which have been settled.

      **RESPONSE:**      None known to this Defendant.

## CERTIFICATION

I, _____, of Commercial Carriers, Inc., hereby state that the above Answers and Objections of Defendant Commercial Carriers, Inc. to Plaintiffs' First Set of Interrogatories and Request for Production of Documents are true and accurate to the best of my knowledge.

COMMERCIAL CARRIERS, INC.


By: _____

Its: _____

AS TO OBJECTIONS:

KOHNEN & PATTON, LLP

OF COUNSEL:


David E. Larson, Esq.                     K. Roger Schoeni, Esq. (0004812)
Larson & Larson, PC                       Trial Counsel for Defendant Commercial
11300 Tomahawk Creek Parkway                    Carriers, Inc.
Suite 310                                 Kohnen & Patton, LLP
Leawood, Kansas  66211                    1400 Carew Tower, 441 Vine Street
                                          Cincinnati, Ohio  45202
                                          Phone:  (513) 381-0656

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via U.S. Mail this *23* day of December, 2002 to the following:

Thomas R. Koustmer, Esq.                  Robert A. Winter, Jr.
1800 Federated Building                   250 Grandview Drive, Suite 200
7 West Seventh Street                     Fort Mitchell, Ky  41017
Cincinnati, Ohio  45202

Michael J. Honerlaw, Esq.                 Craig R. Paulus, Esq.
9227 Winton Road                          425 Walnut Street, Suite 1800
Cincinnati, Ohio  45231                   Cincinnati, Ohio  45202-3957


K. Roger Schoeni, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

| | | |
|---|---|---|
| DAVID FERGUSON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No:  C-1-02-039 |
| | ) | Judge Herman Weber |
| RYDER AUTOMOTIVE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWERS AND OBJECTIONS OF DEFENDANTS ALLIED SYSTEMS, INC. AND ALLIED AUTOMOTIVE GROUP TO PLAINTIFF'S MOST RECENT SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Allied Systems, Inc. and Allied Automotive Group (together, the "defendants"), and make the following answers and objections to Plaintiffs' most recent set of interrogatories and request for production of documents to defendants.

### GENERAL OBJECTIONS

1.    Defendants object to any attempt to make their answers, responses and objections to these Discovery Requests continuing in nature.  Defendants acknowledge their obligation to supplement their answers, responses and objections to the Discovery Requests in accordance with Fed. R. Civ. P. 26(e) or as otherwise ordered by the Court.

2.    Defendants will provide no information and produce no documents that are within the attorney/client privilege, work product doctrine or other privilege.

3.    Defendants object generally to these Discovery Requests to the extent they require them to provide lengthy explanations that can be explored through depositions.

1.  **Please send all reports, documents and/or any material in your possession on an injury to a Thomas Fay for the years 1998, 1999, 2000, 2001.**

    ANSWER: Objection. This request for production seeks documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Defendants further object to producing any medical records and reports with regard to Mr. Thomas Fay, a non-party to this action, due to their confidential nature and in the absence of an appropriate protective order and notice to Mr. Fay. Subject to, and without waiving the foregoing objection, see injury reports for injuries occurring on 03/20/1998 (one page) and 08/08/2000 (two pages) attached hereto.

2.  **Please provide any documents, reports or injuries to a Roy Thornton for the years 1998, 1999, 2000, 2001.**

    ANSWER: Objection. This request for production seeks documents protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving the foregoing objection, no responsive documents have been located.

3.  **Produce all Marion Safety Committee Meeting Minutes or other material of the Safety Committee Meetings for the years 1998, 1999, 2000, 2001.**

    ANSWER: Defendants are continuing their review of their files, books and records for the requested documents. They will be produced as soon as they are located.

4.  **Produce all Marion Safety Committee Meeting Minutes sent to Decatur for the years 1998, 1999, 2000, 2001.**

    ANSWER: Defendants are continuing their review of their files, books and records for the requested documents. They will be produced as soon as they are located.

