FILED
KENNETH J. MURPHY
CLERK
03 SEP 22 PM 2:59

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID FERGUSON, ET AL. | : |
| | : Case No. C-1-02-039 |
| **Plaintiffs** | : |
| | : Judge Herman Weber |
| v. | : |
| | : **DEFENDANTS ALLIED** |
| RYDER AUTOMOTIVE CARRIER | : **SYSTEMS, LTD.'S AND ALLIED** |
| SERVICES, INC., ET AL. | : **AUTOMOTIVE GROUP, INC.'S** |
| | : **RESPONSE TO PLAINTIFFS** |
| **Defendants** | : **DAVID FERGUSON'S AND** |
| | : **MARTHA FERGUSON'S** |
| | : **PROPOSED FINDINGS OF** |
| | : **FACT AND CONCLUSIONS OF** |
| | : **LAW** |

In accordance with the Court's *Scheduling Order*, entered June 24, 2003, and other applicable law, defendants Allied Systems, Ltd. and Allied Automotive Group, Inc. tender the attached response to *Plaintiffs' Proposed Findings of Fact and Conclusions of Law*, marked in accordance with the Court's Order.

Respectfully submitted,

/s/ Robert A. Winter, Jr.
Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)
Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

## CERTIFICATE OF SERVICE

    I certify that true and correct copies of the foregoing were served by depositing the same into the United States Mails, first class postage prepaid, on this 22 day of September 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

                                                                     Robert A. Winter, Jr.

s:\dma\allied\ferguson\pleadings\response plaintiffs findings conclusions.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.

    Plaintiff,

-v-

                        C-1-02-039

RYDER AUTOMOTIVE, et al.         Judge Weber

    Defendants.

---

## PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

1. That the cable that broke injuring Plaintiff was disposed of by Defendants Allied.

2. That Defendants Allied have not produced any other exemplar cables until discovery cut off and expert reports were filed.

3. That Defendants Allied had a company policy not to destroy items that had been involved in injuries.

4. That Defendants Allied did not take any pictures of the cable in question.

5. That Mr. Palladino was the Safety Supervisor who first took the report of injuries to Plaintiff David Ferguson.

6. That a Mr. Thomas Fay, on August 8, 2000, was injured by a broken cable.

7. That Plaintiff David Ferguson was injured by a broken cable on September 7, 2000.

8. That in early February, 1999, all the old style cables were supposed to be replaced by Defendants Allied because they were breaking.

9. That the metal part was rusting and there was a corrosion problem inside.

10. That the cables were not replaced at least to Mr. Fay's vehicle and Plaintiff David Ferguson's vehicle some 17 to 18 months later causing injury to Mr. Fay and Plaintiff David Ferguson.

11. That Defendant Commercial Carriers, Inc., is a company that was bought by Defendants Allied.

12. That the liability of Commercial Carriers, Inc., was bought by Defendants Allied.

13. That Commercial Carriers, Inc.'s expert's opinion states that because the actual cable is missing and there are not a sufficient number of exemplar cables, the mechanical soundness of the cable cannot be judged.

14. That summary judgment is proper in Ohio for spoliation of evidence.

15. That the evidence in question was spoiled and discarded now disrupting the Plaintiff's case.

16. That the destruction of the evidence was willful by the Defendants Allied designed to disrupt the Plaintiff's case.

17. That there was probable litigation involving the Plaintiff and Defendants Allied had knowledge of same.

18. That the evidence was destroyed to harm the Plaintiff's case.

19. That only the granting of summary judgment will satisfy the egregious conduct on behalf of Defendants Allied in their attempt to deny Plaintiff a judgment in this case.

Respectfully submitted,

_____
Thomas R. Koustmer   (0008410)
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio 45202
(513) 621-3616

_____
Michael J. Honerlaw (0034469)
Honerlaw & Honerlaw Co., LPA
9227 Winton Road
Cincinnati, Ohio 45231
(513) 931-2200

## CERTIFICATION OF SERVICE

I hereby certification that a copy of the foregoing was sent via Ordinary U.S. Mail to K. Robert Schoeni, Esq., Kohnen and Patton LLP, 1400 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202-2994, Craig R. Paulus, Esq., Taft, Stettinius & Hollister LLP, 1800 Firstar Tower, 425 Walnut Street, Cincinnati, Ohio 45202-3957 and Robert A. Winter, Jr., Esq., Hemmer, Spoor, Pangburn, DeFrank and Kasson PLLC, Suite 200, 250 Grandview Drive, Ft. Mitchell, KY 41017 this ___7___ day of July, 2003.

_____
Thomas R. Koustmer
Attorney for Plaintiff

3