UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID FERGUSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. C-1-02 039 |
| | ) | (Judge Herman J. Weber) |
| | ) | |
| COMMERCIAL CARRIERS, INC., et al., | ) | **RYDER SYSTEM, INC'S REPLY TO** |
| | ) | **PLAINITFF'S [sic]RESPONSE TO** |
| Defendants. | ) | **DEFENDANT RYDER SYSTEMS, INC.,** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |

*RYDER SYSTEM, INC'S REPLY TO PLAINTIFF'S [sic] RESPONSE TO
DEFENDANT RYDER SYSTEMS, INC., MOTION
FOR SUMMARY JUDGMENT*

Plaintiffs ignore the fact that there is ***no evidence*** which will support disregarding the corporate structure of Ryder Systems, Inc. ("RSI") and its subsidiaries as they existed at the time of the manufacture of the trailer in question. Nor do the Plaintiffs elaborate on what, exactly, their claims are against RSI. Without referencing any evidence, Plaintiffs attempt to rely upon other court's decisions that have determined that there are material facts existing concerning whether RSI controlled the finances, policy and business practices of CCI. They state that summary judgment is inappropriate because the corporate structure is "confusing." They make the bold assertion (without support) that CCI is judgment proof and/or avoids paying its judgments. Plaintiffs claims fail as a matter of law.

    A.    **There is no basis for disregarding the corporate structure of RSI as the parent of CCI**

Plaintiffs cite only to other court's decisions finding that material facts exist concerning to what extent RSI was involved in the financial affairs of CCI. Plaintiffs certainly present no

evidence of their own concerning RSI's so-called involvement in the financial affairs of CCI. The three part test for piercing the corporate veil is found in *Belvedere Condominium Unit Owners' Ass'N v. R.E. Roark Cos., Inc.* 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993). In order to pierce the corporate veil, Plaintiffs must establish: 1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or existence, of its own; 2) control over the corporation by those to be held was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and 3) injury or unjust loss resulted to the Plaintiffs from such control and wrong. *Id. at 288*.

Taken in the light most favorable to the Plaintiffs there is no evidentiary support that RSI committed any fraud or illegal act against the Plaintiffs in RSI's exercise of its corporate existence regarding CCI. If such evidence exists, now would be the time for Plaintiffs to allege same. If such evidence existed, obviously RSI would have counter evidence to same, thereby creating a triable issue of fact. Plaintiffs, however, present no such evidence.

B. **The "Confusing" nature of the corporate structure is not grounds for denying summary judgment.**

Plaintiffs cite to a magistrate judge's order from the United States District for the Southern District of Illinois that describes the corporate structure. While admittedly complicated, there is nothing "confusing" about the structure. It certainly is not beyond those possessed of legal mental faculties to understand.

In any event, considered in the light most favorable to the Plaintiffs, that Plaintiffs and their counsel do not have the ability to understand the corporate structure due to "confusion," this "confusion" is not a proper ground to defeat RSI's motion. Again, plaintiffs present no evidence that the corporate structure should be disregarded. Plaintiffs make an allegation, without support

or citation that "Defendant Ryder's subsidiary companies are in a constant state of merger, dissolution and liquidation." Mere allegations do not satisfy the obligation of Plaintiffs to come forward with *evidence* to rebut the facts contained in RSI's motion.

        C.  **The corporate structure is NOT used to avoid the payment of judgments.**

Strangely, Plaintiffs cite to an Affidavit of an attorney named Brian Wendler in support of their allegation that RSI and its subsidiaries "have used this constant corporate flux to avoid paying a judgment into a Court." Conveniently, the affidavit was not attached to as claimed. Rather, a pleading from another case that also references this Wendler Affidavit is attached. Ignoring the fact that this attempted use of the Wendler Affidavit is not competent, what Wendler allegedly states is undisputably false. A sister corporation of CCI known as GACS has been attempting to interplead funds to satisfy the judgment for over a year, and attorney Wendler, for reasons that escape this defendant, has tried to prevent GACS from interpleading same. GACS has finally, just recently, received permission from a Missouri court to deposit the funds in its registry, over the objection of Wendler. These funds were deposited into the registry of the Circuit Court of Jackson County, Missouri on October 1, 2003. Again, even if CCI's affiliated company GACS had not voluntarily paid a judgment, there is no basis for disregarding the corporate structure in this case as a result. If there is no legal basis for keeping a defendant in a case, it is not proper to keep that defendant in the case because that defendant can pay a judgment. Further, plaintiff has presented no evidence that CCI is not able to satisfy a judgment against it.

## *CONCLUSION*

There is no evidence RSI manufactured the trailer in question.   Plaintiff has not pled. nor can he prove,  any basis for disregarding the corporate structure of RSI.  Therefore, for the reasons set forth above, Ryder System, Inc. is entitled to summary judgment as a matter of law.

DATED:      October 1,  2003

        Respectfully submitted,

        **LARSON & LARSON, P.C.**

        /s/ David E. Larson
        David E. Larson – Mo. Bar #27146
        11300 Tomahawk Creek Parkway, Suite 310
        Leawood, Kansas 66211
        Telephone:     (913) 253-3100
        Telefax:          (913) 253-3109
        Email address: dlarson@larsonlaw.biz

        and

        **KOHNEN & PATTON**

        Roger Schoeni
        441 Vine Street, #1400
        Cincinnati, Ohio 45202
        Telephone:     (513) 381-0656
        Facsimile:      (513) 381-5823

        **ATTORNEYS FOR DEFENDANT
           RYDER SYSTEM, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of October, 2003, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and that he also served the foregoing via United States Mail, first class postage prepaid to:

Thomas R. Koustmer
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio 45202

Michael J. Honorlaw
Honerlaw and Honerlaw Co, L.P.A.
9227 Winton Road
Cincinnati, Ohio 45202

Robert A. Winter, Jr.
Suite 200, 250 Grandview Drive
Ft. Mitchell, KY 41017

Craig R. Paulus
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202 - 3957

                                    /s/ David E. Larson
                                        Attorney for Ryder System, Inc.