FILED
KENNETH J. MURPHY
CLERK

03 OCT -3 AM 8:35

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID FERGUSON, ET AL. | : | Case No. C-1-02-039 |
| Plaintiffs | : | |
| v. | : | Judge Herman J. Weber |
| RYDER AUTOMOTIVE CARRIER SERVICES, INC., ET AL. | : | **DEFENDANTS ALLIED SYSTEMS, LTD. AND ALLIED AUTOMOTIVE GROUP, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS, GABRIEL ALEXANDER** |
| Defendants | : | |

Defendants Allied Systems, Ltd. and Allied Automotive Group Inc. (together, the "Allied Defendants") move to exclude the testimony of plaintiffs' proffered trial expert witness Gabriel Alexander ("Mr. Alexander"), who intends to testify with regard to the three-prong test for an employer intentional tort claim of *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.3d 608, and its progeny as to whether the Allied Defendants knew that if Mr. Ferguson was subjected by his employment to a dangerous condition, then harm to him will be a substantial certainty. *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 116, paragraph 1 of the syllabus. The grounds for this motion are that plaintiffs fail to establish that: (i) Mr. Alexander is an expert relative to the issues upon which he is expected to testify, and (ii) that his opinion provides accurate and complete scientific or technical data or information that would assist the trier of fact in this matter. A memorandum in support of the motion is attached hereto.

Respectfully submitted,

*/s/ Robert A. Winter, Jr.*

Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)
Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

OF COUNSEL:

Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served by depositing the same into the United States Mails, first class postage prepaid, on this 2 day of October 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Robert A. Winter, Jr.

s:\dma\allied\ferguson\pleadings\motion to exclude expert witness.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID FERGUSON, ET AL. : | |
| : | Case No. C-1-02-039 |
| Plaintiffs : | |
| : | Judge Herman J. Weber |
| v. : | |
| : | **MEMORANDUM IN SUPPORT OF** |
| RYDER AUTOMOTIVE CARRIER : | **DEFENDANTS ALLIED SYSTEMS,** |
| SERVICES, INC., ET AL. : | **LTD. AND ALLIED AUTOMOTIVE** |
| : | **GROUP, INC.'S MOTION TO** |
| Defendants : | **EXCLUDE THE TESTIMONY OF** |
| : | **PLAINTIFFS' EXPERT WITNESS,** |
| : | **GABRIEL ALEXANDER** |

**I.    INTRODUCTION.**

This memorandum is provided by defendants Allied Systems, Ltd. and Allied Automotive Group, Inc. (together, the "Allied Defendants") in support of their motion to exclude the testimony at trial of plaintiffs' expert witness, Gabriel Alexander. The testimony should be excluded at trial because: (i) Mr. Alexander lacks the education, training and experience necessary to render an opinion on the issues of the Allied Defendants' alleged liability to plaintiffs under *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.3d 608, and its progeny, and (ii) Mr. Alexander's testimony does not provide additional reliable and complete scientific or technical data or information that would assist the jury on any fact in dispute.

**II.    ARGUMENT.**

**A.    Plaintiffs' expert lacks the education, training or experience to render an opinion in this case.**

Mr. Alexander states at numbered paragraph 10 of his *Preliminary Report of the Ferguson Incident*, dated March 24, 2003, that "[b]y not properly maintaining the incident vehicle Allied,

reasonably and with substantial certainty, created an unsafe work condition that would and in fact did lead to Ferguson's injuries." However, Mr. Alexander does not have the type and kind of specialized education, training or experience required to render such an opinion, and as such, his testimony should be excluded.

Federal Rule of Evidence 702 permits the use of expert testimony upon a showing that a person has sufficient "knowledge, skill, experience, training or education." By his own admission, Mr. Alexander is a professional engineer who has no specialized training or experience relating to wire cables like the ones at issue here. (Alexander dep. 9-10) There is no indication that Mr. Alexander holds himself out as a safety expert, nor do his qualifications suggest such. Although his general knowledge of design principles may assist in his personal understanding of what may or may not lead to a cable becoming corroded or ultimately failing, allowing Mr. Alexander to testify on issues of whether the Allied Defendants properly maintained and/or replaced wire cables on their vehicles is outside of his field of expertise and does not comport with the requirement established under Federal Rule of Evidence 702.

