UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.

           Plaintiff,

                                        C-1-02-039

  -v-

RYDER AUTOMOTIVE, et al.                   Judge Weber

           Defendants.

_____

MOTION TO QUASH/STRIKE THE AFFIDAVITS OF SCOTT McCAULEY AND
LYNN BUCKHULT AND THE DEFENDANTS ALLIED 26A DISCLOSURES FILED
SEPTEMBER 22, 2003 AND OCTOBER 3, 2003
_____

      Now come Plaintiffs, by and through counsel and hereby move this Court to quash/strike the Affidavit of Scott McCauley and the Defendants Allied's 26A Disclosure filed September 22, 2003 and Affidavits of Lynn Buckhult and the Defendants Allied 26A Disclosure filed on October 3, 2003.

      The time limit per the Scheduling Order for 26A disclosures was November 8, 2002, almost a year ago. The discovery cut-off was in April, 2003. Plaintiffs have repeatedly requested in Interrogatories for names of relevant witnesses. Now, even after the Response to Motion For Summary Judgment deadline, Defendants Allied make two new 26A disclosures.

in the reasoning of Defendant Hanes as to same.

Defendants Allied attempt to change the testimony of Allied employee Richard Shively by Affidavit file September 23, 2003. This is five months after discovery cut-off and eights months after Mr. Shively's deposition. Plaintiff objects to same. Mr. Shively testified to the opposite in his deposition taken February 20, 2003. He specifically testified:

> Q. Do you know what happened to the broken cable that was involved in Mr. Ferguson's injury?
>
> A. No, sir.

<u>Shively depo. P. 8</u>.

Further, Defendants Allied although repeatedly requested to produce any examplar cable, said none existed. However, Plaintiff was provided an examplar by the union steward. After the discovery cut-off, Allied then miraculously allegedly finds four examplars.

Defendants Allied have continued their original behavior in destroying the evidence (ie., cable.) This Court should not allow two 26A disclosures ten months late and five months after discovery cut-off.

In fact, the 26A Disclosure reads"

> "A. [Provide] the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings." (Emphasis added)

that Scott McCauley's testimony might be relevant.

Mr. Ferguson's testimony was taken on November 21, 2002 and Mr. Shively with Mr. Weaver in February, 2003.  Certainly, as of that date, Defendants Allied knew that Lynn Buckhult's testimony might be relevant.

However, Defendants Allied waits until Plaintiff cannot even answer the Affidavit as they are attached to Defendants' Allieds' Replys to Plaintiff's Responses.  Defendants Allied also did this very maneuver to Defendant Hanes in their Answer to Defendants Allieds' Motion For Summary Judgment.  The documentation relied upon by Defendants' new witnesses were available in discovery prior to discovery cut-off.  There is no legitimate reason these witnesses were withheld.  Furthermore, Lynn Buckhult's Affidavit only deals with one vendor C. C. Sharrow.  There was more than one vendor which is probably why the witness Lynn Buckhult witness was not disclosed in violation of this Court's Scheduling Order.

The discovery abuses of Defendants Allied must end.

WHEREFORE, Plaintiffs move this Court to strike the Affidavits of Lynn Buckhult, Scott McCauley and their 26A Disclosures filed on September 22, 2003 and October 3, 2003.

    Respectfully submitted,

    _____
    Thomas R. Koustmer   (0008410)
    1800 Federated Building

                                               Honerlaw & Honerlaw Co., LPA
                                               9227 Winton Road
                                               Cincinnati, Ohio 45231
                                               (513) 931-2200

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was served by electronic transmission or ordinary U.S. Mail to the following this _____ day of October, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.

_____
Thomas R. Koustmer
Attorney for Plaintiff