that Scott McCauley's testimony might be relevant.

Mr. Ferguson's testimony was taken on November 21, 2002 and Mr. Shively with Mr. Weaver in February, 2003. Certainly, as of that date, Defendants Allied knew that Lynn Buckhult's testimony might be relevant.

However, Defendants Allied waits until Plaintiff cannot even answer the Affidavit as they are attached to Defendants' Allieds' Replys to Plaintiff's Responses. Defendants Allied also did this very maneuver to Defendant Hanes in their Answer to Defendants Allieds' Motion For Summary Judgment. The documentation relied upon by Defendants' new witnesses were available in discovery prior to discovery cut-off. There is no legitimate reason these witnesses were withheld. Furthermore, Lynn Buckhult's Affidavit only deals with one vendor C. C. Sharrow. There was more than one vendor which is probably why the witness Lynn Buckhult witness was not disclosed in violation of this Court's Scheduling Order.

The discovery abuses of Defendants Allied must end.

WHEREFORE, Plaintiffs move this Court to strike the Affidavits of Lynn Buckhult, Scott McCauley and their 26A Disclosures filed on September 22, 2003 and October 3, 2003.

    Respectfully submitted,

    s/Thomas R. Koustmer
    Thomas R. Koustmer   (0008410)
    Attorney for Plaintiffs
    1800 Federated Building

9227 Winton Road
Cincinnati, Ohio 45231
(513) 931-2200
Email: mike@honerlaw.com