IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID FERGUSON, et al.,** | : | Case No. C-1-02-039 |
| Plaintiffs, | : | Judge Herman J. Weber |
| v. | : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION** |
| **RYDER AUTOMOTIVE CARRIER SERVICES, INC., et al.,** | : | **TO DEFENDANTS' ALLIED SYSTEMS, LTD. AND ALLIED AUTOMOTIVE GROUP, INC.'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS, GABRIEL** |
| Defendants. | : | **ALEXANDER** |

Now come Plaintiffs, by and through counsel, and submit the following Memorandum of Law in Opposition to Defendants' Motion to Exclude the Testimony of Gabriel Alexander. Said Motion is not well taken and must be overruled by this Court for the reasons set forth in the following Memorandum of Law. Plaintiffs additionally incorporate the Memorandum previously filed herein in response to Defendant, Hanes Supply, Inc.'s Motion to exclude the testimony of Gabriel Alexander.

Respectfully submitted,

s/ Michael J. Honerlaw (0034469)
Honerlaw & Honerlaw Co., L.P.A.
Attorney for Plaintiffs
9227 Winton Road
Cincinnati, OH 45231
(513) 931-2200
mike@honerlaw.com

s/ Thomas R. Koustmer
1800 Federated Building
Seven West Seventh Street
Cincinnati, OH 45202
(513) 621-3616
ktkoustmer@aol.com

## MEMORANDUM OF LAW

### I.   Introduction

Defendants, Allied Systems, Ltd. and Allied Automotive Group, Inc. have now filed a Motion to exclude the testimony of Plaintiffs' expert, Gabriel Alexander. Defendants argue for the exclusion of Gabriel Alexander's testimony for the following two reasons:

1. Defendants argue that the expert lacks the education, training or experience to render an opinion in this case; and

2. Plaintiffs' expert testimony is patently unreliable under *Daubert*. Neither of the foregoing arguments are well taken and, as a result, the motion of Defendants must be overruled.

### II.   Argument

**A.   Plaintiffs' expert has the required education, training and experience to render an opinion in this case.**

Defendants argue that Plaintiffs' expert testimony should be excluded as he does not have the sufficient requirements pursuant to Federal Rule of Evidence 702. However, a review of the record of this case clearly indicates otherwise. Attached hereto and marked Exhibit A is a copy of the Curriculum Vitae of Gabriel G. Alexander, P.E. Pursuant to the Curriculum Vitae, Gabriel Alexander has been working in the field of mechanical engineering for the past 23 years. The instant case involves the failure of a safety cable on a trailer of a truck. Gabriel Alexander has extensive work history in the trucking industry beginning as far back as 1989 working for Great Dane Trailers. At that time, he was responsible for the development of trailer and component designs and testing. He continued working in the trucking industry for other manufacturers including

Stewart & Stevenson, Inc., Kidron, Inc. and Trans Air Manufacturing as late as 1997. Thereafter, Gabriel Alexander was employed as the manager of design engineering for True Temper Hardware. Beginning in March 1999 through the present, Gabriel Alexander has been employed as an associate of Robson Lapina, Inc. He has "provided technical investigations, analysis, reports and testimony for failure analysis, and towards the resolution of commercial and personal injury litigation involving trucks, trailers, mechanical engineering and crash reconstruction."

Gabriel Alexander is also a professional engineer licensed in the State of Ohio and also the State of Pennsylvania. He obtained his B.S. degree in mechanical engineering from the University of Houston. He has taken a number of courses following his graduation as is set forth on his Curriculum Vitae.

Gabriel Alexander has also provided expert testimony in a number of cases throughout the United States. He has provided deposition testimony in 24 different cases. A summary of the depositions provided by Gabriel G. Alexander is attached hereto and marked Exhibit B. Gabriel Alexander has also testified at trials and hearings in a total of seven cases. He has testified in both Federal and state court proceedings. Clearly, Gabriel Alexander has the "knowledge, skill, experience, training or education" to testify in this matter.

Attached hereto and marked Exhibit C is the Preliminary Report of Gabriel Alexander dated March 24, 2003. Despite defense counsel's argument to the contrary, Gabriel Alexander did not merely set forth "unwarranted legal arguments". Rather, he accurately referred to the record of this case in arriving at specific conclusions as to why the safety cable failed in this case causing the severe injuries to Plaintiff, David E. Ferguson. Gabriel Alexander findings contained on page 36 of his report set forth a series of eleven specific findings. All of the findings are supported by the previous analysis and discussion contained in the body of the report. Simply because the

Defendants do not like the opinions of Gabriel Alexander, is not a valid reason to exclude his testimony.

**B.    Plaintiffs' expert witness' testimony is reliable under *Daubert*.**

Defendants next argue that the expert testimony of Gabriel Alexander is unreliable. Plaintiffs respectfully disagree. Careful reading of the preliminary report of Gabriel Alexander dated March 24, 2003 (Exhibit C attached hereto) as well as the deposition testimony of Gabriel Alexander clearly indicate that his testimony is reliable. In fact, his testimony is well grounded in scientific knowledge.

