UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.

          Plaintiff,

                                        C-1-02-039

-v-

RYDER AUTOMOTIVE, et al.,                      Judge Weber

          Defendants.

## REPLY TO MEMORANDUM OF DEFENDANT ALLIED SYSTEMS, LTD AND ALLIED AUTOMOTIVE GROUP., INC., IN OBJECTION TO PLAINTIFFS' MOTION TO QUASH THE 26(A) DISCLOSURES AND AFFIDAVIT OF SCOTT MACAULEY AND LYNN BUCKHALT

The Plaintiff David Ferguson replies that the information contained in his Motion to Quash is correct. Defendants Allied do not dispute that these 26(A) disclosures were made after the discovery cut-off date, after the Motion For Summary Judgment date and after the date for Plaintiffs to reply to Defendants Allied Motion For Summary Judgment in witness Lynn Buckhalt case. Therefore, not only couldn't Plaintiff David Ferguson use the discovery purpose of Rule 26(A) as to the witnesses, Plaintiff could not even rebut same in the reply to the Motions For Summary Judgment. Defendants Allied, after all Plaintiffs responses were due to Defendants Allieds' Motion For Summary Judgment, files a 26(A) disclosure. Plaintiffs responded to Defendants Allied Motion For Summary Judgment on September 21, 2003, Document 110. Defendants Allied filed the Motion For Summary Judgment on July 9, 2003, Document 84. On October 3, 2003, Defendants Allied, Document 138, filed these 26(A) disclosures. The discovery cut-off date was April 14, 2003, Document 22.

    Rule 26(A) Federal Rules provides:

    "Rule 26. General Provisions Governing Discovery; Duty of Disclosure

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to the other parties:
   (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subject of the information;
. . .

A party shall make its initial disclosures based on the information then reasonably available to it and <u>is not excused from making its disclosures because it has not fully completed its investigation</u> of the case or <u>because it challenges the sufficiency of another party's disclosures</u> or because another party has not made its disclosures." (Emphasis added)

Defendants Allied have not conformed to Rule 26(A), Federal Rules in the least with these two late disclosures. Plaintiffs specifically addresses Scott Macauley and Lynn Buckhalt Affidavits.

### A. SCOTT MACAULEY

Plaintiff will not reiterate their original Motion but affirm same.

Additionally, Defendants Allied try to argue they were somehow surprised by a spoliation of evidence claim against Defendants Allied. However, Defendant Hanes filed a Motion to File a Cross-Claim Against Defendants Allied on March 11, 2003, Document 49, concerning spoliation of evidence. The Motion For Cross-Claim was granted on April 28, 2003, Document 53 and answered by Defendants Allied on May 19, 2003, Document 67. How Defendants Allied can claim in their response to this Motion to Quash at P.3, that, "Given the nature of Plaintiffs' argument, their assertion of an implied spoliation claim at the eleventh hour", is against the facts. As early as March 11, 2003, Defendants Allied knew of a spoliation

of evidence claim.

Finally, a careful examination of Scott Macauley's Affidavit shows that he does not deny that Defendants Allied assumed the liabilities of Defendant Commercial Carriers, Inc.

### B.  LYNN BUCKHALT

By Defendants Allieds own argument, this witness should have been 26(A)(1) disclosed immediately after Plaintiff David Ferguson's deposition on November 12, 2002.

Now, after everything is filed and no rebuttal allowed, Defendants Allied try to attack Mr. Ferguson's credibility when alleged contributory negligence is not even a defense to this product liability claim.  Rule 26(A) must stand for something and should not be used as Defendants Allied have done.

Furthermore, upon reading the Affidavit of Lynn Buckhalt carefully, she is only referring to C.C. Sharrow just one of Defendants Allieds' supplier of head cables.  This is a reason why 26(A) disclosures should not be allowed after discovery cut-off and Motions For Summary Judgment and Responses to Motions For Summary Judgment have been made.

Defendants Allieds' pattern of discovery abuse is documented.  Defendants Allied did change Mr. Weaver's testimony causing Defendant Hanes Supply to file a <u>Motion to Strike the Errata of Allied Employee William Weaver</u>.  Defendants Allied just recently, by Affidavit, try to change the sworn deposition testimony of Richard Shively.  Mr. Shively clearly testified on February 20, 2003:

> Q.   Do you know what happened to the broken cable that was involved in Mr. Ferguson's injury?
>
> A.   No, sir.

<u>Shively depo. P. 8</u>.

3

Defendants Allied makes the unusual argument that Plaintiff should be refreshing Defendants Allieds' employees recollection at a deposition taken on case examination. Wasn't that Defendants Allieds' responsibility? If they disagree with the sworn testimony of Mr. Shively that "he didn't know what happened to the cable involved in Mr. Ferguson's accident" they should have corrected same immediately, not eight months later. Mr. Shively's testimony of lack of knowledge concerning the whereabouts of the cable is the same as the other deponents concerning the cable other than Mr. Weaver who stated the Safety Director Mr. Palladino retained the cable per company policy.

Defendants Allied produced examplar cables after the discovery cut off. Defendants Allied, when confronted with these discovery abuses, always has the same reply, let's do more discovery, or in the case of the alleged new cables, submit the cables to your expert with maybe a new report and then another deposition.

Defendants Allied are attempting to monetarily cost Plaintiff Ferguson out of this case by continually offering to go back and do more costly discovery for items which should have been disclosed from the beginning. Plaintiffs object to same and cannot afford to go back and redo this case.

Rule 26(A)(1) must stand for something. As used by Defendants Allied, Rule 26(A) need not even exist nor discovery cut-offs exist.

## CONCLUSION

The Defendants Allied have improperly designated two 26(A) disclosures, the Affidavits of Lynn Buckhalt and Scott Macauley. Therefore, the 26(A) Disclosure and Affidavits should be

quashed.

        Respectfully submitted,


        <u>s/Thomas R. Koustmer</u>
        Thomas R. Koustmer   (0008410)
        Attorney for Plaintiffs
        1800 Federated Building
        7 West Seventh Street
        Cincinnati, Ohio  45202
        (513) 621-3616
        Email: plpaige@aol.com


        <u>s/Michael J. Honerlaw</u>
        Michael J. Honerlaw  (0034469)
        Attorney for Plaintiff
        Honerlaw & Honerlaw Co., L.P.A.
        9227 Winton Road
        Cincinnati, Ohio  45231
        (513) 931-2200
        Email: mike@honerlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic transmission to the following this 10th day of November, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, Ohio  45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,

And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800
Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.

                                                            _____
                                                            Thomas R. Koustmer
                                                            Attorney for Plaintiff