UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DAVID FERGUSON, ET AL.** | : |
| | : Case No. C-1-02-039 |
| Plaintiffs | : |
| | : Judge Herman Weber |
| v. | : |
| | : **REPLY MEMORANDUM OF DEFENDANTS** |
| **RYDER AUTOMOTIVE CARRIER** | : **ALLIED SYSTEMS, LTD. AND ALLIED** |
| **SERVICES, INC., ET AL.** | : **AUTOMOTIVE GROUP, INC. IN FURTHER** |
| | : **SUPPORT OF THEIR MOTION TO** |
| Defendants | : **EXCLUDE THE TESTIMONY OF** |
| | : **PLAINTIFFS' EXPERT WITNESS GABRIEL** |
| | : **ALEXANDER** |

## I. INTRODUCTION.

This memorandum is provided by defendants Allied Systems, Ltd. and Allied Automotive Group, Inc. (together, the "Allied Defendants"): (i) in reply to *Plaintiffs' Memorandum in Opposition to Defendants' Allied Systems, Ltd. and Allied Automotive Group, Inc.'s Motion to Exclude the Testimony of Plaintiffs' Expert Witness Gabriel Alexander* (the "Memo Contra") of plaintiffs David Ferguson and Martha Ferguson (together, the "plaintiffs"), and (ii) in further support of the Allied Defendants' motion to exclude the testimony of plaintiffs' proffered expert witness, Gabriel Alexander, P.E. ("Mr. Alexander"). Whereas the undisputed facts presented by plaintiffs illustrate that Mr. Alexander is not qualified to render a legal opinion relating to plaintiffs' *Blankenship* intentional tort claims against the Allied Defendants, his testimony should be stricken from the record and excluded at the trial of this matter as patently unreliable.

**II.     DISCUSSION.**

Mr. Alexander is a mechanical engineer with Robson Lapina Inc., and has been retained by plaintiffs for the purpose of evaluating the alleged failure of a safety cable that was in place on the truck on which plaintiff David Ferguson allegedly fell on September 7, 2000. Despite the education and experience Mr. Alexander has as a mechanical engineer, plaintiffs have proffered no evidence to suggest that Mr. Alexander has been trained in or received formal education relating to occupational safety or risk management.

Federal Rule of Evidence 702 permits the use of expert testimony to "assist the trier of fact to understand the evidence or to determine a fact in issue" upon a showing that a person has sufficient "scientific, technical or other specialized... knowledge, skill, experience, training or education" to qualify as an expert witness. The reason for this requirement is to ensure that an expert's proffered testimony will be both relevant and reliable, thereby truly assisting the trier of fact. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). Without establishing that an expert witness has the requisite scientific, technical or other specialized *knowledge* to form a reliable opinion on a matter at issue, the Court risks having mere subjective beliefs or speculation being presented to the jury in the guise of expert opinion. *Daubert*, 509 U.S. at 590.

A review of Mr. Alexander's *curriculum vitae*, *Preliminary Report of the Ferguson Incident* (the "Report") and deposition testimony reveals that he is a mechanical engineer. He opines that: (i) the Allied Defendants' corrective actions in the face of the problem that cables were rusting

were improper, and (ii) the Allied Defendants created an unsafe work condition by not properly maintaining the cables to a degree of substantial certainty. Mr. Alexander, however, possesses no technical or other specialized knowledge in the field of occupational safety or risk management. Other than stating that safety is of paramount importance to a mechanical engineer (Alexander dep. 101-102), he is a mere layman on those issues. Mr. Alexander merely states his subjective beliefs on the issue of the degree of foreseeability of Mr. Ferguson's accident in the guise of expert opinion. He simply lacks the requisite technical or other specialized knowledge to render an opinion on that issue.

     To bolster Mr. Alexander as a relevant expert witness, plaintiffs point to the Report to support their position that he does not merely make unwarranted legal arguments, but rather, "he accurately referred to the record of this case in arriving at [eleven] specific conclusions as to why the safety cable failed in this case causing the severe injuries to Plaintiff, David E. Ferguson." (Memo Contra at 3 and Exhibit C thereto at p. 36)  Plaintiffs assure us that "[a]ll of the findings are supported by the previous analysis and discussion contained in the body of the [R]eport." (Memo Contra at 3)  However, those conclusions have absolutely no legal or practical bearing on plaintiffs' claims against the Allied Defendants of a *Blankenship* employer intentional tort and a derivative loss of consortium. They will not assist the trier of fact in determining whether Mr. Ferguson's accident was a substantial certainty.

     While Mr. Alexander's training and experience might be helpful in relation to plaintiffs' other claims, he will not assist the trier of fact in this matter to decide whether the Allied Defendants' conduct made it substantially certain that plaintiff David Ferguson would be injured in the course of his employment. Frankly, that question is a factual issue that must be decided from the evidence by the Court on the Allied Defendants' motion for summary judgment or, if necessary, the jury, but certainly

not by Mr. Alexander. He does not possess the necessary knowledge required by Fed. R. Evid. 702, *Daubert* and *Kumho Tire* to testify as an expert witness in this matter with regard to the issues related to the Allied Defendants.

### III. CONCLUSION.

For the reasons set forth above and within our Opening Brief, the testimony of plaintiffs' expert, Gabriel Alexander, P.E., should be excluded in accordance with the previously tendered *Order*.

Respectfully submitted,

s/Robert A. Winter, Jr.
Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)
Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

OF COUNSEL:

Hemmer Spoor Pangburn DeFrank PLLC
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served either electronically or by depositing the same into the United States Mails, first class postage prepaid, on this 19th day of November 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

s/Robert A. Winter, Jr.
Robert A. Winter, Jr.

S:\DMA\Allied\Ferguson\pleadings\reply memorandum (mot. to exclude).wpd