UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID FERGUSON, ET AL. : | |
| : | Case No.  C-1-02-039 |
| **Plaintiffs** : | |
| : | Judge Herman J. Weber |
| v. : | |
| : | **DEFENDANTS' JOINT MOTION FOR** |
| RYDER AUTOMOTIVE CARRIER : | **ENTRY OF AN ORDER AMENDING** |
| SERVICES, INC., ET AL. : | **THE SCHEDULING ORDER** |
| : | |
| **Defendants** : | |

Defendants jointly move for the entry of an *Order* amending the *Scheduling Order* (Doc. 22) entered in this action due to the recent continuance of trial from the December 2003 term to the May 2004 term (Doc. 141).  Defendants specifically move that:

1. numbered paragraph 3 of the *Scheduling Order* be amended to reflect a new discovery cut-off date of Monday, February 2, 2004; and

2. numbered paragraph 2 of the Scheduling Order be amended to reflect that defendants shall comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure with regard to damages experts no later than Monday, February 23, 2004.

In support of their joint motion, defendants state as follows:

Defendants recently received copies of medical records from plaintiff David E. Ferguson's pain management physician, Mitchell E. Simons, M.D., tending to indicate that a recent MRI allegedly shows a tear at an unspecified disc and that said tear "obviously is due to the sciatica problem and the sprain/strain situation that is all work related."  At the risk of understatement, defendants are highly skeptical about Dr. Simon's diagnosis and statement of

1

causation.  Defendants believe that plaintiff's present back condition allegedly reflected by the MRI is actually related to degenerative changes in the spine attributable to aging and prior trauma to his back -- and not related to the alleged fall of September 7, 2000.

Until the present, plaintiff's complaints in his low back and legs were not definitively supported by objective medical evidence/tests and were not definitely linked to the events of September 7, 2000.  Thus, plaintiff treated with Dr. John Roberts, an orthopaedic surgeon, whose deposition was taken by defendants on February 4, 2003.  Dr. Roberts first saw plaintiff on January 2, 2001, and received an unremarkable history from plaintiff about past low back trauma or accidents.  (Exh. A, Roberts dep. 8-13)  However, Dr. Roberts learned for the first time immediately prior to his deposition that Mr. Ferguson had sustained several previous injuries to his back.  (Exh. A, *Id*. 20-30)  Dr. Roberts stated that the undisclosed history may be the cause for the neurologic symptoms that Mr. Ferguson reported to him.  (Exh. A, *Id*. 34-35)

In any event, Dr. Roberts opined that Mr. Ferguson was not a surgical candidate.  (Exh. A, *Id*. 17, and Exh. A thereto at page 6)  The only objective test that might support Mr. Ferguson's radicular-type pain complaints allegedly stemming from the events of September 7, 2000, is an EMG report, dated August 7, 2001, where the radiologist made "findings compatible with an old or chronic left L-5 radiculopathy (mild to moderate)."  (Exh. A., 28-30 and Exh. 1 thereto at page 9) Dr. Roberts could not definitively say that the old or chronic left L-5 radiculopathy was present prior to September 7, 2000.  Other than that, no other remarkable objective findings for chronic low back and leg pain were found.

As previously indicated, defendants recently received a medical record from Dr. Simons indicating that Mr. Ferguson "continues to have trouble with pain in his back and leg and actually it has gotten worst lately.  **The MRI shows actually a tear in his disc and that is**

2

**something we need to address because obviously it is due to the sciatica problem and the sprain/strain situation that is all work related**." (Exh. B, Dr. Simon's note of 7/17/03, emphasis added)  The MRI is new, as is the alleged disc tear.  Defendants do not share Dr. Simon's initial belief that his present condition is related to the accident.  Further, Mr. Ferguson is undergoing an IME in his workers' compensation claim before Dr. Ron M. Koppenhoefer who may shed some light on this issue.

It is approximately five months until the May 2004 trial term.  Additional time is needed for defendants to flush out the nature and scope of the new disc tear and to address Mr. Ferguson's condition with their own medical proof.  Defendants suggest that all parties be granted until February 2, 2004, to conduct additional discovery on this and other matters.  Defendants shall then have until February 23, 2004, to update their expert witness compliance under Fed. R. Civ. P. 26(a)(2).  Defendants do not seek to add any liability experts and will restrict their disclosures to damages experts.  Defendants are unaware of any prejudice flowing to plaintiffs as a result of the extension of discovery and for defendants to identify any new medical experts.  Plaintiff should be able to take any expert depositions of those witnesses following February 23, 2004.

Additionally, the Allied Defendants have recently identified two new fact witnesses in response to argument presented by plaintiffs within the latters' various legal memoranda – Scott Macaulay and Lynn Buckhalt.  The identification of those witnesses is the subject of plaintiffs' motion to quash/strike their testimony (Doc. 140).  By granting an enlargement to the discovery cut-off date, sufficient time will be available to depose the witnesses.  The motion (Doc. 140) should be rendered moot by granting the requested extension.

WHEREFORE, defendants pray that this Court: (i) grant their joint motion to amend the *Scheduling Order* (Doc. 22), and (ii) extend the discovery cut-off date to February 2, 2004, (iii) enlarge defendants' deadline for complying with Fed. R. Civ. P. 26(a)(2) to February 20, 2004, in accordance with the proposed *Order* tendered contemporaneously herewith.

        Respectfully submitted,

        s/Robert A. Winter, Jr.
        Robert A. Winter, Jr. (0038673)
        250 Grandview Drive, Suite 200
        Ft. Mitchell, KY 41017
        (859) 344-1188
        (859) 578-3869 (fax)
        Trial attorney for defendants Allied Systems, Ltd.
        and Allied Automotive Group, Inc.

        s/K. Roger Schoeni
        K. Roger Schoeni, Esq. (82813)
        Kohnen & Patton LLP
        PNC Center, Suite 800
        201 East Fifth Street
        Cincinnati, OH 45202
        (513) 381-0656
        (513) 381-5823 fax
        Trial attorney for defendants Ryder System, Inc., et al.

        s/David E. Larson
        David E. Larson, Esq. (Mo. Bar #27146)
        Larson & Larson PC
        11300 Tomahawk Creek Parkway
        Suite 310
        Leawood, KS 66211

(913) 253-3100
(913) 253-3109 fax
Attorney for defendant Ryder System, Inc.


s/Craig R. Paulus
Craig R. Paulus, Esq.  (074352)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513)381-2838
(513) 381-0205 fax
Trial attorney for defendant Hanes Supply, Inc.


## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served either electronically or by depositing the same into the United States Mails, first class postage prepaid, on this 16th day of December 2003, to:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231


s/Robert A. Winter, Jr.
Robert A. Winter, Jr.

S:\DMA\Allied\Ferguson\pleadings\joint motion to amend scheduling order.wpd