UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DAVID FERGUSON ET AL.,**<br>PLAINTIFFS<br><br>VS.<br><br>**RYDER AUTOMOTIVE CARRIER SERVICES, INC., ET AL.,**<br>DEFENDANTS | CASE NO. C-1-02-039<br>(WEBER, J.)<br>(HOGAN, M.J.) |

### ORDER

Before the Court is the Motion of Defendant Hanes Supply Inc.'s Motion to Strike the Errata of Witness William Weaver (Doc. 87), the Memorandum in Opposition (Doc. 92) and Defendant Hanes' Reply (Doc. 95). For the reasons which follow, Hanes' Motion is denied.

### BACKGROUND INFORMATION

Plaintiff was injured when he fell from the top of a truck owned by one of the Allied Defendants. The alleged cause of the fall was the breakage of a safety cable, allegedly manufactured by Hanes Supply, Inc. Despite Allied's policy of retaining equipment involved in accidents, Allied has been unable to produce the broken cable. Wire rope used to fabricate the cable was purchased by Hanes from one of several unknown Korean manufacturers. An internal thread identifier, found in the rope, would identify the manufacturer of the rope. There is pending a cross-claim by Hanes against Allied for spoliation of the evidence, to wit: the broken cable. Plaintiff has a similar motion which is not the subject of this decision. (*See* Doc. 76).

A deposition was taken by Plaintiffs on February 20, 2003 of William Weaver, an employee of Allied and the maintenance manager of Allied's terminal in Moraine, Ohio. Weaver testified that the day after Plaintiff's accident, Weaver asked Mike Palladino, Allied's

Safety Supervisor, what happened to the cable and was told by Palladino that Palladino had it. On March 30, 2003, Weaver signed the eratta sheet provided by the court reporter and changed his deposition testimony. Weaver then said that when he asked Palladino if he had the cable, Palladino replied "Well, I've got a cable." The change, of course is significant. According to Weaver's revised statement, Palladino admitted possession of *a* cable, not necessarily *the* cable involved in the Ferguson accident. Hanes Supply complains that the broken cable has never been produced and that without the broken cable, Hanes Supply cannot identify the wire manufacturer and file a claim for indemnification.

### HANES SUPPLY INC.'S ARGUMENT

The proponent of this Motion to Strike argues that Mr. Weaver gave no reason for the change in his testimony, which it is argued, violates Rule 30(e). Hanes Supply Inc. then supplies the reason by suggesting that Mr. Weaver reacted to the Hanes Supply's filing of a Motion to Amend the Complaint, which added a spoliation claim, and the timing of the Motion, which occurred two weeks previous to Mr. Weaver's preparation of the eratta. In other words, Hanes Supply suggests that Mr. Weaver altered his testimony in an effort to protect his employer from the spoliation claim of Hanes Supply. The second basis for striking the eratta, according to Hanes Supply, is that the eratta was prepared out of time in violation of the 30-day limitation set by Rule 30. Additionally, Hanes Supply fears that Allied will use the corrected version of Mr. Weaver's testimony in support of its summary judgment motion and that such use will prove prejudicial to Hanes Supply on its spoliation claim.

### ALLIED'S ARGUMENT

Allied's argument is that rule 30(e) permits changes in the substantive nature of the testimony. Allied also argues that the substantive change was mailed to the court reporter on April 7, 2003, which is approximately three months prior to the discovery deadline of July 9, 2003 and that Hanes Supply did not attempt to take a second deposition of Mr. Weaver.

### OPINION

We regard the timing of Weaver's errata to be insignificant when related to the timing of Hanes Supply's Motion for Leave to file a cross-claim against Allied. Hanes Supply's Motion for Leave was filed on March 11, 2003; Weaver's errata sheet was filed on March 30, 2003. The timing issue with respect to motions for summary judgment is more significant.

Hanes Supply has not moved for Summary Judgment on the spoliation issue against Allied. Plaintiff, however, has, and on the discovery deadline of July 9, 2003. It is significant that Plaintiff cited both the deposition testimony of Weaver and his eratta sheet. (*See* Doc. 76) If Hanes Supply did so move, we would expect it to rely upon Weaver's original deposition testimony and ignore the substantive change made by Weaver on March 30, 2003. In ruling upon Hanes' anticipated Motion for Summary Judgment, an entity in Allied's position would hope either that the court would accept the corrected version of Weaver's testimony and thereby conclude that there was an issue of fact, whether the cable possessed by Allied was the same cable that was involved in the accident, or the court would find the entire testimony of Weaver, including the errata, to be ambiguous and subject to the credibility determinations of the jury. Either scenario, of course, gets the spoliation issue to the jury and gets Allied past any party's motion for summary judgment. Whether or not Allied obtains such a benefit depends on the language of Rule 30(e) and the interpretation of the Rule by other courts.

The Rule permits a deponent to make changes "in form or substance" to his/her deposition if the request to review the deposition is made by the deponent before completion of the deposition and the changes are made within 30 days after notice by the court reporter that the transcript is available. The protocol required by the Rule is that the deponent shall "sign a statement reciting the changes and the reasons given by the deponent for making them" and the court reporter shall attach the changes to the deposition. *See* Rule 30(e). We all know that the local custom is for the court reporter to inquire after the deposition is completed and before leaving the scene whether the deponent wishes to "waive signature" and if the answer is negative, the court reporter proceeds as required by the Rule.

Hanes Supply's first concern is that the errata was prepared in a deliberate effort to avoid summary judgment against Allied on the spoliation claim. Inherent in this argument is the concession that should the Court deny Hanes Supply's hypothetical motion, it still has an opportunity to obtain a judgment on the spoliation claim at trial. Hanes Supply's second concern reflects a misreading of Rule 30(e). The deponent does not have 30 days from the date of the

deposition to make changes; the deponent has 30 days from the date the transcript is available to make changes.  The record is silent on when the transcript was available, and this Court cannot assume that Weaver was presented with the transcript in approximately 10 days after his deposition on February 20, 2003.  Weaver's errata was signed on March 30, 2003.  Thus Mr. Weaver's changes were not in violation of Rule 30(e) simply because he made them out of time.

Hanes Supply also objects to Weaver's errata because, it its view, Weaver did not give an explanation for the changes.  We disagree.  Weaver's explanation was that his original testimony was incorrect.  Hanes Supply further objects to Weaver's errata because he made changes of substance.  He certainly did, but the express language of Rule 30(e) gives him that option.  We fail to see the difference between a deponent submitting an errata sheet and a witness being subject to redirect examination at trial.  Either situation is subject to rehabilitation and neither permits an original answer to be disregarded.

Although trial courts sometimes see it differently, as is reflected by the precedents cited to us in the briefs, we believe that our former colleague, Magistrate Judge Sherman, got it right when he decided a similar motion in *United States v. Piqua Engineering, Inc.*, 152 F.R.D. 565 (S.D. Ohio 1993).  Both the original deposition testimony of Mr. Weaver, as well as his errata sheet remain in the evidence base.  *See Foutz v. The Town of Vinton, Virginia*, 211 F.R.D. 293 (W.D. Va., 2002).

**IT IS THEREFORE ORDERED THAT**:

Defendant, Hanes Supply, Inc.'s Motion to Strike the Errata Sheet of William C. Weaver (Doc. 87) is DENIED.

December 16, 2003                                    s/Timothy S. Hogan

                                                     Timothy S. Hogan
                                                     United States Magistrate Judge