UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.

             Plaintiff,

                                                                 C-1-02-039

  -v-

RYDER AUTOMOTIVE, et al.,                      Judge Weber

             Defendants.

<u>PLAINTIFF'S OBJECTION AND ANSWER TO DEFENDANTS' JOINT MOTION
FOR AN ENTRY OF AN ORDER AMENDING THE SCHEDULING ORDER</u>

      Plaintiffs strenuously object to Defendants' Motion to Amend this Court's Scheduling Order. This is Defendants second such motion. All three Defendants have given no reason why they never named any "damage experts." The Defendants, in their joint motion, ask that they be allowed to now name "damage experts." Plaintiff has named three doctors as medical experts under Rule 26 as ordered by the Court and the Scheduling Order of the Court. Those experts are Dr. Simons, Dr. Roberts and Dr. McTigue. Plaintiff named these experts pursuant to this Court's Order as early as October, 2002. Plaintiff has provided Medical Authorizations to Defendants to obtain all the medical records of Mr. Ferguson as early as October, 2002. In fact, a whole banker's box is full in Plaintiff's Attorney's office of medical records obtained by the Defendants. At one point in time, the Defendants even complained that Plaintiff's Rule 26A disclosures were too voluminous. This Court has already granted Defendants one extension of time to file expert disclosures, one Amended Scheduling Order and continued the trial in this matter. The trial was originally set for the August trial term and the Court continued same to the December trial term. Now Defendants want another extension of time to file expert disclosures without any explanation why Defendants did not do an IME or obtain a medical expert.

Defendants have always known of the medical condition of Mr. Ferguson which is on-going and has always been on-going. The Defendants never once, not one of them, identified the name of any "damage experts."

Plaintiff also named and provided reports of a vocational expert and an economist pursuant to Rule 26 by the expert cut-off date of March 3, 2003. NOT ONE OF THESE THREE DEFENDANTS AT ANY TIME NAMED ANY EXPERT IN ANY OF THE AREAS OF DAMAGES although Defendants had ample opportunity to do same and knew all the facts that are pertinent to this case. Now the Defendants, after expert witness cut-off, after discovery cut-off, after motion cut-off, want to again reopen discovery. Plaintiff has objected before and continues to object to reopening the discovery in this case. (Doc. 140, filed 10-13-03).

Defendants have a history of filing late Rule 26 disclosures, late witnesses lists and late discovery revelations. This has been well documented by the pleadings in this case and Plaintiffs will not rehash same.

Plaintiff Mr. Ferguson, on the other hand, has meticulously followed this Court's Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure. However, Defendants have not done same and continually abuse the Scheduling Orders and Rule 26 as pointed out by Plaintiff in previous motions.

Contrary to Defendants' blanket assertion, Plaintiff Mr. Ferguson is extremely prejudiced by Defendants' actions as Plaintiff has previously indicated to this Court. Plaintiff does NOT want to reopen discovery. Enough discovery has taken place in this case. Again, this is another attempt by Defendants to just outspend Plaintiff in the instant case. Three Defendants with four capable counsel have had over two years to name "damage experts" including but not limited to

medical experts. The three Defendants never requested an independent medical exam (IME) of Plaintiff. All four attorneys have ample experience. For whatever tactical reason, they decided not to have an IME or name any "damage experts". This Motion of Defendants is beyond all time perimeters as set forth in the Court's Scheduling Order and under Rule 26 orders. Rule 26 must stand for something.

As will be seen in review of the medical records that have been in the possession of the three Defendants from the beginning, there is nothing new in these records. It was the Defendants' decision not to name any "damage experts" after extensive discovery and an extensive amount of time. It was also Defendants' decision not to have an independent medical examination (IME) of Plaintiff. A review of the record needs to be stated as succinctly as possible.

On August 1, 2002, (Doc. 29), Second Amended Complaint With Jury Demand was filed adding Hanes Supply Company. On October 25, 2002, (Doc. 39) Rule 26 disclosures by Plaintiff, David Ferguson was filed. On November 1, 2002, (Doc 41) Status Report by Plaintiff and Defendants was filed. On November 21, 2002, Plaintiff David Ferguson was deposed. At that deposition he gave his complete medical history. Medical records were exchanged prior to his deposition. Medical Authorizations were provided to Defendants. Defendants have obtained all the medical records of Mr. Ferguson. Mr. Ferguson, on Page 162 of his deposition said that Dr. Roberts had told him that he might have to fuse his spine and that if he did, Mr. Ferguson would never work again (Ferguson depo previously filed, P.162). At that time, Defendants were all on notice that they might need an expert witness in medicals and/or to obtain an (IME) independent medical exam.

