UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON, et al.

    Plaintiff,

                                                                                C-1-02-039

-v-

RYDER AUTOMOTIVE, et al.,                          Judge Weber

    Defendants.

<u>PLAINTIFF'S UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF RESPONSE TO DEFENDANT RYDER SYSTEMS, INC., MOTION FOR SUMMARY JUDGMENT</u>

    1.    Commercial Carriers, Inc., and Ryder Systems, Inc., have and have had commonality of ownership and commonality of officers and directors.

<u>"Order Magistrate Proud, United States District Court Southern District of Illinois" attached to Koustmer Affidavit filed 07/08/03</u>

    2.    The confusing corporate structure of all the Defendants (ie. CCI, Ryder and Allied) except Hanes Supply is stated as follows:

> "Delavan was a Ryder System, Inc., subsidiary which was merged in 1992 with the Ryder subsidiary of Ryder Automotive Operations, Inc. In 1994 Delavan's assets were transferred from Ryder Automotive Operations, Inc., to the Ryder subsidiary of Commercial Carriers, Inc. (CCI).
>
> GACS was formed in the Spring of 1998 as a result of the merger of Ryder Automotive Carrier Services, Inc. and Ryder Automotive Operations, Inc. *See Doc. 20.* Prior to September 30, 1997, Ryder Automotive Operations, Inc. was the parent corporation for CCI. *Id.* Prior to September, 1997, CCI was a wholly owned subsidiary of Ryder Automotive Operations, Inc. which in turn was a wholly owned subsidiary of Ryder Automotive Carrier Services, Inc. *See Doc. 5.* Ryder Automotive Carrier Services was sold in September, 1997. *Id.* Following the sale of Ryder Automotive Carrier Services, it and Ryder Automotive Operations, Inc. were merged, with the surviving corporation known as GACS, Inc., *Id.*
>
> GACS, Inc.'s name was changed from Allied ACS, Inc. on March 26, 1998. Allied ACS was formerly known as Ryder Automotive Carrier Services,

Inc. Its name was changed to Allied ACS, Inc. on February 26, 1998. *Doc. 4, Ex. 4*. Commercial Carriers, Inc. was merged with several entities (CCI, Ryder Commercial Transportation, Inc., Consolidated Convoy Company, Port Terminal Transportation, Inc. M & G Convoy, Inc. and Complete Auto Transit, Inc.) with the surviving corporation being CCI, a Michigan corporation. *Id.* CCI, as a wholly owned subsidiary of Ryder Automotive Operations, Inc. was included in the sale of Ryder Automotive Carrier Services, Inc. the parent of Ryder Automotive Operations, Inc. on September 30, 1997.

Allied Holdings, Inc. is a holding company which operates through its wholly owned subsidiaries. *Doc. 45, Ex. M*. The principal operating divisions of Allied Holdings are Allied Automotive Group, Inc., and Axis Group, Inc. *Id.* Allied Holdings, Inc. acquired Ryder Automotive Carrier Services, and RC Management Corp. on September 30, 1987. *Id.* Allied Holdings, Inc. has four additional operating divisions: Allied Industries, Inc. Haul Insurance Limited, Link Information Systems, Inc. and Haul Risk Management Services, Inc. Haul Risk Management Services, Inc. administers workers compensation claims for individuals such as plaintiff.

Several Allied entities share the same address: Haul Risk; Allied Automotive Group, Allied Holdings, Inc. Allied Industries, Allied Systems, Ltd. and Ryder Automotive Acquisition, L.L.C., CCI, GACS, Inc. and Allied Systems, Ltd. have the same registered agent."

Order of Magistrate Proud, United States District Court, Southern District of Illinois, attached to Koustmer Affidavit filed 07/08/03

    3.    Defendant Ryder's subsidiary companies are in a constant state of merger, dissolution and liquidation.

    4.    The very issue raised here has been litigated and decided against Ryder System, Inc., in *Torbitt v. Ryder Systems Inc.*, United States District Court, Eastern District of Missouri (Attached); *Sivula, et al., v. Ryder Systems, Inc.*, United States District Court for the District of Colorado. (Attached); *Dreyer, et al., v. Ryder Automotive Carrier Corp., et al.*, United States District Court Western District of New York, (Attached) and *Milford v. Commercial Carriers, et*

*al.*, 201 F. Supp.2d 287 (N.D. IL 2002).

    5.    Defendant Ryder Systems, Inc., and subsidiaries being represented by current counsel Mr. Larson have used this constant corporate flux to avoid paying a judgment into a Court.

    <u>Affidavit of Brian M. Wnedler attached Exhibit 4.</u>

    6.    That Defendant Ryder Systems, Inc., cannot deny in this United States District Court what Ryder Systems, Inc., has admitted in other United States District Courts.

    7.    The United States District Court Western District of New York in *Dreyer, et al., v. Ryder Automotive, et al*, 98-CV-082A attached Exhibit 3, P.4 states:

    "The Court further notes that summary judgment is inappropriate in this case, if for no other reason, because of RSI's confusing corporate structure. Other courts have echoed the holding in Milford, and have raised questions about the direct responsibility of RSI. In doing so, these courts too have expressed confusion about RSI's corporate structure."

