UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID FERGUSON, et al. | : | Case No. C-1-02-39 |
| Plaintiffs, | : | Judge Weber |
| vs. | : | |
| | : | MOTION TO AMEND THE |
| RYDER AUTOMOTIVE, et al. | : | AMENDED COMPLAINT |
| Defendants. | : | |

      Pursuant to the Court's Order filed on Wednesday, March 24, 2004, and pursuant to Rule 15, of the Federal Rules of Civil Procedure, Plaintiff David Ferguson and Plaintiff Martha Ferguson move this Court for leave to file an Amended Complaint against Defendant Allied Systems, LTD., and Allied Automotive Group, Inc., collectively Allied based on evidence.

      The evidence demonstrates that the Plaintiffs have a spoliation of evidence cause of action against Allied. The assertion of this claim will not delay the trial in this case or require the extension of the discovery cutoff as a spoliation of evidence Cross Claim by Defendant Hanes has already been filed and ruled upon on a Motion For Summary Judgment.

      This case involves a claim for injuries sustained by Plaintiff David Ferguson in a fall from a car-hauling semi-truck. The truck was equipped with four wire roped cable assemblies commonly called "hand cables." One broke when Plaintiff put his weight on it causing him to fall off the top of the truck. The Plaintiff has brought an employer intentional tort claim against Defendant Allied and also product liability claims against Commercial Carriers, Inc., (CCI) and Hanes Supply, Inc.

      Plaintiffs allege that the truck's hand cable in question was defective.

      Allied destroyed or discarded the hand cable involved in Mr. Ferguson's accident.

Deposition testimony and other evidence has revealed three critical facts that now make a cause of action for spoliation of evidence against Allied.

First, Allied is affiliated with Defendant CCI and in fact, another Allied affiliate contractually assumed CCI's liability arising out of the manufacture of the truck. (Peter Terzain's deposition previously filed.) Furthermore, Affidavits filed by Defendant Allied's Mr. Macauley show that the parent corporation for both CCI and Allied is the same, namely Allied Holding, Inc. This shows a motive for the spoliation of evidence as the cable involved is important to Plaintiffs' liability claim.

Secondly, Allied has a practice of retaining all parts such as hand cables that were involved in injuries to workers. (Weaver deposition previously filed.) That practice was not followed in this case and is well documented that Allied had notice of other broken cables previous to Plaintiff David Ferguson's injury and the potential for litigation arising from injury to its drivers.

Lastly, both Defendants CCI and Hanes Supply have asserted that the expert of Plaintiff should not be permitted to testify and that his testimony is not relevant because of the fact that there is no cable to examine in the instant case. The Defendants CCI and Hanes Supply will use this issue before the jury to try and discredit of one of Plaintiff's theorys of the case. Defendant CCI's expert has rendered an opinion that he cannot render an opinion because there is not the actual cable in question and he furthermore states that Plaintiff's expert should not be able to render an opinion. Therefore, the destruction of the cable is a detriment to Plaintiff.

Plaintiffs have met all the spoliation of evidence requirements, namely, 1. Pending of probable litigation involving Plaintiff; 2. Knowledge on the part of Defendant that litigation

exists or is probable;  3. Willful destruction of evidence by Defendant designed to dispute Plaintiff's case;  4. Disruption of Plaintiff's case; and 5.  Damages proximately caused by Defendant's actions.

WHEREFORE, Plaintiffs would move this Court to allow them under Civil Rule 15 to move to amend their Amended Complaint to add a spoliation of evidence claim.

Respectfully submitted,

s/Thomas R. Koustmer
Thomas R. Koustmer   (0008410)
Attorney for Plaintiffs
1800 Federated Building
7 West Seventh Street
Cincinnati, Ohio  45202
(513) 621-3616
Email: plpaige@aol.com

s/Michael J. Honerlaw
Michael J. Honerlaw  (0034469)
Attorney for Plaintiff
Honerlaw & Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, Ohio  45231
(513) 931-2200
Email: mike@honerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon Robert A. Winter, Jr., Esq., Hemmer Spoor Pangburn DeFrank, 250 Grandview Drive, Suite 200, Ft. Mitchell, KY 41017, Craig R. Paulus, Esq., Taft, Stettinius & Hollister, 425 Walnut Street, Suite 1800, Cincinnati, OH  45202 and David E. Larson, Esq., Larson & Larson, 11300 Tomahawk Creek Pkway, Suite 310, Leawood, KS  66211 by electronic transmission on the _____ day of March, 2004.

s/ Thomas R. Koustmer
Attorney for Plaintiffs