## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| | CASE NO.  C-1-02-39 |
| DAVID FERGUSON AND MARTHA FERGUSON | |
| 5885 LAWRENCEBURG ROAD | JUDGE WEBER |
| HARRISON, OHIO 45030 | |
| | THIRD AMENDED COMPLAINT WITH JURY DEMAND |
| PLAINTIFFS, | |
| | |
| VS. | |
| | |
| COMMERCIAL CARRIERS, INC. | |
| C/O TELEGRAPH ROAD | |
| BINGHAM FALLS, MI 48025 | |
| | |
| Also Serve: | |
| | |
| COMMERCIAL CARRIERS, INC. | |
| C/O K. ROGER SCHOENI, ESQ. | |
| KOHNEN AND PATTON | |
| 1400 CAREW TOWER, 441 VINE ST. | |
| CINCINNATI, OHIO 45202 | |
| | |
| AND | |
| | |
| ALLIED SYSTEMS, INC. | |
| P.O. BOX 1025 | |
| DECATUR, GA 30031 | |
| | |
| AND | |
| | |
| ALLIED AUTOMOTIVE GROUP | |
| P.O. Box 1025 | |
| DECATUR, GA 30031 | |
| | |
| AND | |
| | |
| HANES SUPPLY, INC. | |
| 55 JONES E. CASEY DRIVE | |
| BUFFALO, NY 14206 | |
| | |
| DEFENDANTS. | |

Now comes the Plaintiffs, by and through counsel, Thomas R. Koustmer and Honerlaw and Honerlaw Co., LPA, and in support of their causes of action against the Defendants state as follows:

## JURISDICTION

Jurisdiction is conferred upon this Court by virtue of diversity of citizenship of the parties to this action, pursuant to 28 U.S.C. § 1332 between citizens of different states in an action with an amount in controversy exceeding $100,000.00 exclusive of interest and costs. The claimed injury occurred within the Southern District of Ohio Western Division, Plaintiff is a resident of the Southern District of Ohio Western Division and all Defendants do business in this District. Therefore, venue pursuant to 28 U.S.C. § 1391 is appropriate.

## COUNT I - PRODUCT LIABILITY

1. That the Plaintiffs, David and Martha Ferguson are residents of the State of Ohio.

2. That the Defendant, Ryder Automotive Operations, Inc. (Hereinafter referred to as "RAOI") d/b/a/ Commercial Carriers, Inc., is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in Michigan and does business in Ohio.

3. That the Defendant, Ryder System, Inc., ("Ryder"), is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Miami, Florida. Ryder does business in this State.

4. That Defendant, Allied Systems, Inc., incorporated in Georgia and principal place of Decatur, Georgia, does business in Ohio.

5. That Hanes Supply, Inc., is a corporation organized and existing under the law of

the State of New York with its principal place of business located in Buffalo, New York. Hanes Supply, Inc., does business in this state.

6. That Plaintiff is an employee of Allied Automotive Group.

7. That on or about September 7, 2000, Plaintiff David Ferguson, was performing his normal work duties for his employer in Ohio. At that time and place, the Plaintiff, David Ferguson, was operating a truck, head rack and trailer (hereinafter jointly referred to as "trailer") manufactured by Commercial Carriers, Inc., or one of the other Defendants.

8. That at all times relevant hereto, the aforesaid tractor and trailer (hereinafter jointly referred to as "trailer") were in substantially the same condition as it was when it left the control of the manufacturer.

9. That all Defendants placed the aforesaid trailer into the stream of commerce as part of its regular business activity for ultimate use in this State and other States.

