UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID FERGUSON, ET AL. : | |
| : | Case No.  C-1-02-039 |
| **Plaintiffs** : | |
| : | Judge Herman J. Weber |
| v. : | |
| : | **MEMORANDUM OF** |
| RYDER AUTOMOTIVE CARRIER : | **DEFENDANTS ALLIED** |
| SERVICES, INC., ET AL. : | **SYSTEMS, LTD. AND ALLIED** |
| : | **AUTOMOTIVE GROUP, INC.** |
| **Defendants** : | **IN OPPOSITION TO** |
| : | **PLAINTIFFS' MOTION FOR** |
| : | **LEAVE TO FILE THEIR THIRD** |
| : | **AMENDED COMPLAINT** |

**I.     INTRODUCTION.**

This memorandum is provided by defendants Allied Systems, Ltd. and Allied Automotive Group, Inc. (together, the "Allied Defendants") in opposition to the *Motion to Amend the Amended Complaint* (the "Motion") of plaintiffs David Ferguson and Martha Ferguson (together, the "plaintiffs").  The Motion should be denied because plaintiffs are unable to satisfy the standard of *Foreman v. Davis*, 371 U.S. 178, 182 (1962), and its progeny for the granting of leave to file an amended pleading under Fed. R. Civ. P. 15(a) because: (i) there has been undue delay in asserting the amendment, (ii) there have been repeated failures to cure the pleading deficiency by previous amendments, (iii) the proffered amendment is futile, and (iv) there will be undue prejudice to the Allied Defendants by virtue of the allowance of the amendment.

**II.     FACTS.**

On September 7, 2000, Mr. Ferguson claims to have fallen from a tractor he was loading at the Allied Defendants' terminal located at Moraine, Ohio when a head ramp safety cable

broke. He claims to have sustained severe personal injuries thereby. The last person known to have seen the broken cable was the assistant terminal manager, Thomas J. Heller, at approximately 7:30 to 8:00 a.m. on September 8, 2000. (Exh. A hereto, Heller dep. 6-7, 14 and 16) The Allied Defendants' maintenance records on the tractor indicate that two head ramp safety cables were replaced on September 8, 2000. (Exh. B hereto) The maintenance mechanic who did the job, Richard H. Shively, stated that: (i) it would have been his standard practice to cut up the removed head ramp safety cables into pieces and discard them, (ii) he did not recall ever setting aside any of the head ramp safety cables that he had replaced, (iii) he had no reason to believe that the head ramp safety cables that are the subject of his maintenance actions on September 8, 2000, were treated in any other manner, (iv) Michael Palladino, the Safety Director, never requested that he provide Mr. Palladino with any head ramp safety cables that had been broken, and (v) he never provided Michael Palladino with any broken head ramp safety cables, including those that had been replaced on the tractor in question. (Exh. C.[less exhibit] , Shively aff., ¶¶4-5) The broken cable has not been seen since September 8, 2000, except for the erroneous statement of William C. Weaver that Michael Palladino obtained possession of the cable shortly after the accident.

On January 18, 2002, plaintiffs filed their initial complaint against the Allied Defendants, among others, asserting personal injury claims of *Blankenship* employer intentional tort (Count V) and loss of consortium (Count VII). (R. 1) Plaintiffs also asserted product liability claims against other defendants. (*Id*.) Although it was known at the time that the cable that allegedly broke and injured Mr. Ferguson on September 7, 2000, could not be located, plaintiffs chose not to assert a claim for spoliation of evidence against the Allied Defendants.

On May 8, 2002, defendants Ryder Automotive Carrier Group, Inc., Delavan Industries, Inc. and Ryder Automotive Operations, Inc. moved to dismiss the complaint. (R. 12) Although plaintiffs filed a memorandum in opposition to the motion (R. 13), they also filed a motion for leave to file their first amended complaint to clear up pleading deficiencies identified with that motion. (R.14) **Remarkably, plaintiffs did not seek leave to assert a claim for spoliation of evidence against the Allied Defendants within their first amended complaint.** The Court granted the requested leave to plaintiffs, the first amended complaint was filed and Commercial Carriers, Inc. was joined as a party defendant. (R. 20, 24 & 25)

Thereafter, the Court entered its *Scheduling Order* on June 24, 2002. (R. 22) **Within that Order, the Court established a deadline for any amendment of the pleadings of August 5, 2002.** (*Id*. ¶1) Deadlines were also established within that Order for: (i) completing discovery of April 14, 2003, and (ii) filing motions of May 19, 2003. (*Id*. ¶¶3 & 5) The deadline for filing dispositive motions was subsequently enlarged by the Court's *Amended Scheduling Order* to July 9, 2003. (R. 61)

