# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID FERGUSON, ET AL.** | : | |
| | : | **Case No.  C-1-02-039** |
| **Plaintiffs** | : | |
| | : | **Judge Herman J. Weber** |
| **v.** | : | |
| | : | **PROPOSED JURY** |
| **RYDER AUTOMOTIVE CARRIER** | : | **INSTRUCTIONS OF** |
| **SERVICES, INC., ET AL.** | : | **DEFENDANTS ALLIED** |
| | : | **SYSTEMS, LTD. AND ALLIED** |
| **Defendants** | : | **AUTOMOTIVE GROUP, INC.** |

      Defendants Allied Systems, Ltd. and Allied Automotive Group, Inc. respectfully request that the Court: (i) charge the jury with the following instructions, and (ii) utilize the following special verdict forms, if the Court denies the Allied Defendants' motion for a directed verdict on the issues covered by the proposed instructions.  These jury instructions and interrogatory verdict forms are provided pursuant to Fed. R. Civ. P. 51, Section D of the Court's *Order Instructing Certain Pretrial and Trial Procedures*, entered June 24, 2002 (R. 23), and other applicable law.  In the event the Court grants the motion of plaintiffs David Ferguson and Martha Ferguson for leave to file their *Third Amended Complaint*, the Allied Defendants reserve the right to supplement these instructions and interrogatories to address the new issues raised within that pleading.

/s/Robert A. Winter, Jr.
Robert A. Winter, Jr. (0038673)
250 Grandview Drive, Suite 200
Ft. Mitchell, KY 41017
(859) 344-1188
(859) 578-3869 (fax)

Trial attorney for defendants
Allied Systems, Ltd. and
Allied Automotive Group, Inc.

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served electronically on this 19th day of April 2004, upon:

Thomas R. Koustmer, Esq.
1800 Federated Building
7 West Seventh Street
Cincinnati, OH 45202

Michael J. Honerlaw, Esq.
Honerlaw and Honerlaw Co., L.P.A.
9227 Winton Road
Cincinnati, OH 45231

K. Roger Schoeni, Esq.
Kohnen & Patton LLP
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202

David E. Larson, Esq.
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211

Craig R. Paulus, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

/s/ Robert A. Winter, Jr.
Robert A. Winter, Jr.

## <u>THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 1</u>

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case and then retire for your final deliberations. You have now heard all of the evidence for both sides, and through arguments of their respective attorneys, you have learned the conclusions that each party believes should be drawn from the evidence presented to you.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 2

Before I instruct you on the legal principles that you must apply in reaching your verdict, I will explain certain important general principles which you must keep in mind throughout your deliberations.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 3

In your deliberations, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth.  You are to perform your duty without bias or prejudice to any of the parties.  All parties, whether they be individual persons, corporations or limited liability companies, stand equal before the law and are to be dealt with as equals in a court of justice.  You must weigh and consider this case without regard to sympathy, prejudice, or passion for or against either party to the action.  In reaching your verdict, you must not consider anything other than the evidence presented to you in this courtroom.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 4

You will recall that at the beginning of this trial, the attorney for plaintiffs made an opening statement outlining what he expected to prove as his client's case. The attorneys for defendants also made opening statements on behalf of their respective clients. The purpose of those opening statements was to give you each parties' position so that you would better understand the evidence as it was introduced. What was said in those opening remarks is not itself evidence, however. The only evidence upon which you may base your decision is that which came from the witnesses, or in the form of documents or other exhibits introduced during the trial.

## <u>THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 5</u>

At times during the trial, objections were made to questions or to the introduction of evidence, or motions concerning applicable law were made.  Arguments in connection with those objections or motions were sometimes made out of your presence.  All rulings upon such objections or motions were based solely upon the law as I interpreted and applied it.  You must not infer from any of my rulings, or from anything I said during the course of the trial, that I hold any views for or against any party to this lawsuit.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 6

After the final witness testified, the attorneys again addressed you in a closing statement, or summation.  In summing up, the attorneys pointed out to you what they contend the evidence has shown, what inferences they believe you should draw from the evidence introduced, and what conclusions they believe you should reach as your verdict.  What was said by the attorneys in summation, as with what was said by them in their opening statements, or in the making of objections or motions during the trial, is not evidence.  Closing statements are made in order to present to you the arguments of each side based on the evidence introduced.

### THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 7

Your function as jurors now is to determine what the facts are and apply the rules of law that I give to you to the facts as you will determine them to be. The conclusions that you reach will be your verdict as your answer in writing the special interrogatories, or questions, that will be submitted to you. You will determine what the facts are from all of the testimony that you heard and the exhibits that were received into evidence. You are the sole and exclusive judges of the facts. As you handle that responsibility, neither I nor anyone else may invade your province. If any reference by me or by the attorneys to matters of evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations. On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not, and whether you think they are good rules or bad rules.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 8

If, in these instructions on the rules of law, any rule, direction or idea is stated in varying ways, no emphasis on these is intended by me, and none must be inferred by you. For that reason, you are not to single out any certain sentence, or any individual point or instruction, and ignore the others. Instead, you are to consider all of the instructions as a whole, and to regard each in the light of all the others.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 9

