UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Ferguson, et al.

               Plaintiffs,

vs.

Ryder Automotive Carrier Services, Inc., et al.

               Defendants.

File No. C-1-02-039
Judge Herman Weber

DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR INTEREST

      Plaintiff's Motion for Interest seeks to punish the Defendants for their attorneys' compliance with the legal and ethical requirement that the availability of funds held in a trust account must be verified before removing those funds.[1] On April 19, 2004 all parties agreed that each defendant's respective contributions to the settlement would be kept confidential from the Plaintiffs. For that reason, the checks were pooled into one defense counsel's trust account. Checks were deposited into the trust account on May 3 and May 5. At that point, the funds were in trust for the Plaintiffs. But, the funds could not be removed immediately, and unfortunately it took longer than anyone anticipated to verify the availability of funds. But, on May 13, 2003, the same day that the contribution checks cleared, the full settlement amount was hand delivered to Plaintiff's counsel.

---

[1] If a lawyer writes a check from his trust account for the benefit of one client prior to receiving the funds from that client, he is misappropriating the funds of his other clients for benefit of the one whose check has not cleared.

W0177408.1

Ironically, the Defendant's Joint Motion for an Extension of Time, which precipitated Plaintiffs' Motion for Interest, was necessary despite the Defendants' inability to deliver the funds. In fact, the negotiation and execution of the settlement agreement has taken longer than the delivery of the funds. As of the time of drafting this motion, the settlement agreement has still not been executed by the Plaintiffs.

**ARGUMENT**

*American Home Assur. Co. v. Liberty Mut. Ins. Co.*, 772 F.2d 1161 (6th Cir. 1985) affirms the trial court's denial of interest on a settlement when the settlement agreement made no mention of interest. Like the agreement in *American Home*, the settlement terms orally put to record on April 19, 2004 made no provision for interest.

Further, Plaintiff's reliance on *Hartmann v. Duffey*, 2002, 95 Ohio St.3d 456 is misplaced because the settlement of this case is a matter of federal law. Therefore, R.C. 1343.03(A), on which *Hartmann* relies, does not apply. The federal statute most analogous to Ohio's R.C. 1343.03 is 28 U.S.C. §1961, which makes no provision for interest on settlements.

Lastly, though Plaintiffs' position lacks merit, counsel would be remiss not to correct the obvious factual inconsistency in the Plaintiffs' prayer for relief. Plaintiff asserts that the funds should have been delivered two weeks from April 19, i.e. on May 3. The funds were delivered May 13, 2004. However, Plaintiffs seek interest not from May 3 to May 13, but from April 19 to May 13.

In conclusion, the Defendants request that the Court put an end to this case by denying Plaintiffs' Motion for Interest and directing them to execute the most recent version of the

Settlement Agreement exchanged by the parties. At that point, the parties can submit an entry to the Court removing this case from its docket.

Respectfully Submitted,

| | |
|---|---|
| /s/ Craig R Paulus | /s/ Robert A. Winter, Jr. |
| Craig R Paulus (0074352) | Robert Albert Winter, Jr. |
| Taft, Stettinius & Hollister LLP | Hemmer Spoor Pangburn DeFrank PLLC |
| 425 Walnut Street, Suite 1800 | 250 Grandview Drive |
| Cincinnati, OH 45202-3957 | Suite 200 |
| 513.381.2838 | Ft. Mitchell, KY 41017 |
| fax 513.381.0205 | 859.344.1188 |
| Trial Attorney for Defendant Hanes Supply, Inc. | Attorney For Defendants, Allied Systems and Allied Automotive Group |
| | (by Craig Paulus per e-mail authorization) |

/s/ K. Roger Schoeni
Kenneth Roger Schoeni
Kohnen & Patton
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, OH 45202
513.381.0656
Attorney For Defendants, Ryder Automotive Carrier Services, Inc.; Ryder System Inc.; Delavan Industries, Inc.; Ryder Automotive Operations, Inc.; Ryder Automotive Carrier Group, Inc.; and Commercial Carriers, Inc.

(by Craig Paulus per phone authorization)

/s/ David Larson
David E. Larson
Larson & Larson PC
11300 Tomahawk Creek Parkway
Suite 310
Leawood, KS 66211
Attorney for Defendants, Ryder Automotive Carrier Services, Inc.; Ryder System Inc.; Delavan Industries, Inc.; Ryder Automotive Operations, Inc.; Ryder Automotive Carrier Group, Inc.; and Commercial Carriers, Inc.

(by Craig Paulus per e-mail authorization)

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's ECF/CM system upon the following this 18th day of May, 2004

| | |
|---|---|
| Thomas Ralph Koustmer<br>1800 Federated Building<br>7 West Seventh Street<br>Cincinnati, OH 45202<br>513.621.3616<br>Attorney For Plaintiffs, David and Martha Ferguson | Michael J. Honerlaw<br>Honerlaw and Honerlaw Co. L.P.A.<br>9227 Winton Road<br>Cincinnati, OH 45231<br>Attorney For Plaintiffs, David and Martha Ferguson |

*/s/ Craig R Paulus*