UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID FERGUSON AND
MARTHA FERGUSON,

        Plaintiffs,

      v.                                                      Case No. C-1-02-039

RYDER SYSTEM, INC., et al.,

        Defendants.

**<u>ORDER</u>**

      This matter is before the Court upon defendants' joint motion for an extension of time (doc. 179) and plaintiffs' motion for an order for defendants to pay interest (doc. 182). Defendants seek an extension of time until May 24, 2004, in which to submit a settlement entry to the Court. Defendants note that the Court directed that a dismissal be entered by May 10, 2004. Defendants assert, however, that the process of verifying each defendant's contribution check as cleared prior to issuing a check to plaintiffs, as necessitated by the ethical requirements governing the handling of client money, has taken longer than defendants anticipated. Defendants assert that the verification process should be completed by no later than May 20, 2004. Defendants therefore request an extension of time until May 24, 2004, in which to file a notice of dismissal.

      In response, plaintiffs state that the case was settled on April 19, 2004, at which time plaintiffs' counsel gave defendants two weeks to deliver a check to plaintiffs' counsel. Plaintiffs

seek interest on the settlement amount from the date the settlement was reached until the date plaintiffs actually receive the funds. Plaintiffs claim that they are entitled to such interest because defendants were explicitly told that they had two weeks to provide the funds to plaintiffs or else the law set forth in ***Hartmann v. Duffey,*** 95 Ohio St.3d 456 (2002) would apply. Plaintiffs also rely on O.R.C. § 1343.03 in support of their request for interest.

In response to plaintiffs' motion for interest, defendants state that the full settlement amount was hand-delivered to plaintiffs' counsel on May 13, 2004, the same day that the contribution checks cleared. Defendants reiterate that the delay was the result of counsels' need to comply with ethical obligations. Defendants assert that plaintiffs still had not executed the Settlement Agreement as of the date of the drafting of defendants' response. Defendants also allege that ***Hartmann*** and § 1343.03(A), on which ***Hartmann*** relies, are inapplicable because the settlement of this case is a matter of federal law, not state law. Finally, defendants note that plaintiffs' request for relief is inconsistent with plaintiffs' allegations because although plaintiffs assert that the settlement funds should have been delivered on May 3, 2004, plaintiffs seek interest beginning April 19, 2004.

Plaintiffs' motion for an order for defendants to pay interest is not well-taken. The law set forth in ***Hartmann*** and O.R.C. § 1343.03 do not apply here. Plaintiffs have cited no other authorities which would support the imposition of interest under the circumstances of this case, and the Court finds that the facts do not justify such relief. Defendants have proffered a legitimate reason for the delay in delivering the settlement funds. Moreover, defendants' delivery of the funds twenty-four days after the parties agreed to a settlement is consistent with this Court's standard practice to allow parties thirty days from the date a settlement agreement is

reached to deliver the settlement funds. Finally, because plaintiffs had not yet executed the Settlement Agreement as of the date defendants filed their response to the motion for interest, plaintiffs cannot be heard to complain about the brief delay in receiving the settlement funds.

In accordance with the foregoing, defendants' joint motion for extension of time (doc. 179) is **GRANTED.** Plaintiffs' motion for an order for defendants to pay interest (doc. 182) is **DENIED.** The parties shall submit an agreed entry of dismissal to the Court within **seven days** of the date of this Order.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\02-39int.wpd