5.  **Please state who ordered the replacement of the cables at Marion and Moraine. Please give name, current address and telephone number.**

    ANSWER: The decision to replace safety cables on certain units at the Marian and Moraine terminals was made by Robert Ferrell, Senior Vice President of Fleet Maintenance and Procurement, Allied Automotive Group, Inc., 160 Clairemont Avenue, Decatur, Georgia.

6. **Please state how many trucks were at Marion for the years 1999, 2000 and 2001.**

ANSWER:    1999        97 trucks;
                  2000        61 trucks; and
                  2001         19 trucks.

## VERIFICATION

STATE OF OHIO       )
             ) SS:
COUNTY OF _____ )

    Michael Palladino, the undersigned, being first duly sworn, on oath deposes and says that he is an Operations Supervisor of Allied Systems, Ltd., a Georgia limited partnership; that he has read the foregoing answers to interrogatories nos. 5 and 6 (together, the "Answers") by him subscribed and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel and the assistance of representatives of the limited partnership upon which he has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based upon and, therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently Allied Systems, Ltd. and Allied Automotive Group, Inc. reserve the right to make any changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Answers are true to the best of his knowledge, information and belief.


         _____
         Michael Palladino
         Operations Supervisor
         Allied Systems, Ltd.
         P.O. Box 490160
         Dayton, OH 45449


    Subscribed and sworn to before me this _____ day of _____ 2003.


         _____
         Notary Public

My commission expires:_____

All objections to the Discovery Requests are interposed by the undersigned counsel for defendants Allied Systems, Ltd. and Allied Automotive Group, Inc.

Robert A. Winter, Jr.  (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY  41017
(859) 344-1188
(859) 578-3869  (fax)
Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

OF COUNSEL:

Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive, Suite 200
Ft. Mitchell, KY  41017
(859) 344-1188
(859) 578-3869  (fax)

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served by depositing the same into the United States Mails, first class, postage prepaid, on this 17 day of January 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio  45202
Attorney for Plaintiffs, David and Martha Ferguson

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, Ohio  45231
Attorney for Plaintiffs, David and Martha Ferguson

K. Roger Schoeni, Esq.
Kohnen & Patton
441 Vine Street, Suite 1400
Cincinnati, Ohio  45202
Attorney for Defendants, Ryder System, Inc. and Commercial Carriers, Inc.

David E. Larson, Esq.
Larson & Larson, P.C.
11300 Tomahawk Creek Pkwy, Suite 310
Leawood, KS  66211
Attorney for Defendants, Ryder System, Inc. and Commercial Carriers, Inc.

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.


Robert A. Winter, Jr.

S:\raw\allied\ferguson\pleadings\allied answers to ptls 3rd set of irogs and rtp.doc

AAG

## Supervisor's First Report of Injury

NOTE: This report should be completed and the information reported within 24 hours of the injury.

CR FILE NO. _____

CLAIM FILE NUMBER (ASSIGNED BY CLAIM DEPT)

| COMPANY NAME | LOC CODE | LOCATION NAME | EMPLOYEE NAME | | OCCUPATION |
|---|---|---|---|---|---|
| CCI | 97 | MARION | Thomas Fay | | Driver |

| HOME ADDRESS - STREET | | | STATE | ZIP CODE |
|---|---|---|---|---|
| 807 Considine Ave | Cinci | | OH | 45205 |

| HOME PHONE NUMBER | SOCIAL SECURITY NUMBER | SEX | DATE OF BIRTH |
|---|---|---|---|
| 513-251-0180 | | ☒ MALE  ☐ FEMALE | 4-19-44 |

| DATE OF INJURY | TIME OF INJURY | DATE INJURY REPORTED | DATE OF FIRST MEDICAL TREATMENT |
|---|---|---|---|
| 3-20-98 | 5 ☐ AM ☒ PM | 3-20-98 | 3-20-98 |

| LOCATION WHERE INJURY OCCURRED (CITY & STATE) | | DATE OF DEATH (IF FATAL) |
|---|---|---|
| MARION, Oh.  YARD. | | |

| HIRE DATE | EMPLOYEE NUMBER | TRACTOR/TRAILER NUMBER | NUMBER OF DEPENDENTS |
|---|---|---|---|
| 6-28-82 | 63821 | 61319/71319 | |