Assuming, *arguendo*, which we do not, that Mr. Alexander possesses the specialized education, training and experience necessary to offer an opinion relative to the Allied Defendants' maintenance of the safety cables, his testimony should still be excluded on the ground that the issue is not one that is properly within the purview of expert testimony. Simply put, Mr. Alexander is now making unwarranted legal arguments relating to whether the Allied Defendants' conduct rises to the level of an intentional tort under *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 690 Ohio St.3d 608, and its progeny. These arguments must be pursued only by plaintiffs' counsel at closing argument, and not by Mr. Alexander from the witness stand. His conclusion that the

Allied Defendants' actions made it substantially certain that plaintiff would be injured is merely a lay opinion derived from the evidence, and adds nothing to assist the trier of fact in deciding that or any other issue. As such, Mr. Alexander's testimony should be excluded.

**B.** **Plaintiffs' expert witness' testimony is patently unreliable under *Daubert*.**

In order to ensure that expert testimony is reliable and based upon scientific, technical or other specialized training or knowledge, federal district court judges have become *de facto* gatekeepers. Fed. R. Evid.104. The United States Supreme Court held in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), that ". . . under the (Federal) Rules (of Evidence) the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. This requires that an expert witness testify as to scientific knowledge that is based in part upon "the methods and procedures of science." *Id.* at 590. Scientific knowledge excludes the proffered witness' subjective beliefs or unsupported speculation. *Id.* The gatekeeping function extends to all proffered expert testimony, not merely that of the scientific variety. *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

Mr. Alexander did not engage in any scientific or technical testing or analysis in rendering his opinion with regard to the Allied Defendants' maintenance of the broken cable at issue. Rather, Mr. Alexander provides a conclusive statement based upon his reading and interpretation of testimony contained within lay witness depositions that the Allied Defendants failed properly to maintain the tractor driven by Mr. Ferguson and, as a result, it was substantially certain that he

would be injured. (Alexander report, pg. 36). Ironically, Mr. Alexander stated during his deposition that the Allied Defendants could have reasonably expected the safety cables at issue to have lasted for the life of the vehicle.  (Alexander dep.116)  Furthermore, Mr. Alexander downplays the Allied Defendants' initiatives to replace all the old type safety cables with new safety cables, and that Mr. Ferguson's vehicle had three of its four safety cables replaced prior to his accident.  Mr. Alexander also downplays the safety meetings convened by the Allied Defendants wherein drivers, including plaintiff, were warned of the problem being experienced with safety cables and instructed to check their vehicles for any corroded, swelling or old type cables, and to contact maintenance personnel if they had any questions or concerns.  This evidence, as well as the contention that discovery of faulty cables was made almost impossible because of the painted vinyl sheathing surrounding the corroded area, tends to disprove Mr. Alexander's theory that the Allied Defendants were ignoring the apparent safety concern.

Indeed, Mr. Alexander actually summarized the accident here as an instance where the presence of an old cable on one tractor was simply overlooked by all personnel, including Mr. Ferguson:

> Q. Would you agree with the procedure that if the employer didn't have, for whatever reason, enough cables to replace all of the cables at one time, that the maintenance department was to attempt to identify those cables that did demonstrate the visible signs of corrosion and change those with what stock they did have available?
>
> A. I would agree with that, but I would also agree that they should come back and finish the job.

Q. Okay. **So what you're saying, I think, is that this particular cable slipped through the cracks?**

A. **I would say yes, with regard to being replaced, yes. It appears that way.**

Q. **On an otherwise system-wide effort to replace them all, right?**

A. Yes. (Alexander dep. 126) (emphasis added)

IV. **CONCLUSION.**

Similar to the Court's decision in *Kumho Tire*, Mr. Alexander's testimony should be excluded because of "the methodology employed by the expert in analyzing the data obtained in the visual inspection, and the scientific basis, if any, for such an analysis." *Kumho Tire Company*, 526 U.S. at 146. His lack of specialized training or experience has led merely to the introduction of flawed and unreliable conclusions and additional legal argument via the witness stand. As a result of Mr. Alexander's failure to satisfy the criteria established in *Daubert*, his testimony will not assist the jury in understanding or determining a fact in issue, but rather, will act to distort the evidence and mislead the jury. As such, Mr. Alexander's testimony should be excluded in accordance with the *Order* tendered contemporaneously herewith.

Respectfully submitted,

*[signature]*

Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)
Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

OF COUNSEL:

Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served by depositing the same into the United States Mails, first class postage prepaid, on this 2 day of October 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

Robert A. Winter, Jr.

S:\DMA\Allied\Ferguson\pleadings\memo in support of motion to exclude expert witness.wpd