Unbelievably, Defendants argue that Gabriel Alexander's testimony should be excluded for the reason that he did not conduct any scientific or technical testing or analysis of the broken cable at issue (see page 3 of Defendants' Memorandum in Support of Motion to Exclude Testimony of Plaintiffs' Expert Witness, Gabriel Alexander). Need Defendants be reminded that they destroyed the broken cable at issue in this case? As this matter has been briefed at length in previous filings concerning spoliation, Plaintiffs will not belabor the point. However, it must be noted that Gabriel Alexander carefully studied the photographs that were taken of the actual broken cable on the date of Mr. Ferguson's injuries as well as comparing those photographs to other photographs and exemplar cables that Plaintiffs were able to obtain. Defendants attempt to argue that the exemplar cables are dissimilar to the actual broken cable in this case. Plaintiffs believe that the trier of fact will conclude otherwise.

Defendants also argue that Mr. Alexander stated during his deposition that the Allied Defendants could have reasonably expected the safety cables at issue to have lasted the life of the vehicle. (See page four of Defendants' Memorandum in Support of Motion to Exclude the Testimony of Plaintiffs' Expert, Gabriel Alexander). In support of this assertion, Defendants make reference to the deposition of Gabriel Alexander page

116. However, careful reading of the deposition indicates otherwise. The deposition testimony provides:

> Q.  How long can they be in use before they ought to be replaced?
> A.  Depends on the design.
> Q.  You've testified extensively about the design that we're here about today that are allegedly manufactured by Hanes Supply.
> How long should Allied have expected those cables to be fit for use?
> A.  Okay, I would say that without any indication that they needed to be replaced or any instructions or warning, that they should have been designed to last the life of the vehicle which I would understand to be 10 years, a million miles.

There are several problems with Defendants reliance upon the foregoing testimony. First of all, none of the Defendants seem to be able to agree on who actually was responsible for the design of the cables. No Defendant is accepting responsibility for the design of said cables. This is clearly a contested, material fact that will need to be decided by the trier of facts in this case. Secondly, the Allied Defendants cannot claim that they could have reasonably expected the safety cables to last the life of the vehicle when they were put on actual notice of the repeated failures of the cables prior to Mr. Ferguson's injuries. Indeed, three of the four safety cables had been replaced by the Allied Defendants prior to Mr. Ferguson's injuries. They were aware of the dangerous condition that they were exposing their employees and simply did not take the appropriate steps to protect them from the severe harm that was substantially certain to occur. *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio State 3d 115.

Finally, Defendants argue that the defective cable in this case simply "slipped through the cracks." However, this is certainly no reason to exclude the testimony of Gabriel Alexander. Further, a review of the record seems to indicate that this was not an isolated incident. As has been discussed at length in this case, another driver was seriously injured prior to Mr. Ferguson's fall due to a defective safety cable breaking. The Allied Defendants had clearly decided that the cables were unsafe and needed to

be replaced long before Mr. Ferguson's injuries. However, they simply failed to take the necessary steps to ensure that all of the dangerous cables were replaced. In this particular case, the truck in question had been services by the maintenance department of Defendant 99 times. Yet during those 99 times, the maintenance department never replaced the defective and unsafe cable.

## CONCLUSION

For the foregoing reasons as well as the reasons set forth in Plaintiffs' Memorandum in Opposition to Defendant Hanes Supply, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Witness, Gabriel Alexander, the instant Motion of the Allied Defendants must be overruled. The opinions of Gabriel Alexander are well founded upon the specific facts of this case and supported by scientific knowledge. This is not a case where the testimony of Gabriel Alexander will be dramatically different than the testimony of other witnesses. In fact, William Hanes has given testimony for Defendant, Hanes Supply, Inc. that is remarkably consistent with the testimony of Gabriel Alexander. The testimony of Gabriel Alexander will assist the jury in determining the issue of liability in this matter. Accordingly, such testimony must be permitted.

Respectfully submitted,

s/ Michael J. Honerlaw (0034469)
Honerlaw & Honerlaw Co., L.P.A.
Attorney for Plaintiffs
9227 Winton Road
Cincinnati, OH 45231
(513) 931-2200
mike@honerlaw.com

s/ Thomas R. Koustmer
1800 Federated Building
Seven West Seventh Street
Cincinnati, OH 45202
(513) 621-3616
ktkoustmer@aol.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon Robert A. Winter, Jr., Esq., Hemmer Spoor Pangburn DeFrank, 250 Grandview Drive, Suite 200, Ft. Mitchell, KY 41017, Craig R. Paulus, Esq., Taft, Stettinius & Hollister, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 and David E. Larson, Esq., Larson & Larson, 11300 Tomahawk Creek Pkway, Suite 310, Leawood, KS 66211 by electronic transmission on the _____ day of October, 2003.

                                                                                _____
                                                                                Michael J. Honerlaw