On December 17, 2002, Defendant Ryder Systems and Commercial Carriers sent out a further Notice to take the deposition of Dr. John Roberts, one of Plaintiff's medical experts. That deposition was taken on February 4, 2003. As of that date, Defendants knew what the issues were in the instant case and had all records. By that date, Plaintiff also had named and provided reports of a Dr. McTigue. Defendants did not choose to depose Dr. McTigue. By that date, Plaintiff also named and provided the reports for Dr. Simons. Defendants did not choose to depose Dr. Simons.

On the original Scheduling Order in the instant case filed June 24, 2002, Defendant were to have until March 3, 2003 to file their Rule 26(A)(2) disclosures. The discovery cut-off was set at April 14, 2003. On February 3, 2003, the Court ordered that Plaintiff has until March 3, 2003, to name experts and provide reports. Defendants had until April 3, 2003 (Doc. 46). On February 27, 2003 (Doc. 48), the Court ordered that Plaintiff has until March 24, 2003, to submit expert reports and Defendants had until April 24, 2003. On March 24, 2003, a witness list, expert reports were submitted by Plaintiff David Ferguson (Doc. 50). On April 23, 2003, a stipulation of the parties allowed Defendants' expert disclosures be made by May 16, 2003 (Doc. 52). On April 28. 2003, a notation order by Honorable Judge Herman J. Weber granted a stipulation extending until May 16, 2003, for the Defendants to file expert disclosures. On May 15, 2003 (Doc. 61), an Amended Scheduling Order by Judge Weber granting until June 9, 2003, time to file expert reports for Defendants. This Court set the motion filing deadline for July 9, 2003, summary judgment responses due by September 22, 2003, jury trial set for December, 2003. On May 19, 2003 (Doc. 65), Expert Witness List was submitted by Defendant Allied. On June 9, 2003, Expert Witness list was submitted by Defendant Ryder System and Commercial

Carriers, Inc. It should be noted that Defendant Hanes has named no expert witnesses whatsoever. The three Defendants did not name any "damage experts."

Obviously, Defendants have had ample time to name expert witnesses in "damages." Plaintiff has provided to the Defendants their experts, not only doctors but vocational experts and economists with the damage figure attached as Exhibits 1 and 2. Defendants have had a previous continuance to name experts and have previously amended the Scheduling Order. It is now too late to name expert witnesses and to reopen this case. Defendants have now tried twice to reopen discovery for no reason other than spend Plaintiff out of this case. This matter was set on the December trial, discovery was completed and this matter could have gone to trial in December. There is no reason now to reopen the whole case which Defendant is requesting both for "liability" and "damages" so Defendants can name a bunch more experts which will just cost more money to Plaintiff. For whatever reason, these four capable defense attorneys did not seek an IME which would have been done in any type of injury case. Why four defense attorneys did not seek an independent medical opinion (IME) of Plaintiff is not for Plaintiff to surmise. These four Defense attorneys are obviously capable of making their own decisions and did.

Defendants try and squeeze in this Motion for "damage experts" by saying that there is new evidence in the instant case. This is untrue. There is not new evidence and the Defendants have known Plaintiff's medical condition from the beginning. In Exhibit 3 attached hereto, Defendants admit that Plaintiff had sciatica damage from this accident. Defendants admitted same on October 23, 2000. Attached is the document in which Defendants admit same. Sciatica deals with nerve pain in the leg. (Exhibit 3).

Defendants, in their Motion, state that there is no objective medical evidence. However,

5

as shown, Defendants have already admitted that there's objective medical evidence by Defendants' allowing a claim for sciatica nerve damage (Exhibit 3). Further objective findings are also found.

An MRI taken on December 14, 2000, (Exhibit 4) of which Defendants have had a copy since the 26A Disclosures by the Plaintiff and the First Set of Interrogatories and Request For Production requested by Defendant of Plaintiff shows objective findings. Defendants have had this information since prior to Mr. Ferguson's deposition in November, 2002. The MRI of December 14, 2000, shows that there is a small bulging disc at L5-S1 and that there is a mild posterial apophyseal joint arthropathy. Furthermore, a CT scan report (Exhibit 5), taken on August 13, 2001, concludes there is a minor central disc bulge L4-5 and a shallow central focal disc protrusion L5-S1. This was provided to Defendant with discovery request, with the 26A Disclosures and with Authorizations signed by Plaintiff. These were all provided prior to the deposition of Plaintiff Ferguson taken on November 21, 2002.