    8.    Allied assumed the liabilities of all the trailers that had been built by Commercial Carrier, Inc.

    <u>Terzain depo P.67</u>

    9.    Commercial Carriers, Inc., still exists as a subsidiary of Allied Systems, Inc.

    <u>Terzain depo Pp. 68, 69</u>

    10.    Mr. Terzain testified that:

        A.    They were a -- Commercial Carriers was a subsidiary of Ryder Automotive Carrier Services, which was a subsidiary of Ryder Automotive,

which was a subsidiary of Ryder Service -- Ryder Systems, Inc.

    Q.  You think I got it. From my -- from what you've told me, Commercial Carriers, Inc., was a subsidiary of?

    A.  RACS, Ryder Automotive Carrier Services.

    Q.  Okay.

    A.  Which was --

    Q.  Which was a subsidiary of Ryder Systems, Inc.?

    A.  That's correct. Yes, sir.

    Q.  Okay. I -- at the time, '94, '95 when --

    A.  That's correct, yes.

    Q.  -- we're involved with fitting these trucks with cables?

    A.  Well, no, no, no. Let me -- let me be more specific.

    Q.  Okay.

    A.  Ryder Automotive Carrier Services never came into existence until 1996. CCI was a subsidiary of RAOI, which was a subsidiary of RACG. RACG changed its name in 1996 to RACS. I just wanted to be specific because you mentioned '94, '95 and there was no RACS in '94, '95.

    Q.  Okay. So that's -- the name was changed?

    A.  Yes, sir. In 1996.

    Q.  Okay. But, Ryder Systems, Inc., they were all a subsidiary of Ryder Systems, Inc.?

    A.  Well, Ryder Systems, RACG, Ryder Automotive Carrier Group

was a subsidiary of Ryder System, Inc. Ryder Automotive Operations, Inc., was a subsidiary of Ryder Automotive Carrier Group. CCI was a subsidiary of Ryder Automotive Operations Inc.

    Q.    And it goes up to the Ruder systems, Inc.?

    A.    Yes, sir.

    MR LARSON:    The ultimate parent through that period of time up until '97 was Ryder System, Inc.

<u>Terzain depo Pp. 70-71</u>

    11.    The Defendants and their departments have made conflicting statements concerning the corporate structure and responsibilities.

    12.    Commercial Carriers, Inc., owned by Ryder Systems between 1994 and 1997 when this cable was produced and designed.

<u>Bevilaqua depo P5</u>

    13.    RSI withheld injury reports from its subsidiaries.

    14.    CCI is a part of Ryder Automotive Carrier Division.

    15.    RSI appoints directors, oversees financial operations, approves expenditures over one million dollars of its subsidiaries including CCI.

    16.    RSI provides legal representation, advertising and tax accounting to subsidiaries including CCI.

    17.    RSI makes certain policy regarding drug testing, polygraph testing and affirmative action for subsidiaries including CCI.

    18.    RSI conducted safety studies involving subsidiaries including CCI and

commissioned an ergonomic report on trailer injuries.

      Summary judgment is inappropriate because genuine material facts exist as whether RSI controlled the finances, policy and business practices of CCI and further summary judgment is inappropriate in this case if for no other reason because of RSI's confusing corporate structure. Summary Judgment is inappropriate because the corporate structure is used to avoid collectability of judgments. Summary judgment is denied.

                                                                   Respectfully submitted,

                                                      _____

                                                      Thomas R. Koustmer (0008410)
                                                      Attorney for Plaintiff
                                                     1800 Federated Building
                                                     7 West Seventh Street
                                                     Cincinnati, Ohio 45202
                                                     (513) 621-3616

                                                     _____

                                                     Michael J. Honerlaw, Esq.
                                                     Attorney for Plaintiff
                                                     Honerlaw & Honerlaw Co., L.P.A.
                                                     9227 Winton Road
                                                     Cincinnati, Ohio 45231

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served by electronic transmission or Ordinary U.S. Mail to the following this _____ day of September, 2003:

Kenneth Robert Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 381-0656
Attorney for Defendants, Ryder System Inc;

and Commercial Carriers, Inc.

David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway, Suite 310
Leawood, KS 66211
Attorney for Defendants Ryder System Inc.,
And Commercial Carriers, Inc.

Robert Albert Winter, Jr.
Hemmer Spoor Pangburn DeFrank & Kasson PLLC
250 Grandview Dr., Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
Attorney for Defendants, Allied Systems and
Allied Automotive Group

Craig R. Paulus, Esq.
Taft, Stettinius & Hollister LLP
PNC Center
201 E. Fifth St., Suite 800
Cincinnati, Ohio 45202-3957
Attorney for Defendant Hanes Supply, Inc.

                                                                                        _____
                                                                                        Thomas R. Koustmer
                                                                                        Attorney for Plaintiff

yellow/ryder/undisput.sj

181898.1:LA039-FE001
3/15/2004