10. That at the time of its manufacture and at all times mentioned herein, the aforementioned trailer was defective and not reasonably safe in one or more of the following respects:

    (a) the trailer lacked adequate footing for drivers to place their feet;

    (b) the walkways of the trailer lacked adequate traction to reduce the likelihood that drivers would slip and fall while maneuvering themselves in an expected and/or reasonably foreseeable fashion while working on the trailer;

    (c) the trailer lacked adequate hand holds for use by drivers while maneuvering themselves in an expected and/or reasonably foreseeable fashion while working on or about the trailer;

    (d) the trailer lacked adequate instructions to enable those who maintain/repair the trailer to ascertain the proper method of conducting repairs to walkway surfaces;

    (e)    the trailer lacked adequate warnings or instructions to sufficiently warn Plaintiff and others similarly situated of one or more of the foregoing defects;

    (f)    the trailer was accompanied by an express prohibition limiting modifications to the trailer;

    (g)    the trailer hand cables were defective and broke;

    (h)    the trailer hand cables were supposed to be replaced but all Defendants refused to do same;

    (i)    that all Defendants violated O.R.C. § 2307.74; 2307.75; 2307.76; 2307.77 And 2307.78.

11.    That as a direct and proximate result of the aforesaid, the Plaintiff, David Ferguson, sustained severe and permanent injuries when he fell from the trailer while attempting to maneuver himself in an intended and/or foreseeable fashion.

## COUNT II - PRODUCT LIABILITY

12.    Plaintiffs repeat, reallege and incorporate herein by reference Paragraphs 1 through 11, *supra*.

13.    That Defendants owed a duty to Plaintiff and others similarly situated to design, test and manufacture its trailers with due care for the safety of Plaintiff and others similarly situated.

14.    That in violation of the aforesaid duty, the Defendants committed one or more of the following negligent acts and/or omissions:

    (a)    failed to perform modifications to the trailers when it knew or should have known that such modifications were warranted and feasible;

    (b)    failed to adequately design its trailers so that the areas in which the drivers regularly, expectedly and foreseeably placed their feet while maneuvering along the trailers contained reasonably sufficient traction and footing to reduce the likelihood that those individuals would not lose their footing

        while walking on said trailers;

(c)     failed to adequately warn Plaintiff and others similarly situated of the dangers inherent in the foreseeable and/or intended maneuvering of themselves while working on or about the trailer in question;

(d)     failed to adequately instruct Plaintiff and others similarly situated of the correct method of maneuvering themselves while working on or about the trailer in question.

(e)     failed to instruct owners of the trailers of the necessity of adding additional traction materials to the walkways of the trailers when Defendants knew or should have known that the application of additional traction materials was statistically warranted, technologically feasible and economically feasible;

(f)     failed to adequately design its trailers to provide for reasonably necessary hand holds for use by Plaintiff and others similarly situated while maneuvering themselves on or about the trailer in an expected and/or reasonably foreseeable fashion;

(g)     ignored records of injuries and/or withheld records of injuries and industry expert reports;

(h)     failed to replace defective hand cables or warn of defective hand cables;

(i)     installed defective hand cable;

(j)     that all Defendants violated O.R.C. § 2307.74; 2307.75; 2307.76; 2307.77 and 2307.78.

15.     That Defendants' failure to exercise due care was the proximate cause of Plaintiff's injuries.

## COUNT III - PRODUCT LIABILITY

16.     Plaintiffs repeat, reallege and incorporate herein by reference Paragraphs 1 through 15, *supra*.

17.     That, at all times relevant hereto, Defendants impliedly warranted that the trailer in question was reasonably safe for its intended and/or foreseeable uses.

18. That in breach of the aforesaid implied warranty, the Defendants committed one or more of the following:

    (a) placed into the stream of commerce a trailer which was not reasonably safe for its intended and/or foreseeable uses insofar as the trailer lacked adequate hand holds to allow for the reasonably safe maneuvering of Plaintiff and others similarly situated on the trailer and the hand cables were defective and broke causing injury;

    (b) placed into the stream of commerce a trailer which was not reasonably safe for its intended and/or foreseeable uses insofar as the trailer lacked adequate traction on the walkway surfaces and lacked walkway surfaces with reasonably safe width;