Four dates prior to the expiration of the deadline for filing new pleadings, on August 1, 2002, plaintiffs filed their second amended complaint. (R. 29) By that pleading, plaintiffs joined Hanes Supply, Inc. as a party defendant and asserted products liability claims against it. (*Id*.) **As before, no spoliation of evidence claim was asserted against the Allied Defendants within plaintiffs' second amended complaint.**

Upon being joined, Hanes Supply timely filed its answer and thereafter moved for leave of Court on March 11, 2003, to assert a cross-claim against the Allied Defendants for spoliation of evidence due to the disappearance of the broken cable. (R. 49) The Allied Defendants did not

oppose Hanes Supply's motion, since Hanes Supply had been brought into the case relatively late in the proceedings and after the expiration of the August 5, 2002, deadline for filing amended pleadings.  **Remarkably, although plaintiffs were served with Hanes Supply's motion papers, they did not move for leave to amend their second amended complaint to assert a spoliation of evidence claim against the Allied Defendants.**  On April 28, 2003, the Court granted Hanes Supply's motion for leave to file its spoliation cross-claim.  (R. 53)

On July 9, 2003, plaintiffs filed a summary judgment motion against the Allied Defendants claiming that they are entitled to judgment against them due to disappearance of the broken cable at issue.  (R. 76 at 11-12)  Within that motion, plaintiffs acknowledge that "after the accident the broken cable in question was removed [from the truck] against company policy.  It has disappeared."  (*Id*. at 1)  **That motion was the first time in this case that plaintiffs asserted a claim of spoliation of evidence against the Allied Defendants.**  The Allied Defendants opposed plaintiffs' motion on the ground, among others, that summary judgment it is too late in the proceedings for a plaintiff to assert a spoliation of evidence claim.  *See generally Matyok v. Moore*, 2000 WL 1232417 at *2 (6th Dist. 2000).  The Allied Defendants also filed a motion for summary judgment against plaintiffs' employer intentional tort and loss of consortium claims on July 9, 2003.  (R. 84)

Within the Court's *Order*, entered March 24, 2004: (i) plaintiffs' summary judgment motion for spoliation of evidence was denied, (ii) the Allied Defendants' summary judgment motion was granted, and (iii) the employer intentional tort and loss of consortium claims were dismissed with prejudice.  (R. 164)  However, the Court invited plaintiffs to move for leave to

file a third amended complaint to assert an independent spoliation of evidence claim against the Allied Defendants. (*Id*. at 16) That verbiage precipitated the Motion.

### III.  DISCUSSION.

####  A.  Fed. R. Civ. P. 15(a) And The *Foreman v. Davis* Standard.

The Allied Defendants acknowledge that Fed. R. Civ. P. 15(a) provides generally that leave to amend a pleading should be "freely given when justice so requires." However, where there is an undue delay in asserting the amendment, previous amendments have repeatedly failed to cure the pleading deficiency, where the proffered amendment would be futile, or where there will be undue prejudice to the non-moving parties by virtue of the allowance of the amendment, a trial court is completely justified in denying leave to amend. *Foreman v. Davis*, 371 U.S. 178, 182 (1962); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Such is the case here.

####  B.  Plaintiffs' Motion To Assert A Spoliation Of Evidence Is Untimely Brought, Since It Is Well Outside The Deadline Set Forth Within The Court's Scheduling Order For Filing Amended Pleadings And Well After Hanes Supply Obtained Leave To Assert A Spoliation Cross-Claim.

It is unreasonable to argue that the Motion is timely presented. Plaintiffs failed to assert a spoliation of evidence claim within the two amended complaints filed prior to the expiration of the deadline for filing amended pleadings of August 5, 2002. Prior to the entry of the *Scheduling Order* (R. 22), plaintiffs had consented and agreed in writing to August 5, 2002, as <u>the</u> deadline for filing amended pleadings. (R. 5) Even in the face of their failure to comply with that deadline on the spoliation claim, it is highly remarkable that plaintiffs did not seek leave to amend their complaint after Hanes Supply sought leave to assert a spoliation of evidence claim. Instead, plaintiffs waited and first sought leave to assert the claim on March 30, 2004 --

and then only after their principal claims against the Allied Defendants had been dismissed with prejudice via summary judgment. Plaintiffs waited to file their spoliation claim: (i) in excess of 26 months after the filing of their original complaint, (ii) approximately 19 months after the expiration of the deadline to amend pleadings, (iii) approximately 12 months after the discovery cut off, and (iv) almost nine months after the summary judgment filing deadline. Under any objective standard, the Motion is untimely.