The law does not require you to accept all of the evidence which I admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. The testimony of a witness may fail to conform to the facts as they happened because the witness is intentionally telling a falsehood, because he or she did not accurately see or hear what that person testified to, because the recollection of events is faulty, or because the witness has not expressed himself or herself clearly while testifying.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 10

You, as jurors, are the sole judges of the credibility of the witnesses and of the value, weight and sufficiency of their testimony. If you find the testimony in this case to be in conflict, it is your duty to reconcile that conflict if you can. However, if you cannot reconcile the conflict, it is your duty to give credit to that portion of the testimony which in your judgment is most worthy of belief and to disregard any portion of the testimony which in your judgment is not worthy of belief.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 11

There is no magic formula by which anyone can determine how to resolve conflicting testimony. In your everyday affairs of life you determine for yourselves the reliability or unreliability of statements made to you by others and what statements you will believe and not believe. The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case -- that is, the extent to which he or she stands to gain or lose anything as a result of the decision in this case -- should be considered by you in determining what weight, if any, you will assign to that witness's testimony. Similarly, the bias of a witness toward a party or issue, the appearance, the manner in which the witness gave testimony, the probability or improbability of the witness's testimony when viewed in the light of all of the other evidence in the case, are also items to be taken into your consideration in determining the weight, if any, you will assign to that witness's testimony.

## <u>THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 12</u>

If you find that any witness has knowingly testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept as much of his or her testimony as you deem true and disregard what you feel is false.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 13

The testimony and credibility of one or more witnesses may have been discredited or impeached if it is shown that he or she previously made an oral or written statement which was inconsistent with the testimony before you.  If you believe that the testimony or credibility of any witness has been impeached through a prior statement(s), you may disregard the testimony of that witness as being unworthy of belief, or give the testimony whatever weight you determine to be appropriate.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 14

Plaintiffs in this action have testified before you. The fact that David Ferguson and Martha Ferguson are the plaintiffs in this case and that they have an interest in the outcome of the case are matters for you to consider, together with your observation of each of them as witnesses, in determining their credibility, the truthfulness of their testimony, and the weight, if any, you will give their testimony.

Similarly, representatives, agents or employees of the defendant have also testified. Their testimony should also be evaluated in relation to the interest, if any, they have in the outcome of this case, together with your observation of them as witnesses.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 15

The rules of evidence ordinarily do not permit a witness to testify as to opinions or conclusions. An exception to this rule is made for those whom we call expert witnesses. A witness who, by education and experience, has become expert in some art, science, profession or calling, may state an opinion as to relevant and material matter in which he or she professes to be an expert, and he or she may also state reasons for his or her opinion. I have permitted expert witnesses to express their opinions on various subjects in this case.

The value of the testimony of any expert witness depends upon the learning and skill of the expert and varies with the circumstances of the case. You should consider each expert opinion received in evidence in the case, and you should give it such weight as you think it deserves. You should consider the expert's means of knowledge and the reasons he or she assigned for any opinions given. You should accept his or her testimony if you find that person's qualifications sufficient and that person's explanations satisfactory. The point is that the testimony of any expert is to be considered like any other testimony; it is to be tried by the same tests and is to receive as much or as little weight and credit as you may deem it entitled to receive in connection with all of the evidence in the case.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 16

You should notice that in giving you these instructions,  I will describe the parties' burden of proof as "by a preponderance of the evidence."

When a person making a claim has the burden of proving a fact "by the preponderance of the evidence," it means evidence that is more probable, more persuasive, or of greater probative value than not.  A preponderance of the evidence is the greater weight of the evidence; that is, the evidence that you believe it outweighs or overbalances in your mind the evidence opposed to it.  If the weight of the evidence is equally balanced, or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence and you must find against that party.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 17

With those general principles in mind to guide your deliberations, I will now instruct you on the legal principles that you must apply in reaching your verdict.  I remind you, ladies and gentlemen, that your function as jurors is to determine what the facts are and that neither I nor anyone else may invade that province.  But your function also is to apply the rules of law that I give to you to the facts as you determine them to be.  You are to apply the rules of law that I will give to you.  You must apply them only as I give them to you.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 18

Defendant Hanes Supply, Inc. claims it sustained damages caused by the Allied

Defendants' alleged unlawful spoliation or destruction of the broken head ramp cable at issue.

Before you may find for Hanes Supply, Inc. on its spoliation of evidence claim against the Allied

Defendants, you must find, by the preponderance of the evidence, that each of the following

exist:

1. pending or probable litigation involving Hanes Supply;

2. knowledge on the part of the Allied Defendants that litigation exists or is

    probable;

3. willful destruction of evidence by the Allied Defendant designed to disrupt Hanes

    Supply's case;

4. disruption of Hanes Supply's case; and

5. damages proximately caused by the Allied Defendants' acts.

**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d

1037, 1038.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 19

As mentioned in the previous instruction, Hanes Supply is required to show by a preponderance of the evidence that the Allied Defendants "willfully" destroyed the head ramp safety cable at issue. The concept of "willfulness" contemplates not only an intentional commission of the act, but also a **wrongful** commission of the act. The term "willful" is defined to include the following:

• premeditated; malicious; done with evil intent, or with a bad motive or purpose.