HOW DID INJURY OCCUR? Driver was climing on headwall of #8 deck. Heading up to get a chain to chain front of # 2 vehicle. Driver slipped on wet deck and when he tried to readjust footing he slipped in between the 2 decks and with there was no surface. As he started to fall he grabbed the chain from the # 2 deck injuried his right

DESCRIBE INJURY: Right Shoulder and Arm

| WITNESS NAME | | PHONE NUMBER |
|---|---|---|
| Donnie Cole | FLT. DRIVER | |
| WITNESS ADDRESS - STREET | CITY | STATE    ZIP CODE |

| DID EMPLOYEE RECEIVE ANY MEDICAL TREATMENT? | IF YES, NAME OF DOCTOR/MEDICAL FACILITY | PHONE NUMBER |
|---|---|---|
| ☒ YES    ☐ NO | MARION GENERAL | |
| ADDRESS - STREET | CITY | STATE    ZIP CODE |
| | Marion, Ohio | |

| DID EMPLOYEE MISS WORK? | IF YES, DATE EMPLOYEE IS EXPECTED TO RETURN TO WORK? | LAST DAY WORKED |
|---|---|---|
| ☒ YES    ☐ NO | unknown | 3-20-98 |

| PRINT NAME OF INDIVIDUAL COMPLETING THIS REPORT | TITLE | |
|---|---|---|
| E. Diane Bajard | Oper. Supervisor | |
| | DATE | TERMINAL PHONE NUMBER |

PULLED AUTOMOTIVE            5372953506            08/08  00 08:52 NO.508  03:03

## Supervisor's First Report of Injury

NOTE: This report should be completed and the information reported within 24 hours of the injury.

OII FILE NO. 97W0008086

| COMPANY NAME | LOC CODE | LOCATION NAME | EMPLOYEE NAME | OCCUPATION |
|---|---|---|---|---|
| AAG | 73 | MORAINE | THOMAS M FAY | DRIVER |

| HOME ADDRESS - STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 807 Cass. Lino Ave | Cinti | OH | 45205 |

| HOME PHONE NUMBER | SOCIAL SECURITY NUMBER | SEX ☐ MALE ☐ FEMALE | DATE OF BIRTH |
|---|---|---|---|
| 573/251-0180 | | | 2/19/44 |

| DATE OF INJURY | TIME OF INJURY | DATE INJURY REPORTED | DATE OF FIRST MEDICAL TREATMENT |
|---|---|---|---|
| 8-8-00 | 1500 ☐AM ☐PM | 8-8-00 | 8-8-00 |

| LOCATION WHERE INJURY OCCURRED (CITY & STATE) | DATE OF DEATH (IF FATAL) |
|---|---|
| 32 SPRINGBORO PIKE   MORAINE OHIO | N/A |

| HIRE DATE | EMPLOYEE NUMBER | TRACTOR/TRAILER NUMBER | NUMBER OF DEPENDENTS |
|---|---|---|---|
| 6/28/83 | 63821 | 61268-71268 | |

**HOW DID INJURY OCCUR?**  LOWER SAFETY CABLE ON RIGHT SIDE OF HEADRACK BROKE AS DRIVER WAS HOOKING CHAIN ON UNIT # 1 on headrac Driver was leaning on safety cable while chainin unit cable broke & I fell from the headramp to the black topped driveway, approx 8 to 9 feet.

**DESCRIBE INJURY**  Fell on back, shoulders, Buntire postierior Possibly head. All happened so fast, not certain all that was hit on way down, I was taken to hospital by ambulance.