Further, Defendants mischaracterize Dr. John Roberts's deposition as Dr. John Roberts has testified that the cat scan taken on August 31, 2001 shows a depression in the nerve roots and that left leg symptoms show on the cat scan due to this matter at the L5-S1 level (Robert depo P.19). Dr. Roberts goes on on Page 30 and says that the Plaintiff Mr. Ferguson did not have prior to this accident the L5-S1 radiculopathy. Again, Defendants choose not to depose Dr. Simons or Dr. McTigue or get an IME. Mr. Robert's deposition was taken in February 4, 2003.

Furthermore, Defendants in this Joint Motion admit that they have known of Mr. Ferguson's Worker's Compensation case. Defendants have knowledge of the Worker's Compensation claim since one of the defense firms is representing Allied in the Worker's

Compensation claim.  Furthermore, Plaintiff gave a written Authorization to Defendants to obtain all of Mr. Ferguson's Worker's Compensation records.  Defendants knew that Plaintiff David Ferguson was on temporary total disability.  Defendants certified that he has sciatic nerve damage.  Defendants knew Mr. Ferguson is continuing to have ongoing treatment.  There is nothing new at it relates to this matter.  Defendants knew of the nerve impingement as the August, 2001.  The MRI and cat scans show a central protrusion at the L5-S1 level and disc bulge L4-5.  Again, all these records were provided to Defendants and all three doctors were available for depositions.

What is even of more consequence is that of February 24, 2003, Defendants, before any discovery cut-off and/or expert disclosure deadline had an opinion written by Dr. Sheriden for the law firm of Allied which in fact discusses the very same things that they now file in a Joint Motion to Amend the Scheduling Order.  (Exhibit 6).  Why didn't Defendants name Dr. Sheriden as an expert witness?  It is clear from Dr. Sheriden's letter to Defendants' attorneys that Defendants were in full knowledge of the medical condition of Plaintiff.

Finally, the MRI to which Defendants refer does not state what they claim.  The MRI attached as Exhibit 7 says that this is indicative of a small tear at the L4-L5 level.  However, Defendants knew about any damage at the L4-L5 level from the prior reports and doctors' testimony.  Not only that, but it was available to them to depose same.  Defendants have had all the medical records for quite some time.  Defendants deposed Dr. Robert but did not depose Dr. Simons.  Dr. Simon was available however Defendants choose not to depose Dr. Simons.  This is not Plaintiff's fault.  Dr. McTigue was available; however, Defendants chose not to depose Dr. McTigue.  This is not Plaintiff's fault.  The three defendants have four very capable attorneys.

Further, Defendants could have required Plaintiff to be examined by a doctor of their choosing and chose not to do same.

If this court reopens discovery, Defendants are asking that discovery be reopened as to "liability" and as to "damage experts." That would mean that reopened discovery would include at least two, three maybe five witnesses on liability. Also, it could include medical doctors, independent medical examinations, damage experts which could include economists, psychiatrists and vocational experts. All of these were disclosed by Plaintiff who has meticulously filed this Court's Scheduling Order. Defendants have refused to follow this Court Scheduling Order in the past filing late witnesses, late 26 disclosures and late demonstrative evidence. Therefore, Plaintiff would be extremely prejudiced if this Court grants the Joint Motion of all Defendants. There is no reason that these Defendants could not have named a medical expert pursuant to these Court Orders or gotten an independent medical examination (IME) or deposed Dr. Simons or deposed Dr. McTigue. However, not one of the four defense attorneys decided to do same. That was a tactical decision of Defendants and not an oversight.

WHEREFORE, Plaintiff moves this Court to not prejudice the Plaintiff's claim by granting the Joint Motion for a Second Amendment by Defendants of the Scheduling Order. Plaintiff respectfully asks the Court to deny the Motion in its entirety.

Respectfully submitted,

s/Thomas R. Koustmer
Thomas R. Koustmer   (0008410)
Attorney for Plaintiff
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio 45202

                (513) 621-3616
                Email: plpaige@aol.com

                <u>s/Michael J. Honerlaw</u>
                Michael J. Honerlaw (0034469)
                Attorney for Plaintiff
                Honerlaw & Honerlaw Co., L.P.A.
                9227 Winton Road
                Cincinnati, Ohio  45231
                Email: mike@honerlaw.com

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a copy of the foregoing was served via electronic transmission or ordinary U.S. Mail to the following 22nd day of December, 2003.

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, Ohio  45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;
and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800

Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.


                                                  <u>s/Thomas R. Koustmer</u>
                                                  Thomas R. Koustmer
                                                  Attorney for Plaintiff