    (c) placed into the stream of commerce a trailer which was not reasonably safe for its intended and/or foreseeable uses insofar as the trailer lacked adequate instructions for its operators to adhere to, to instruct them on the proper method of maneuvering their bodies while working on or about the trailer;

    (d) placed into the stream of commerce a trailer which was not reasonably safe for its intended and/or foreseeable uses insofar as the trailer was accompanied by express prohibitions to prevent owners of the trailers from performing reasonably necessary modifications to the structure of the trailers to render those trailers not unreasonably dangerous;

    (e) All Defendants violated O.R.C. § 2307.74; 2307.75; 2307.76; 2307.77 and 2307.78.

## COUNT IV - PRODUCT LIABILITY

19. Plaintiffs repeat, reallege and incorporate herein by reference Paragraphs 1 through 18, *supra*.

20. That at the time of its manufacture and at all times relevant hereto, Defendants were aware that the defective design of the aforementioned trailer could subject Plaintiff and others similarly situated to an unreasonable risk of severe bodily harm.

21. That at all times relevant hereto and, particularly, for a substantial period of time

prior to the date of Plaintiff's injuries, Defendants were fully aware that the trailer in question contained one or more of the aforesaid defects and that unless those defects were rectified by alteration of design or by recall and subsequent modification of the trailer in question and of similar trailers manufactured by one or more of the Defendants, Plaintiff and others similarly situated would be subjected to an unreasonable risk of severe bodily injury while maneuvering themselves on the trailer in an intended and/or foreseeable fashion.

22.    That in conscious disregard of the extreme risks that Plaintiff and others similarly situated were subjected to by their regular and foreseeable use of the trailers created by the aforesaid conditions thereon and in flagrant indifference to the life and limb of Plaintiff and others similarly situated, Defendants failed to modify the design of its trailer and/or failed to recall and modify the trailer.  Further, Defendants forbade the owners of those trailers from performing necessary and feasible modifications to the trailers and withheld injury data and industry expert reports.

23.    That at all times relevant hereto, Defendant had full knowledge that the modifications stated herein were technologically feasible, economically feasible, statistically warranted, reasonably necessary and professionally recommended.

24.    That upon information and belief, Defendants knew of the dangers associated with the afore described defects and knew or should have known how to correct these defects to prevent injuries to users.  That Defendants failed to correct said defect and/or warn users of said defects evidences reckless disregard of the Plaintiff's rights, health and well-being.

25.    That Defendants' conduct was such as to subject Defendants to punitive damages pursuant to O.R.C. § 2307.80.

## COUNT V - INTENTIONAL TORT

26. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 25 as if fully rewritten herein.

27. Employer, Allied Systems, Inc., and Allied Automotive Group knew of the existence of a dangerous instrumentality and condition on the job of Plaintiff.

28. Employer, Allied Systems, Inc., and Allied Automotive Group knew that if the Plaintiff, David Ferguson, was subjected by his employment to such a dangerous process or procedure, instrumentality and condition then harm to employee, David Ferguson, was a substantial certainty.

29. That Defendant, Allied Systems, Inc., and Allied Automotive Group, under the circumstance, did act to require the employee to perform the dangerous task.

30. That Defendant, Allied Systems, Inc., and Allied Automotive Group, knowingly required Plaintiff to unload vehicles knowing the hand cables were defective, prone to break and needed to be replaced before further use.

31. That as a direct and proximate cause of the defective hand cables, the Plaintiff fell when a cable broke causing severe injury to Plaintiff.

## COUNT VI - DAMAGES

32. Plaintiffs reallege and incorporate by reference herein Paragraphs 1 through 31, *supra*.

33. As a direct and proximate cause of all Defendants' product liability violations and Defendant, Allied Systems, Inc., and Allied Automotive Group's intentional tort violation, Plaintiff, David Ferguson, suffered great bodily injury, severe injury to Plaintiff's back, severe

injury to Plaintiff's disc, severe injury to Plaintiff's nerves, bone spurs, arthritis and serious and lasting injuries to the mind and body, to undergo treatment from his physician and to incur medical expenses in an amount to be determined.