The Motion's filing here is highly analogous to the motion for leave to file an amended complaint that was rejected by the trial court and that was affirmed on appeal in *Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989). In that case, the plaintiff waited nearly fifteen months after filing his original complaint before seeking leave to amend. *Id*. at 446. The trial court rejected the proposed amended complaint and the Sixth Circuit affirmed:

> We believe the district court acted within its discretion in denying leave to amend. A party is not entitled to wait until the discovery cut off date has passed and a motion for summary judgment has been filed on the basis of claims asserted in the original complaint before introducing entirely different leal theories in an amended complaint.... **Substantive amendments to the complaint just before trial are not to be countenanced. This is particularly true when the motion to amend is untimely under the terms of the pretrial order and where no extension has been sought or explanation offered.**

*Id*. at 446-447 (emphasis added, internal citations omitted). *See Barker v. Wal-Mart Stores, Inc.*, 2001 WL 1661961 at *7, 2001-Ohio-8854 (10th Dist. 2001) (Exhibit D hereto) ("... the amendment of plaintiff's complaint to add a spoliation of evidence claim was unwarranted where plaintiff's spoliation claim was not new, plaintiff had ample time to conduct discovery, and plaintiff sought the amendment a year and a half after plaintiff's complaint was originally filed and after two summary judgment motions had been filed against plaintiff."). *Accord Fellows v. Earth Construction, Inc.*, 794 F. Supp. 531, 537-538 & n.6 (D. Vt. 1992) (untimely amended

complaint not filed under the liberal standard at Fed. R. Civ. P. 15(a), where amendment was offered almost two months after the lapse of the Court's pleadings amendment deadline, plaintiff did not show good cause why she should be allowed to amend, and justice did not so require); *Coatney v. Purkhiser*, 104 F.R.D. 118, 119 (E.D. Ky. 1985) (court-ordered deadlines are not "pretrial suggestions").

The Allied Defendants acknowledge that under certain limited circumstances, spoliation of evidence claims may even be brought in subsequent proceedings. *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 756 N.E.2d 657 (2001). The Court noted this phenomenon within its recent *Order*. (R. 164 at p. 15) The precise rule is "...that claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action." *Id*. at 491, 756 N.E.2d at 660. In this case, plaintiffs knew from its onset that the broken cable was missing. The cable had not been produced during the Allied Defendants' Rule 26(a) pre-discovery disclosures or in their response to plaintiffs' or Hanes Supply's Rule 34 requests to produce. **Plaintiffs knew they had a spoliation of evidence claim against the Allied Defendants no later than when Hanes Supply sought leave to assert such a claim on the same facts.** It cannot be reasonably argued that the delay in asserting a spoliation claim was due to the alleged evidence of spoliation (*i.e.*, the missing broken cable) being discovered only after the conclusion of this action.

      **C.**      **Plaintiffs' Previous Pleading Amendments Have Repeatedly Failed To Cure The Pleading Deficiency By Failing To Assert A Spoliation Of Evidence Claim.**

Plaintiffs' spoliation of evidence claim has been present throughout the pendency of this case. The Allied Defendants have made no secret that the broken cable at issue was and is missing. Yet plaintiffs chose not to assert a spoliation of evidence claim within their initial complaint or their first or second amended complaints – times when it would have been timely to assert the claim. Plaintiffs did not even seek leave to assert a spoilation claim at the time when Hanes Supply sought to do so. Thus, plaintiffs had several opportunities to cure their pleading deficiencies by previous amendments and failed to take advantage of them. *Foreman v. Davis*, 371 U.S. at 182.

> **D.     Granting Leave To File The Third Amended Complaint Would Be A Futile Act. Since The Spoliation Of Evidence Claim Does Not Relate Back To The Filing Of The Original Complaint Under Fed. R. Civ. P. 15(c), It Will Be Barred By Either The Two Year Statute Of Limitations Governing Personal Injury Actions Or The Exclusive Remedy Provision Of The Ohio Workers' Compensation Act.**

The spoliation of evidence claim is futile, since it does not relate back to the date of filing of the original complaint under Fed. R. Civ. P. 15(c) and, consequently, the spoliation claim is barred by the two-year statute of limitations governing claims for personal injuries, R.C. §2305.10 (providing that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.").