• an act is "willfully" done, if done voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, with bad purpose.

**Authority:**    *Drawl v. Cornicelli* (11th Dist. 1997), 124 Ohio App.3d 562, 567, 706 N.E.2d 849, 852 (Court's emphasis in **bold type**).

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 20

A showing of willfulness is not shown by Hanes Supply if a satisfactory explanation is given by the Allied Defendants as to why the broken head ramp cable at issue was not preserved.

**Authority:**    *Sheets v. Norfolk Southern Corporation* (3rd Dist. 1996), 109 Ohio App.3d 278, 289, 671 N.E.2d 1364, 1370.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 21

To establish "causation," the fifth element of a spoliation of evidence claim, Hanes Supply must prove, by a preponderance of the evidence, damages proximately caused by the Allied Defendants' acts. Proximate cause is defined as that which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have happened, and from which the injury or a like injury might have been anticipated. The rule of proximate cause requires that the injury sustained be the natural and probable consequence of the wrongful act alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow its wrongful act.

**Authority:**     *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 143, 539 N.E.2d 614, 617

## **THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 22**

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages by way of punishment or through sympathy.

In determining the amount of any damages that you decide to award, if any, you should be guided by common sense.  You must use sound discretion in fixing an award of damages, if any, drawing reasonable inferences from the facts and evidence.  You may not award damages based on sympathy, speculation or guesswork.  On the other hand, the law does not require that Hanes Supply prove the amount of its damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 23

The fact that I have given you instructions concerning the issue of Hanes Supply's damages should not be interpreted in any way as an indication that I believe it should or should not prevail in this case.

Your deliberations will be secret; you will not have to explain your verdict to anyone. It is your duty as jurors to confer with one another and to deliberate with a view to reaching an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because others think differently or merely to get the case over with.

Remember that you are the judges of the facts in this case. Your interest is to seek the truth from the evidence in the case.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 24

Do you find from the preponderance of the evidence that there was pending or probable litigation involving Hanes Supply at the time that the broken head ramp cable was destroyed?


YES:_____                    NO:_____


_____
**FOREPERSON**


If you answered this question "Yes," please proceed to the nest Instruction.

If you answered this Instruction "No," you have found for the Allied Defendants.  Please fill out Verdict Form 1 at page 32 hereto.


**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 25

Do you find from the preponderance of the evidence that the Allied Defendants had actual knowledge of litigation existing or that it was probable?


YES:_____                    NO:_____


_____
**FOREPERSON**

If you answered this question "Yes," please proceed to the nest Instruction.

If you answered this Instruction "No," you have found for the Allied Defendants.  Please fill out Verdict Form 1 at page 32 hereto.


**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 26

Do you find from the preponderance of the evidence that the Allied Defendants willfully destroyed the broken head ramp cable in order to disrupt Hanes Supply's case?


YES:_____                              NO:_____


_____
**FOREPERSON**

If you answered this question "Yes," please proceed to the nest Instruction.

If you answered this Instruction "No," you have found for the Allied Defendants.  Please fill out Verdict Form 1 at page 32 hereto.


**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 27

Do you find from the preponderance of the evidence of that Hanes Supply's case was actually disrupted?

YES:_____                    NO:_____


_____
**FOREPERSON**

If you answered this question "Yes," please proceed to the nest Instruction.

If you answered this Instruction "No," you have found for the Allied Defendants. Please fill out Verdict Form 1 at page 32 hereto.

**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 28

Do you find from the preponderance of the evidence of that Hanes Supply sustained

damages proximately caused by the Allied Defendants' acts?

YES:_____                    NO:_____


_____

**FOREPERSON**

If you answered this question "Yes," please proceed to the nest Instruction.

If you answered this Instruction "No," you have found for the Allied Defendants.  Please

fill out Verdict Form 1 at page 32 hereto.

**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d

1037, 1038.

## THE ALLIED DEFENDANTS' PROPOSED INSTRUCTION NO. 29

What amount do you determine from the preponderance of the evidence that Hanes

Supply sustained as damages that were proximately caused by the Allied Defendants' acts (not to

exceed $_____)?

$_____

_____
**FOREPERSON**

Please go to page 33 and fill out Verdict Form 2.

**Authority:** *Smith v. Howard Johnson Company, Inc.* (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d

1037, 1038.

## <u>VERDICT FORM 1</u>

We, the jury, find for defendants Allied Systems, Ltd. and Allied Automotive Group,

Inc., and award Hanes Supply no damages against them.


_____
**FOREPERSON**


Your deliberations are now through.  Please tell the bailiff that you have reached a verdict

and that you are ready to return to the courtroom.

**<u>VERDICT FORM 2</u>**

We, the jury, find for defendant Hanes Supply, Inc. against the Allied Defendants, and award the damages against them in the amount of $_____.


_____

**FOREPERSON**



Your deliberations are now through.  Please tell the bailiff that you have reached a verdict and that you are ready to return to the courtroom.

s:\dma\allied\ferguson\pleadings\jury instructions Allied.wpd