| WITNESS NAME | PHONE NUMBER |
|---|---|
| NONE | |

| WITNESS ADDRESS - STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| DID EMPLOYEE RECEIVE ANY MEDICAL TREATMENT? ☐ YES ☐ NO | IF YES, NAME OF DOCTOR/MEDICAL FACILITY | PHONE NUMBER |
|---|---|---|
| | Kettering Medical Center | |

| ADDRESS - STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| DID EMPLOYEE MISS WORK? ☐ YES ☐ NO | IF YES, DATE EMPLOYEE IS EXPECTED TO RETURN TO WORK? | LAST DAY WORKED |
|---|---|---|
| | | 8-8-00 |

| PRINT NAME OF INDIVIDUAL COMPLETING THIS REPORT | TITLE |
|---|---|
| MICHAEL K. McCONNELL | OPS. SUPER |

| SIGNATURE | DATE | TERMINAL PHONE NUMBER |
|---|---|---|
| m.LfK.m.f._ll | 8-8-00 | 1-800-452-7214 |

## Employee Statement of Accident/Injury
### (Workers' Compensation Claims Only)

| EMPLOYEE NAME Thomas M Fay | | | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| DATE OF ACCIDENT/INJURY 8/8/00 | TIME OF ACCIDENT/INJURY Approx 3:00 Pm | DISTRICT/COMPANY NAME AAC | LOCATION CODE 70 |

DESCRIBE IN YOUR OWN WORDS, WHAT YOU WERE DOING AT THE TIME OF THE INCIDENT AND WHAT HAPPENED.

I was loading my truck, Chaining down #1 Unit on headramp. Leaned on the safety cable for balance while chaining. Cable snapped + I went flying off the headramp to the blacktopped driveway, appoximately 8 to 9 feet below

WHAT PART(S) OF YOUR BODY WERE INJURED AND HOW?    All parts that came in Sudden contact w/the ground — neck, head, right Shoulder, left shoulder, lower back, upper back.

| LOCATION OF INCIDENT (CITY/STATE) Moraine, OH | LAST DAY WORKED (IF APPLICABLE) 8/8/00 | WERE THERE ANY WITNESSES? ☐ YES  Abt Certdin |
|---|---|---|
| WITNESS NAME | | PHONE NUMBER |
| WITNESS ADDRESS - STREET | CITY | STATE | ZIP CODE |

| WEATHER Dry & Sunny | | SHOE TYPE High side work boots |
|---|---|---|

| GLOVES ☒ YES  ☐ NO | SAFETY GLASSES ☐ YES  ☒ NO | BUMP HAT ☐ YES  ☒ NO | BACK SUPPORT ☐ YES  ☒ NO |
|---|---|---|---|

Fay T. M
_____
Employee Signature

8/8/00
_____
Date

Faxed 8/10/00
4:15 pm
cug

002                                    ALLIED SERVICES

3/02  14:48 FAX 4046875871        ALLIED FLEET MNT ____        ☑003

J/02  FRI 11:55 FAX 770 602 4288        SYCAMORE PARTS AND LOGIS →→→ DON GREGORY        ☑002

NO MATERIAL TO BE RETURNED
WITHOUT PRIOR AUTHORIZATION

**HARROW**
**CO. INC.**

825 PIERCE BUTLER ROUTE
ST. PAUL, MINNESOTA 55104
(651) 489-1341 • FAX: (651) 489-1534
800-645-8821

**INVOIC**

PLEASE USE OUR INVOICE NUMBER ON YOUR CHECK

| INVOICE NUMBER | INVOICE DATE |
|---|---|
| 1132901-IN | 11/15/00 |

SYCAMORE PARTS & LOGISTICS INC
370 GEES MILL BUSINESS PARKWAY
Conyers            GA 30013

SHIP TO

ALLIED SYSTEMS
3200 SPRINGBORO PIKE
MORIANE            OH 45439

| 30A1582 | 10/12/00 | SY0001 | 8173435 | 11/15/00 |
|---|---|---|---|---|
| UPS | ST PAUL | | 1% 10 DAYS  NET 30 | |

1SPSS025031     EACH     26     26          0          54.200          1,409.20
1/4"-5/16" NYLON COATED STAINLESS STEEL WITH
STAINLESS STEEL THREADED STUD EACH END. ( 3" OF
THREAD)
FINISHED LENGTH:  10 FEET 10.00 INCHES