34. As a direct and proximate cause of all Defendants' product liability violations and Defendant Allied Systems, Inc., and Allied Automotive Group's intentional tort violation, Plaintiff, David Ferguson, has incurred lost wages in an amount to be determined of over one year and has undergone severe and lasting pain and suffering and will continue to experience pain and suffering in the future.

## COUNT VII - LOSS OF CONSORTIUM

35. Plaintiffs hereby incorporate all the allegations contained herein including Paragraphs 1 through 34 as if fully rewritten herein.

36. Martha Ferguson sustained the loss of services and consortium of her husband, David Ferguson, all to her damage in an amount to be determined.

## COUNT VIII - SPOLIATION OF EVIDENCE

37. Plaintiffs hereby incorporate all the allegations contained herein including Paragraphs 1 through 36 as if fully rewritten herein.

38. Plaintiff David Ferguson has asserted a product liability claim against Defendant Hanes Supply and Defendant Commercial Carriers, Inc., (CCI), for manufacturing a defective hand cable that injured Plaintiff.

39. The last known party to have possession of the hand cable involved in the Plaintiff's accident was Defendant Allied Systems, Inc., and Defendant Allied Automotive Group.

40. Defendant Allied or its agents willfully discarded or destroyed the hand cable involved in Plaintiff's accident.

41. At the time Defendant Allied destroyed the hand cable involved in Plaintiff's accident, there was pending probable litigation involving the Plaintiff.

42. At the time Defendant Allied destroyed the hand cable involved in Plaintiff's accident, Defendant Allied had knowledge that litigation involving the hand cable was probable.

43. The destruction of the hand cable involved in Plaintiff's accident has damaged Plaintiff's ability to assert its claim against Defendant CCI and Defendant Hanes Supply.

44. That the destruction of the hand cable involved in Plaintiff's accident was willfully done to disrupt the Plaintiff's case as Defendant CCI and Defendant Allied have the same parent company, Allied Holding, Inc.

45. That damage is proximately caused by the willful destruction of evidence by the Defendant Allied to benefit another corporation in the corporate structure of Defendant Allied in an attempt to nullify a verdict against Defendant CCI.

WHEREFORE, Plaintiffs, David and Martha Ferguson, demand judgment against the Defendants and each of them, jointly and severally, in an amount of One Million Dollars ($1,000,000.00) for medical expenses, past and future; pain and suffering, past and future; diminution in earning capacity, past and future; lost wages; permanent disability; loss of enjoyment of life; attorney fees; costs; interest, including prejudgment interest; and Two Million Dollars ($2,000,000.00) in punitive damages.

                                            Respectfully submitted,

        s/Thomas R. Koustmer
        Thomas R. Koustmer   (0008410)
        Attorney for Plaintiffs
        1800 Federated Building
        7 West Seventh Street
        Cincinnati, Ohio  45202
        (513) 621-3616
        Email: plpaige@aol.com


        s/Michael J. Honerlaw
        Michael J. Honerlaw  (0034469)
        Attorney for Plaintiff
        Honerlaw & Honerlaw Co., L.P.A.
        9227 Winton Road
        Cincinnati, Ohio  45231
        (513) 931-2200
        Email: mike@honerlaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing has been served upon Robert A. Winter, Jr., Esq., Hemmer Spoor Pangburn DeFrank, 250 Grandview Drive, Suite 200, Ft. Mitchell, KY 41017, Craig R. Paulus, Esq., Taft, Stettinius & Hollister, 425 Walnut Street, Suite 1800, Cincinnati, OH  45202 and David E. Larson, Esq., Larson & Larson, 11300 Tomahawk Creek Pkway, Suite 310, Leawood, KS  66211 by electronic transmission on the _____ day of March, 2004.


        s/ Thomas R. Koustmer
        Attorney for Plaintiffs