In order for the amendment of a complaint to add a spoliation of evidence claim to relate back to the date of the original complaint, "the claim... asserted in the amended pleading [must arise] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); *Lovelace v. O'Hara*, 985 F.2d 847, 849 (6th Cir. 1993). The Ohio Supreme Court ruled that a claim for an employer's alleged destruction or other intentional interference with evidence after a workplace accident does not arise from a

common nucleus of operative facts with those that arose before or at the time of the accident. *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d at 490. Further, the second amended and third amended complaints do not involve the same conduct. The new spoliation of evidence claim is a separate, independent cause of action from plaintiffs' other claims arising from facts existing prior to and at the time of Mr. Ferguson's accident. The spoliation claim is concerned with events involving the handling of the broken cable that allegedly occurred on and after the time of his accident.

The spoliation of evidence claim does not relate back to the date this lawsuit was filed under Rule 15(c), since it does not arise out of the conduct, transaction, or occurrence set forth in the original complaint. Any spoliation of evidence claim accrued on September 8, 2000, the date that the broken cable was removed from the truck and discarded by the Allied Defendants' maintenance personnel. *Kunz v. Buckeye Union Insurance Co.* (1982), 1 Ohio St.3d 79, 82, 437 N.E.2d 1194, 1197. More than two years have elapsed from that date the broken cable was destroyed by the Allied Defendants, and plaintiffs' spoliation cause of action is untimely brought under the statute of limitations for claims seeking damages for personal injuries at R.C. §2305.10. Thus, granting leave to file the third amended complaint containing a stale spoliation claim would be futile.

Additionally, plaintiffs seek recovery for personal injuries against the Allied Defendants within their spoliation of evidence claim that would otherwise be recoverable by them from defendants Commercial Carriers, Inc. and Hanes Supply, Inc. under various theories of products liability. In other words, in the event plaintiffs are unsuccessful at trial in obtaining personal injury damages under their products liability claims from defendants Commercial Carriers, Inc. or Hanes Supply, Inc. because the broken cable was missing, then plaintiffs will turn to the

Allied Defendants to obtain those same personal injury damages under their new spoliation of evidence theory of recovery. However, their recovery of those personal injury damages from the Allied Defendants is barred under the exclusive remedy provision of the Ohio workers' compensation act. R.C. §4123.74 provides that:

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

It is undisputed that the Allied Defendants are providing Mr. Ferguson with medical and income benefits under the Ohio workers' compensation act as a self-insurer. The Act's exclusive remedy provision precludes plaintiffs from recovering damages against them for work-related personal injuries under the common law tort theory of spoliation of evidence. Consequently, allowing the filing of the third amended complaint containing a spoliation claim would be futile.[1]

### E.    Other Grounds of Futility In Filing The Motion.

There are other reasons for refusing to grant plaintiffs leave to file their third amended complaint because it is a futile act. At Counts V and VII of the third amended complaint, plaintiffs reassert claims against the Allied Defendants for employer intentional tort and loss of consortium, respectively. The Allied Defendants were recently granted summary judgment on

---

[1] The *Davis v. Wal-Mart Stores* decision arose out of a work-related accident. It is apparent that the employer/defendant did not plead the exclusive remedy affirmative defense of R.C. §4123.74. Consequently, the Davis Court did not have the opportunity to discuss the application of the exclusive remedy defense to an employee's claim of spoliation of evidence against his employer as we have here.

- 10 -

those claims. (R. 164) As an aside, the Allied Defendants note that the Court also granted summary judgment to defendant Ryder System, Inc. on plaintiffs' products liability and consortium claims; however, those claims are also attempted to be revived against it in the third amended complaint. The third amended complaint should not be filed since plaintiffs continue to assert claims against the Allied Defendants and Ryder Systems that have already been rejected by the Court as unviable.

Plaintiffs assure us that there would be no prejudice to the Allied Defendants in allowing the third amended complaint to be filed, since Hanes Supply already has its spoliation cross-claim pending and ready for trial, and no additional discovery will be needed on their new claim. (Motion at 1) In an attempt to show a factual underpinning for the new claim, plaintiffs then proceed to inform us that the "[d]eposition testimony and other evidence has [sic] revealed three critical facts that now make a cause of action for spoliation of evidence against [the Allied Defendants]." (*Id*. at 2) Unfortunately for plaintiffs, the actual admissible evidence does not match the bravado.