**INVOICED**

| | |
|---|---|
| NET INVOICE: | 1,409.20 |
| FREIGHT: | 18.10 |
| STATE SALES TX: | .00 |
| LOCAL SALES TX: | .00 |

**THANK YOU**

| TOTAL | 1,427.30 |
|---|---|

30 DAYS NET
1¼% PER MONTH ON PAST DUE BALANCE.
This order is subject to the terms and conditions on the reverse side hereof, INCLUDING THE PROVISIONS LIMITING WARRANTIES, SELLERS LIABILIT
AND COLLECTION COSTS.
CUSTOMER

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **DAVID FERGUSON, <u>ET AL</u>.** | **Case No. C-1-02-039** |
|     **Plaintiff** | |
| | **Judge Herman Weber** |
| **v.** | |
| | **<u>THE ALLIED DEFENDANTS' ANSWERS AND OBJECTIONS TO DEFENDANT HANES SUPPLY, INC.'S SECOND SET OF INTERROGATORIES</u>** |
| **RYDER SYSTEM, INC., <u>ET AL</u>.** | |
|     **Defendants** | |

Defendants Allied Systems, Ltd. and Allied Automotive Group, Inc. (together, the "defendants"), for their answers and objections to the *Second Set of Interrogatories Propounded by Defendant Hanes Supply, Inc. upon Allied Systems, Inc. and Allied Automotive Group* [sic], (the "Discovery Request"), state as follows:

All objections set forth within defendants' answers and objections to defendant Hanes Supply, Inc. first set of discovery requests are incorporated herein by reference, the same as if repeated verbatim.

## <u>INTERROGATORY NO. 9</u>

How many trucks that used 123-125" hand cables remained at the Marion terminal on August 11, 2000?

**<u>ANSWER:</u>**   Defendants do not have sufficient knowledge or information to form a response with regard to stating with any degree of certainty the number of trucks that used 123-125" hand cables remained at the Marion terminal on August 11, 2000.

**VERIFICATION**

STATE OF OHIO                  )
                                   ) SS:
COUNTY OF MONTGOMERY   )

       Michael Palladino, the undersigned, being first duly sworn, on oath deposes and says that he is an Operations Supervisor of Allied Systems, Ltd., a Georgia limited partnership; that he has read the foregoing answer to interrogatories no. 9 (together, the "Answer") by him subscribed and knows the contents thereof; that said answer was prepared with the assistance and advice of counsel and the assistance of representatives of the Allied Defendants upon which he has relied; that the answer set forth herein, subject to inadvertent or undiscovered errors, is based upon and, therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently the Allied Defendants reserve the right to make any changes in the Answer if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Answer is true to the best of his knowledge, information and belief.

                                 _Mike Palladino_
                                   Michael Palladino
                                   Operations Supervisor
                                   Allied Systems, Ltd.
                                   P.O. Box 490160
                                   Dayton, OH 45449

Subscribed and sworn to before me this _15TH_ day of _APRIL_ 2003.

                                 _Sheri J. Taylor_
                                 Notary Public

My commission expires: _MARCH 29, 2004_

                                 SHERI J. TAYLOR, Notary Public
                                 In and for the State of Ohio
                                 My Commission Expires March 29, 2004

All objections to the Discovery Request are interposed by the undersigned counsel for defendants Allied Systems, Ltd. and Allied Automotive Group, Inc.

Respectfully submitted,

Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

OF COUNSEL:

Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served by depositing the same into the United States Mails, first class postage prepaid, on this 16 day of April 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Hornerlaw and Hornerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
1400 Carew Tower
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leewood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Robert A. Winter, Jr.

S:\DMA\Allied\Ferguson\pleadings\answer to hanes supply second interrogatories.wpd

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DISTRICT

| | |
|---|---|
| **DAVID FERGUSON, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Case No: C-1-02-039** |
| ) | **Judge Herman Weber** |
| **RYDER AUTOMOTIVE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### ANSWERS AND OBJECTIONS OF DEFENDANTS ALLIED SYSTEMS, LTD. AND ALLIED AUTOMOTIVE GROUP, INC. TO PLAINTIFF'S MOST RECENT SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW defendants Allied Systems, Inc. and Allied Automotive Group (together, the "Allied Defendants"), and make the following answers and objections to Plaintiffs' most recent set of interrogatories and request for production of documents propounded to them (the "Discovery Requests").