Plaintiffs argue that the Allied Defendants had an evil motive to destroy the broken cable at issue because they are related entities to defendant Commercial Carriers, Inc. (*Id*.) Plaintiffs are asserting products liability claims against CCI arising from the broken cable. While the admissible evidence shows that the Allied Defendants are related to CCI, the evidence goes no further. There is no admissible evidence showing or tending to show that defendants' corporate relationship played any role in the disappearance of the broken cable. The Moraine terminal's maintenance and safety personnel were wholly unaware of the complex corporate relationships on which plaintiffs now rely to attribute an evil motive to the Allied Defendants. In fact, plaintiffs have bemoaned the complexity of those relationships in prior legal memoranda filed in

this case. If sophisticated attorneys have difficulty understanding those relationships, it is not reasonable for to think that maintenance mechanics, their immediate supervisors and safety personnel to understand them. Their testimonies reflect that lack of understanding and, consequently, motive. Their testimonies actually show that old style head ramp safety cables were being replaced and discarded pursuant to the directive issued in late-January or early February 1999 by the Allied Defendants' regional maintenance manager, John Taggart. Compliance with the Taggart directive is the only motive behind the disposition of the cable by Mr. Shively on September 8, 2000. (Exh. C [less exhibit], Shively aff., ¶¶4 and 6) Since the undisputed evidence provides an explanation as to why the broken cable was not preserved for trial, no triable issue exists as to whether the evidence was willfully destroyed by the Allied Defendants. *Sheets v. Norfolk Southern Corporation* (3d Dist. 1996), 109 Ohio App.3d 278, 288-289, 671 N.E.2d 1364, 1370 (where defendant railroad could not explain why dispatch tapes of crossing accident were not preserved for trial, a jury question was presented as to whether the tapes were willfully destroyed by defendants).

      Plaintiffs continue to rely upon the testimony of Peter J. Terzian, Jr. for the notion that somewhere along the line the Allied Defendants contractually assumed the products liability obligations of Commercial Carriers, Inc. (Motion at 2) However, that testimony is not provided by an authorized corporate representative of the Allied Defendants (or of Commercial Carriers, Inc.) having authority to bind them on that point. Commercial Carriers, Inc. is a viable corporate entity and is responsible for the trailers it built. (Terzian dep. 72) No one assumed its liabilities for products liability claims.

      In any event, Mr. Terzian's opinion on that matter is not competent and inadmissible, since any proof of the Allied Defendants' alleged assumption of Commercial Carriers, Inc.'s

liabilities, including liability for products liability, cannot be received into evidence in any form other than in a manner consistent with the statute of frauds.  In this case, R.C. §1335.05, entitled *Certain Agreements To Be In Writing*, requires a writing for an entity to guaranty the obligations of another, and operates to bar contradictory oral testimony:

> **No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person**; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; **unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.**  (emphasis added)

Plaintiffs have not set forth any document(s) satisfying the statute of frauds that shows the Allied Defendants assumed the obligations of Commercial Carriers, Inc.  None are set forth within their trial exhibit list and plaintiffs state that no additional discovery is required on the matter.  There simply is no admissible evidence to support plaintiffs' argument that the Allied Defendants assumed the products liability obligations of Commercial Carriers, Inc.

Plaintiffs also argue that the Allied Defendants has a policy of retaining instrumentalities involved in accidents and that the policy was not followed in this case. (Motion at 2)  The undisputed evidence actually shows that there were two competing policies in effect in September 2000 concerning the Allied Defendants' handling of old style head ramp safety cables.  The first was to retain any old style safety cables involved in accidents.  The second was implementing the Taggart directive of discarding the old style safety cables upon removal from the truck.  In this case, the latter trumped the former.  That showing does not create a triable

issue whether the cable was "willfully" destroyed by the Allied Defendants. *Sheets v. Norfolk Southern*, 109 Ohio App.3d at 288-289, 671 N.E.2d at 1370.

Plaintiffs also argue that the Allied Defendants had knowledge of potential litigation due to prior instances of cable breakages causing work- related injuries to their drivers. (Motion at 2) At the risk of stating the obvious, prior cable failures causing work-related injuries to the Allied Defendants' employees give rise only to **claims** for medical and income benefits under the Ohio workers' compensation act. Being aware of workers' compensation claims and paying benefits to their employees under the Act simply cannot constitute knowledge of products liability "litigation" or the "potential for litigation" under *Smith v. Howard Johnson Co.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038, since benefits are due from the Allied Defendants to their injured employees regardless of their fault. Generally, the only issues involved in a workers' compensation claim are extent and duration of the injuries, for which the presence or absence of the broken cable is wholly irrelevant.