1.    The Allied Defendants object to any attempt to make their answers, responses and objections to these Discovery Requests continuing in nature. The Allied Defendants acknowledge their obligation to supplement their answers, responses and objections to the Discovery Requests in accordance with Fed. R. Civ. P. 26(e) or as otherwise ordered by the Court.

2.    The Allied Defendants will provide no information and produce no documents that are within the attorney/client privilege, work product doctrine or other privilege.

3.    The Allied Defendants object to the Discovery Requests to the extent they may be required to provide lengthy explanations that can be explored through depositions.

1. **Please produce an example of the current design being used at this time for the cables that are subject to the current lawsuit.**

    ANSWER: With respect to equipment owned by Allied Systems, Ltd., the design of the cables at issue has not changed; however, the material used in the cable has changed -- to stainless steel.

2. **Please provide the current design drawings for the cables currently being used.**

    ANSWER: The Allied Defendants possess no responsive documents.

3. **Please state what type of material was used in the cable that was broken that is the subject of this lawsuit.**

    ANSWER: Galvanized steel.

4. **Please state what material is currently being used in the replacement cables on the trucks.**

    ANSWER: Stainless steel.

5. **Please produce a copy of the Owner's Manual for the truck and trailer in question.**

    ANSWER: The requested document is not in the Allied Defendants' possession, at least with respect to such a document for the equipment at issue, the trailer and headramp (as opposed to the tractor or power unit that was not manufactured by CCI).

6. **Please produce a copy of the Maintenance Manual for the truck and trailer in question.**

    ANSWER: The Allied Defendants possess no responsive documents.

7. **Please state where the replacement cables were obtained.**

    ANSWER: Cables purchased as replacements for Allied equipment were purchased from Gill Transportation Services, Inc., which is affiliated with Sycamore Parts & Logistics.

8. **Please state from whom Allied obtained the replacement cables.**

    ANSWER: See response to Interrogatory no. 7.

9.    **Please provide the schedule of the replacement cables.**

ANSWER: Objection. This interrogatory is vague and ambiguous and the Allied Defendants cannot meaningfully respond.

10.    **Please produce a copy of all orders of all replacement cables.**

ANSWER: Objection. This request to produce is overly broad, unduly burdensome, vague and ambiguous. Subject to and without waiving said objections, the Allied Defendants state that copies of documents representing purchases of replacement cables for CCI equipment containing safety cables are attached hereto, bearing Bates stamp nos. F001- F0130.

11.    **Please produce the number of trucks that needed the replacement cables.**

ANSWER: The Allied Defendants object to the form of this request for production. In order to be responsive to this request, the Allied Defendants produce an internal report showing all units that received replacement cables during the period from January 1, 1997, to February 24, 2003, bearing Bates stamp nos. F0131 – F0143.

12.    **Please produce all orders for replacement cables of any kind from the year 1995 to present.**

ANSWER: Objection. This request is overly broad and unduly burdensome. Subject to and without waiving said objections, the Allied Defendants state that they do not possess records for any orders for replacement cables from 1995 to the last quarter of 1997, as the CCI equipment at issue was not owned by Allied Systems, Ltd. during that period. For the time period of late 1997 to the present, the Allied Defendants state that the report produced bearing Bates stamp nos. F0131- F0143 provides a record of cable replacement. The documents produced bearing Bates stamp nos. F001-F0130 are the orders placed for replacement cables from approximately February 1999 to February 2001.

## **VERIFICATION**

STATE OF OHIO )
                          ) SS:
COUNTY OF _____ )

      Michael Palladino, the undersigned, being first duly sworn, on oath deposes and says that he is an Operations Supervisor of Allied Systems, Ltd., a Georgia limited partnership; that he has read the foregoing answers to interrogatories nos. 3, 4, 7 and 8 (together, the "Answers") by him subscribed and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel and the assistance of representatives of the limited partnership upon which he has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based upon and, therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that consequently Allied Systems, Ltd. and Allied Automotive Group, Inc. reserve the right to make any changes in the Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Answers are true to the best of his knowledge, information and belief.