In any event, the Allied Defendants have not experienced any products liability litigation involving broken head ramp cables. The affidavit testimony of Bill McDaniel showed that there has been no such litigation. (Exh. D, McDaniel aff., ¶3) There is no evidence of either "pending or probable litigation involving the plaintiff [or] knowledge on the part of [the Allied Defendants] that litigation exists or is probable" under the first two elements of *Smith v. Howard Johnson*. A workers' compensation claim neither constitutes civil litigation, makes it probable nor imparts knowledge thereof to the employer.

> **F.    The Allied Defendants Will Be Unduly Prejudiced By Any Eleventh Hour Filing Of Plaintiffs' New Spoliation Of Evidence Claim.**

In response to the Allied Defendants' interposition of the two-year statute of limitations defense in response to plaintiffs' new spoliation of evidence claim, the Allied Defendants anticipate that plaintiffs will argue that the discovery rule is an exception to the general rule that a cause of action accrues and the statute of limitations begins to run at the time the wrongful act in question was committed. Under the discovery rule, a cause of action does not arise until plaintiffs discover, or by the exercise of reasonable diligence should have discovered, that they were injured by the alleged wrongful conduct of the Allied Defendants.

Assuming for the sake of argument, which we do not, that the discovery rule has any application to R.C. §2305.10 barring plaintiffs' new claim for spoliation of evidence, the Allied Defendants will be unduly prejudiced by the Court's allowance of the claim at the eleventh hour. The two-year statute of limitations at R.C. §2305.10 has never been an issue in this case. Plaintiffs' initial complaint was filed on January 18, 2002, well within two years of September 7, 2000, the date of the accident. The issues of when plaintiffs discovered, or by the exercise of reasonable diligence should have discovered, that they were injured by the Allied Defendants' alleged willful destruction of the broken cable, were not present during the period for taking discovery. No discovery was taken on those issues. Thus, Mr. Ferguson was not queried on those issues during his discovery deposition. Mrs. Ferguson's deposition was not even taken. Other witnesses who might have personal knowledge concerning those issues were not identified and deposed for that reason. The discovery period expired on April 14, 2003, yet plaintiffs seek leave to amend their pleadings to inject a new cause of action involving a new defense on which the Allied Defendants have not had the opportunity to take discovery. That scenario is the *sine qua non* of undue prejudice.

Plaintiffs seek solace in the argument that "the assertion of this claim will not... require the extension of the discovery cutoff as a spoliation of evidence Cross Claim by Defendant Hanes has already been filed and ruled upon on a Motion for Summary Judgment." (Motion at 1) That argument is incorrect. Hanes Supply asserted a spoliation of cross-claim against the Allied Defendants shortly after it became aware of its alleged injury and that the Allied Defendants allegedly caused that injury. The two-year statute of limitations at R.C. §2305.10 is not pled as a defense to the cross-claim. (R.66) **Unlike Hanes Supply's cross-claim, R.C. §2305.10 is an available affirmative defense to plaintiffs' claim. The facts that gave Hanes Supply knowledge of its cross-claim are completely different from those governing plaintiffs' claim. The Allied Defendants will be unduly prejudiced by the filing of plaintiffs' new claim just before trial by not being afforded any meaningful opportunity to conduct discovery on the issues surrounding the application of the discovery rule to R.C. §2305.10.** Plaintiffs' reliance on Hanes Supply cross-claim and the facts underlying its discovery of that claim, to show absence of prejudice to the Allied Defendants is badly misplaced.

### III.    CONCLUSION.

The Motion should be denied because plaintiffs are unable to satisfy the standard of *Foreman v. Davis*, 371 U.S. 178, 182 (1962), and its progeny for the granting of leave to file an amended pleading under Fed. R. Civ. P. 15(a) because: (i) there has been undue delay in asserting the amendment, (ii) there have been repeated failures to cure the pleading deficiency by previous amendments, (iii) the proffered amendment is futile, and (iv) there will be undue prejudice to the Allied Defendants by allowing the amended pleading.

Respectfully submitted,

/s/Robert A. Winter, Jr.
Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

## **CERTIFICATE OF SERVICE**

     I certify that true and correct copies of the foregoing were served electronically on this 14th day of April 2004, upon:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

/s/ Robert A. Winter, Jr.
Robert A. Winter, Jr.

s:\dma\allied\ferguson\pleadings\memo oppo 3d amended comp .wpd