                                  _____
                                    Michael Palladino
                                    Operations Supervisor
                                    Allied Systems, Ltd.
                                    P.O. Box 490160
                                    Dayton, OH 45449

      Subscribed and sworn to before me this _____ day of _____ 2003.

                                    _____
                                    Notary Public

My commission expires:_____

      All objections to the Discovery Requests are interposed by the undersigned counsel for defendants Allied Systems, Ltd. and Allied Automotive Group, Inc.

_[signature]_

Robert A. Winter, Jr.  (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY  41017
(859) 344-1188
(859) 578-3869  (fax)
Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

OF COUNSEL:
Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive, Suite 200
Ft. Mitchell, KY  41017
(859) 344-1188
(859) 578-3869  (fax)

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served by depositing the same into the United States Mails, first class, postage prepaid, on this 25th day of February 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio  45202

Michael J. Honerlaw, Esq.
9227 Winton Road
Cincinnati, Ohio  45231

K. Roger Schoeni, Esq.
441 Vine Street, Suite 1400
Cincinnati, Ohio  45202

David E. Larson, Esq.
11300 Tomahawk Creek Pkwy, Suite 310
Leewood, KS  66211

Craig R. Paulus, Esq.
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957

_[signature]_

Robert A. Winter, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Ferguson, et al.                    :
                                          :        File No. C-1-02-039
                                   ▾      :        Judge Herman Weber
            Plaintiffs,                   :
                                          :
vs.                                       :        DEFENDANT HANES SUPPLY, INC'S
                                          :        ANSWERS AND OBJECTIONS TO
Ryder Automotive Carrier Services, Inc.,  :        PLAINTIFFS' THIRD SET OF
et al.                                    :        INTERROGATORIES AND REQUESTS
                                          :        FOR THE PRODUCTION OF
                                          :        <u>DOCUMENTS</u>
            Defendants,                   :

*   *   *   *   *

Defendant, Hanes Supply, Inc. ("Hanes Supply") provides the following Answers and

Objections to Plaintiffs' Third Set of Interrogatories and Requests for Production of Documents.

▾

## <u>GENERAL OBJECTIONS AND PRELIMINARY STATEMENTS</u>

The General Objections and Preliminary Statements contained in Hanes Supply's

Answers and Objections to Plaintiffs' First Set of Interrogatories are hereby incorporated by

reference.

## INTERROGATORIES AND DOCUMENTS REQUESTED

### INTERROGATORY NO. 1

Please produce a catalog of all products for the year 1994 - 1995.

**ANSWER:**

See attached documents.

### INTERROGATORY NO. 2

If you had received an order for safety cables either eye bolt design or stainless steel from Allied, Allied Holdings, Commercial Carriers or Allied parts in January or February, 1999 for 10,000 cables, could you have provided same?

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that it is not relevant to the subject matter involved in the pending action. Without waiving this objection, yes.

### INTERROGATORY NO. 3

If the answer to No. 2 is yes, in what period of time would they have been provided?

**ANSWER:**

Hanes Supply objects to this Interrogatory on the grounds that it is not relevant to the subject matter of the pending action. Without waiving this objection, Hanes Supply can make 30 cables of the eye bolt design per hour, or 45 cables of the threaded stud design per hour. These figures are based on a 3 man team, which is Hanes Supply's typical work configuration, though

MAR-19-2003 WED 05:47 PM LAW FIRM                FAX NO. 5136215410                P. 04

additional teams could be added if production needs required it. Hanes Supply can fabricate

cable assembling in galvanized or stainless steel at the same pace.

INTERROGATORY NO. 4

 Approximately how many competitors were there in the United States with Hanes Supply

Company to make the type of safety cables used by Commercial Carriers, Inc., Allied Holding,

Inc., Allied Systems, Inc., and Allied parts during the years 1999 - 2000?

**ANSWER:**

 Hanes Supply objects to this Interrogatory on the grounds that it is not relevant to the

issues of the present action, and on the grounds that the Interrogatory is vague and ambiguous.

Without waiving this objection, Hanes Supply believes there are well over 100 manufacturers in

the United States alone.

INTERROGATORY NO. 5

 Please produce all work for Allied Holdings, Inc., Commercial Carriers, Inc., or Allied

Parts or similar name from 1994 - 2003.

**ANSWER:**

 Hanes Supply objects to this Interrogatory on the grounds that it seeks information not

relevant to the present action, it seeks confidential and proprietary information, it is vague,

ambiguous, overly-broad, and unduly burdensome. Without waiving these objections, see

documents previously produced.

INTERROGATORY NO. 6

 If you received an order for eye bolt cables in January and February, 1999 for 4,000

cables, could you have provided same and in what period of time?

H:\CRP\HanesSupply\DiscoveryResponsesPlaintiffD.doc

- 3 -

MAR-19-2003 WED 05:48 PM LAW FIRM                    FAX NO. 5136215410                    P. 05

**ANSWER:**

    See response to Interrogatory No. 2 and 3.

    As to all objections:

Craig R. Paulus (88028)
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
513.381.2838
fax 513.381.0205
Trial Attorney for Defendant
Hanes Supply, Inc.

<u>VERIFICATION</u>

    I, William C. Hanes, hereby certify that the foregoing Interrogatory Answers are true and accurate to the best of my knowledge.

William C. Hanes

STATE OF _New York_
COUNTY OF _Erie_

    The foregoing instrument was subscribed and sworn to by William C. Hanes before me, a Notary Public in and for said County and State, this _16th_ day of March, 2003.

My subscription expires:
_4/04/06_

Diane Morris
Notary Public

DIANE MORRIS
Notary Public
State of New York. Erie County
Commission Expires April 4, 20 06

- 4 -

MAR-19-2003 WED 05:48 PM LAW FIRM            FAX NO. 5136215410            P. 06

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been sent by first class mail to the following on this ___ day of March, 2003:

Thomas Ralph Koustmer
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202
513.621.3616
Attorney For Plaintiffs, David and Martha
Ferguson

Michael J. Honerlaw
Honerlaw and Honerlaw Co. L.P.A.
9227 Winton Road
Cincinnati, OH 45231
Attorney For Plaintiffs, David and Martha
Ferguson

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive
Suite 200
Ft. Mitchell, KY 41017
859.344.1188
Attorney For Defendants, Allied Systems
and Allied Automotive Group

Kenneth Roger Schoeni
Kohnen & Patton
441 Vine Street
Suite 1400
Cincinnati, OH 45202
513.381.0656
Attorney For Defendants, Ryder Automotive
Carrier Services, Inc.; Ryder System Inc.;
Delavan Industries, Inc.; Ryder Automotive
Operations, Inc.; Ryder Automotive Carrier
Group, Inc.; and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211
Attorney for Defendants, Ryder Automotive
Carrier Services, Inc.; Ryder System Inc.;
Delavan Industries, Inc.; Ryder Automotive
Operations, Inc.; Ryder Automotive Carrier
Group, Inc.; and Commercial Carriers, Inc.

H:\CRP\HanesSupply\DiscoveryResponsesPlaintiff3.doc

- 5 -

# HEMMER SPOOR PANGBURN DeFRANK PLLC

SUITE 200
250 GRANDVIEW DRIVE
FT. MITCHELL, KENTUCKY 41017
(859) 344-1188
Fax: (859) 578-3869

CINCINNATI, OHIO OFFICE
SUITE 624
8044 MONTGOMERY ROAD
CINCINNATI, OHIO 45 236
(513) 794-1188
FAX: (513) 936-3746

July 16, 2003

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Michael J. Honerlaw
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
1800 U.S. Bank Tower
425 Walnut Street
Cincinnati, OH 456202-3957

Re:    Ferguson v. Ryder Automotive Carrier Services, Inc., et al.
United States District Court, Southern District of Ohio
Civil Action No. C-1-02-039

Dear Gentlemen:

We enclose the maintenance history on the truck from which the cables were recently produced. Please call if you have any questions.

Very truly yours,

Robert A. Winter, Jr.

RAW/bld
Enclosure
s:\dma\allied\ferguson\correspondence\all attorney letter 13.wpd